# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**  **2. PLEASE TYPE OR PRINT**  **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Christian Gerold Tarantino v. United States of America | Dist. Court E.D.N.Y. | Seybert |

| | Date the Order or Judgment Appealed from was Entered on the Docket: 05/05/2022 | District Court Docket No.: 2:08-cr-00655-JS (2:16-cv-03770-JS) |
|---|---|---|
| | Date the Notice of Appeal was Filed: 07/04/2022 | Is this a Cross Appeal? ☐ Yes ☑ No |

**Attorney(s) for Appellant(s):**
☑ Plaintiff
☐ Defendant

Counsel's Name: / Address: / Telephone No.: / Fax No.: / E-mail:

Todd G. Scher   1722 Sheridan Street, #346 Hollywood, FL 33020
Tel: 754-263-2349; E-mail: tscher@msn.com

**Attorney(s) for Appellee(s):**
☐ Plaintiff
☐ Defendant

Counsel's Name: / Address: / Telephone No.: / Fax No.: / E-mail:

Charles Rose, USAO, 271-A Cadman Plaza East, Brooklyn, NY 11201
Tel: 631-715-7844; E-mail: Charles.Rose@usdoj.gov

| Has Transcript Been Prepared? n/a | Approx. Number of Transcript Pages: n/a | Number of Exhibits Appended to Transcript: n/a | Has this matter been before this Circuit previously? ☑ Yes ☐ No |
|---|---|---|---|

If Yes, provide the following:

Case Name: Tarantino v. United States of America

2d Cir. Docket No.: 13-1799-cr

Reporter Citation: (i.e., F.3d or Fed. App.) 617 Fed. Appx. 62 (2d Cir. 2015)

***ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

### PART A: JURISDICTION

**1. Federal Jurisdiction**

☑ U.S. a party
☐ Diversity
☐ Federal question (U.S. not a party)
☐ Other (specify): _____

**2. Appellate Jurisdiction**

☑ Final Decision
☐ Interlocutory Decision Appealable As of Right
☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))
☐ Other (specify): _____

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2016)

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

**1. Stage of Proceedings**
- [ ] Pre-trial
- [ ] During trial
- [✔] After trial

**2. Type of Judgment/Order Appealed**
- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [ ] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [✔] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

**3. Relief**
- [ ] Damages:
  - [ ] Sought: $ _____
  - [ ] Granted: $ _____
  - [ ] Denied: $ _____
- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

## PART C: NATURE OF SUIT (Check as many as apply)

**1. Federal Statutes**
- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [✔] Other (specify): 28 U.S.C. 2255
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright □ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**
- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**
- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**
- [ ] Civil Rights
- [✔] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**
- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

**6. General**
- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7. Will appeal raise constitutional issue(s)?**
- [✔] Yes
- [ ] No

Will appeal raise a matter of first impression?
- [ ] Yes
- [✔] No

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____ [✔] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   (A) Arises from substantially the same case or controversy as this appeal? [ ] Yes [✔] No
   (B) Involves an issue that is substantially similar or related to an issue in this appeal? [ ] Yes [✔] No

If yes, state whether □ "A," or □ "B," or □ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Appellant:

Date: July 14, 2022     Signature of Counsel of Record: *Todd C*

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**
1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE LOCAL RULE 12.1.*

**FORM C** (Rev. December 2016)

## Addendum A

## Description of the Nature of the Action

This action involves the appeal from the denial of a motion pursuant to 28 U.S.C. Sec. 2255, relating to criminal convictions in the United States District Court for the Eastern District of New York. Initially, the Appellant will be seeking a Certificate of Appealability on the constitutional issues set forth in Addendum B. The result below was a denial of relief on all issues. The Certificate of Appealability is due to be filed by August 4, 2022.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

**CHRISTIAN GEROLD TARANTINO,**

  **Movant/Petitioner,**

**vs.**

         **Case No.: 2:08-cr-00655-JS**
         **(Case No.: 2:16-cv-03770-JS)**

**UNITED STATES OF AMERICA,**

  **Respondent.**

_____/

## NOTICE OF APPEAL

  **MOVANT/PETITIONER CHRISTIAN GEROLD TARANTINO** herein appeals to the United States Court of Appeals for the Second Circuit from the Memorandum and Order denying his § 2255 Motion and all rulings made in connection with that denial, including his motion for discovery, entered on May 5, 2022 (DE:520) (Order Attached).

         Respectfully submitted,

         /s/ *Todd G. Scher*
         Todd G. Scher
         Florida Bar No. 0899641
         Law Office of Todd G. Scher, P.L.
         1722 Sheridan Street, #346
         Hollywood, FL 33020
         (754) 263-2349 (Tel)
         (754) 263-4147 (Fax)
         tscher@msn.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of July 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel for the Respondent.


*/s/ Todd G. Scher*
Todd G. Scher

7/18/22, 12:15 PM                    Eastern District of New York - LIVE Database 1.6 (Revision 1.6.2)

APPEAL,Johnson,MJSELECT-ARL,NISDP,PROSE

# U.S. District Court
# Eastern District of New York (Central Islip)
## CRIMINAL DOCKET FOR CASE #: 2:08-cr-00655-JS-1

Case title: USA v. Tarantino                     Date Filed: 09/23/2008

Related Case: 2:16-cv-03770-JS                   Date Terminated: 04/26/2013

Assigned to: Judge Joanna Seybert

**Defendant (1)**

**Christian Gerold Tarantino**            represented by   **Eliza Denice Stahl**
*TERMINATED: 04/26/2013*                                   The Law Office of Eliza D. Stahl, P.C.
                                                           1050 Grand Boulevard
                                                           Deer Park, NY 11729
                                                           (631)841-3088
                                                           Fax: (631)841-3089
                                                           Email: eds@stahlfirm.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **John S. Wallenstein**
                                                           John S. Wallenstein, Esq.
                                                           1100 Franklin Avenue
                                                           Suite 100
                                                           Garden City, NY 11530
                                                           516-742-5600
                                                           Fax: 516-742-5040
                                                           Email: jswallensteinesq@aol.com
                                                           *TERMINATED: 07/30/2010*
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*
                                                           *Designation: CJA Appointment*

                                                           **Todd Scher**
                                                           Law Office of Todd G. Scher
                                                           398 E Dania Beach Blvd #300
                                                           Dania Beach, FL 33004
                                                           754-263-2349
                                                           Fax: 754-263-4147
                                                           Email: tscher@msn.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*
                                                           *Designation: Retained*

                                                           **David A. Ruhnke**
                                                           Ruhnke & Barrett, Attorney at Law
                                                           47 Park Street

Montclair, NJ 07042
973-744-1000
Fax: 973-746-1490
Email: davidruhnke@ruhnkeandbarrett.com
*TERMINATED: 07/30/2010*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Diarmuid White**
White & White
148 East 78 Street
New York, NY 10021
(212) 861-9850
Fax: 212-861-9870
Email: diarmuid@whiwhi.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Edward P. Jenks**
332 Willis Avenue
Mineola, NY 11501
516-741-2920
Fax: 516-747-3136
Email: jenksesq@aol.com
*TERMINATED: 03/15/2011*
*ATTORNEY TO BE NOTICED*

**Frank Anthony Doddato**
Law Offices of Frank A. Doddato, PC
666 Old Country Road
Suite 501
Garden City, NY 11530
516-794-3737
Fax: 516-683-8410
Email: fadesq49@aol.com
*TERMINATED: 11/30/2012*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**James R. Froccaro**
20 Vanderventer Avenue
Suite 103W
Port Washington, NY 11050
(516) 944-5062
Fax: 516-944-5066
Email: jrfesq61@aol.com
*TERMINATED: 08/17/2011*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Michael Rosen**
Law Office of Michael Rosen
61 Broadway
Suite 1105

New York, NY 10006
212-742-1717
Fax: 212-248-4068
Email: mrosenlaw@aol.com
*TERMINATED: 08/17/2011*
*ATTORNEY TO BE NOTICED*

**Stephen Rosen**
Stephen H. Rosen, P.A.
100 Almeria Avenue
Suite 205
Coral Gables, FL 33134
305-448-9900
Fax: 305-448-9337
*TERMINATED: 11/30/2012*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Pending Counts | Disposition |
|---|---|
| 18:1512(a)(1)(C), 1512(a)(3)(A),18:1111, 2 and 3551 et seq. MURDER, FIRST DEGREE<br>(2) | Imprisonment: LIFE; Supervised Release: NONE; Special Assessment: $50.00. |

**Highest Offense Level (Opening)**

Felony

| Terminated Counts | Disposition |
|---|---|
| 18:33, 34, 2, 3551, et seq. DESTROY MOTOR VEHICLE OR MOTOR VEHICLE FACILITY<br>(1) | Imprisonment: LIFE; Supervised Release: NONE; Special Assessment: $50.00. |
| 18:1512 (k), 1512 (a)(3)(A), 1111, 2 and 3511 et seq. TAMPER W/WITNESS, VICTIM, INFORMANT (IF DEATH RESULTS)<br>(1r) | Imprisonment: LIFE; Supervised Release: NONE; Special Assessment: $100.00. |
| 18:1512(a)(1)(A),1512(a)(1)(B), 1512(a)(1)(C), 1512 (a)(3)(A), 1111, 2 and 3511 et seq. TAMPER W/WITNESS, VICTIM, INFORMANT (IF DEATH RESULTS)<br>(2r) | Defendant found Not Guilty. |

**Highest Offense Level (Terminated)**

Felony

| Complaints | Disposition |
|---|---|
| None | |

**Plaintiff**

**USA**                                      represented by **Carrie Nicole Capwell**
                                             United States Attorneys Office
                                             610 Federal Plaza
                                             Central Islip, NY 11722
                                             631-715-7836
                                             Fax: (718) 254-6327
                                             Email: carrie.capwell@usdoj.gov
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

                                             **James M. Miskiewicz**
                                             United States Attorneys Office
                                             610 Federal Plaza
                                             Central Islip, NY 11722
                                             631-715-7841
                                             Fax: 631-715-7920
                                             Email: james.miskiewicz@usdoj.gov
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

                                             **Charles N. Rose**
                                             United States Attorneys Office
                                             610 Federal Plaza
                                             Central Islip, NY 11722
                                             631-715-7844
                                             Fax: 631-715-7922
                                             Email: charles.rose@usdoj.gov
                                             *ATTORNEY TO BE NOTICED*

                                             **Sean C Flynn**
                                             U.S. Attorney's Office
                                             271 Cadman Plaza East
                                             Brooklyn, NY 11201
                                             718-254-7000
                                             Fax: 718-254-6076
                                             Email: sean.flynn@usdoj.gov
                                             *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/23/2008 | 1 | SEALED INDICTMENT as to Christian Gerold Tarantino (1) count(s) 1, 2, 3, 4. (Attachments: # 1 Information Sheet, # 2 Calendar Minutes) (Romano, Daniel) Modified on 9/24/2008 (Romano, Daniel). (Additional attachment(s) added on 9/24/2008: # 1 Information Sheet, # 2 Calendar Minutes) (Romano, Daniel). (Entered: 09/23/2008) |
| 09/24/2008 | 2 | MOTION to Unseal Case by USA as to Christian Gerold Tarantino. (Mahon, Cinthia) (Entered: 09/24/2008) |
| 09/24/2008 | 3 | ORDER granting 2 Motion to Unseal Case as to Christian Gerold Tarantino (1). Ordered by Judge Joanna Seybert on 9/24/08. (Mahon, Cinthia) (Entered: 09/24/2008) |
| 09/24/2008 | 4 | Letter *requesting pre-trial detention* as to Christian Gerold Tarantino (Miskiewicz, |

| | | James) (Entered: 09/24/2008) |
|---|---|---|
| 09/24/2008 | 7 | NOTICE OF ATTORNEY APPEARANCE: Attorney James R. Froccaro appearing for Dft Christian Gerold Tarantino. (Valle, Christine) (Entered: 09/30/2008) |
| 09/24/2008 | 8 | Minute Entry for proceedings held before Judge Joanna Seybert: Cr Cause for Arraignment as to Christian Gerold Tarantino (1) held on 9/24/2008. Dft present in custody with retained counsel James Froccaro. Govt: James Miskiewicz. Case called. First Appearance as to Christian Gerold Tarantino held on 9/24/2008. Dft arraigned, waives reading of the Indictment, and enters a Not Guilty Plea to all Charges. Case adjourned for status conference on 11/21/2008 at 2:00PM before Judge Joanna Seybert. Dft continued in custody. Order of detention issued. Speedy trial time excluded through 11/21/08 due to complexity of case and death penalty procedures. Court Reporter: P. Lombardi. (Valle, Christine) (Entered: 09/30/2008) |
| 09/24/2008 | 9 | ORDER OF DETENTION PENDING TRIAL as to Christian Gerold Tarantino. Signed by Judge Joanna Seybert on 9/24/08. (Valle, Christine) (Entered: 09/30/2008) |
| 09/29/2008 | 5 | NOTICE OF ATTORNEY APPEARANCE: James R. Froccaro appearing for Christian Gerold Tarantino (Froccaro, James) (Entered: 09/29/2008) |
| 09/29/2008 | 6 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 09/29/2008) |
| 09/29/2008 | 11 | CJA 30: Appointment of Attorney David A. Ruhnke for Dft Christian Gerold Tarantino in Death Penalty Proceedings as to Dft Christian Gerold Tarantino. Signed by Judge Joanna Seybert on 9/29/08. (Valle, Christine) (Entered: 10/08/2008) |
| 10/02/2008 | 10 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 10/02/2008) |
| 10/21/2008 | 12 | Mail receipt (Froccaro, James) (Entered: 10/21/2008) |
| 10/24/2008 | 13 | Letter *pursuant to Rule 16* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 10/24/2008) |
| 10/28/2008 | | ORDER as to Christian Gerold Tarantino re: 12 (identified on the docket as "Mail receipt", but actually a Letter or Letter Motion). Defense motion is granted to the extent that the Government has complied with such request, as evidenced in its Rule 16 letter dated Octover 24, 2008 13 . If further discovery is sought, defense counsel is directed to notify the Court. Ordered by Judge Joanna Seybert on 10/27/2008. (Baran, Charles) (Entered: 10/28/2008) |
| 11/16/2008 | 14 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 11/16/2008) |
| 11/17/2008 | 15 | Letter *transmitting supplemental discovery* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 11/17/2008) |
| 11/18/2008 | 16 | Letter *re date for submission of mitigation materials to the United States Attorney* as to Christian Gerold Tarantino (Ruhnke, David) (Entered: 11/18/2008) |
| 11/21/2008 | 17 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 11/21/2008. Status Conference set for 5/22/2009 at 11:00am in Courtroom 1030 before Judge Joanna Seybert. (Court Reporter M Steiger) (Baran, Charles) (Entered: 11/21/2008) |
| 12/10/2008 | 18 | Letter *regarding Rule 16 discovery* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 12/10/2008) |
| 01/11/2009 | 20 | CJA 30: Appointment of Attorney John S. Wallenstein for Christian Gerold Tarantino in Death Penalty Proceedings as to Christian Gerold Tarantino. Signed by Judge Joanna Seybert on 1/11/09. (Valle, Christine) (Entered: 01/21/2009) |

| 01/20/2009 | 19 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 01/20/2009) |
| 01/22/2009 | 24 | Letter *responding to 1/20/09 demand for Brady material* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 01/22/2009) |
| 01/26/2009 | 25 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 01/26/2009) |
| 03/24/2009 | 27 | CJA 30: Authorization to Pay David Ruhnke in Death Penalty Proceedings as to Christian Gerold Tarantino - Voucher # 090317000004. Ordered by Judge Joanna Seybert on 3/16/2009. (Rios, Laura) (Entered: 03/24/2009) |
| 04/04/2009 | 28 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 04/04/2009) |
| 04/14/2009 | | NOTICE OF HEARING as to Christian Gerold Tarantino: Status Conference set for 4/22/2009 at 2:30pm in Courtroom 1030 before Judge Joanna Seybert. Mr. Miskiewicz and Mr. Ruhnke have confirmed all counsel's availability by e-mail. (Baran, Charles) (Entered: 04/14/2009) |
| 04/21/2009 | 29 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 04/21/2009) |
| 04/21/2009 | 30 | Letter *responding to defense counsel's discovery demands* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 04/21/2009) |
| 04/22/2009 | 31 | CJA 31: Authorization to Pay Center for Community Alternatives in Death Penalty Proceedings as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 4/7/2009. (Rios, Laura) (Entered: 04/22/2009) |
| 04/22/2009 | 32 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 4/22/2009. Status Conference set for 6/5/2009 at 11:00am in Courtroom 1030 before Judge Joanna Seybert. (Court Reporter P. Auerbach) (Baran, Charles) (Entered: 04/22/2009) |
| 04/22/2009 | | Pursuant to the 4/22/09 e-mail from AUSA Capwell: Attorney update in case as to Christian Gerold Tarantino. Attorney Carrie Nicole Capwell for USA added. (Vaughn, Terry) (Entered: 04/22/2009) |
| 04/23/2009 | 33 | Letter *regarding hair sample notice* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 04/23/2009) |
| 04/24/2009 | 34 | Letter *clarifying notice regarding forensic evidence* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 04/24/2009) |
| 04/27/2009 | 35 | Letter *re mtDNA testing* as to Christian Gerold Tarantino (Attachments: # 1 Atttachment-CV) (Ruhnke, David) (Entered: 04/27/2009) |
| 04/30/2009 | 36 | Letter as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 04/30/2009) |
| 05/04/2009 | | ORDER as to Christian Gerold Tarantino re: 36 Letter. Application GRANTED. Ordered by Judge Joanna Seybert on 5/1/2009. (Baran, Charles) (Entered: 05/04/2009) |
| 05/11/2009 | 37 | Letter *from the government providing supplemental discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 05/11/2009) |
| 05/22/2009 | 39 | Letter *from the government providing supplemental discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 05/22/2009) |
| 06/04/2009 | 40 | Letter *confirming adjournment of status conference* as to Christian Gerold Tarantino (Ruhnke, David) (Entered: 06/04/2009) |
| 06/04/2009 | | ORDER as to Christian Gerold Tarantino re: 40 Letter. Status Conference set for 9/10/2009 at 2:00pm in Courtroom 1030 before Judge Joanna Seybert. Speedy trial time |

| | | |
|---|---|---|
| | | is excluded. Ordered by Judge Joanna Seybert on 6/4/2009. (Baran, Charles) (Entered: 06/04/2009) |
| 06/29/2009 | 42 | Letter *from the government to James Froccaro, Esq. providing supplemental discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 06/29/2009) |
| 07/09/2009 | 43 | CJA 31: Authorization to Pay Ctr for Community Alternatives in Death Penalty Proceedings as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 06/29/2009. (Rios, Laura) (Entered: 07/09/2009) |
| 08/05/2009 | 44 | CJA 31: Authorization to Pay Center for Community Alternatives in Death Penalty Proceedings as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 7/24/2009. (Rios, Laura) (Entered: 08/05/2009) |
| 08/05/2009 | 45 | CJA 30: Authorization to Pay David Ruhnke in Death Penalty Proceedings as to Christian Gerold Tarantino Voucher # 090728000001.. Ordered by Judge Joanna Seybert on 7/24/2009. (Rios, Laura) (Entered: 08/05/2009) |
| 09/02/2009 | 46 | Letter *requesting an adjournment of the September 10, 2009 status conference, on consent of the parties,* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 09/02/2009) |
| 09/06/2009 | 47 | Letter *jointly requesting adjournment of conference* as to Christian Gerold Tarantino (Ruhnke, David) (Entered: 09/06/2009) |
| 09/08/2009 | | ORDER as to Christian Gerold Tarantino re: 46 , 47 Letters: Status Conference adjourned to 11/13/2009 at 2:00pm in Courtroom 1030 before Judge Joanna Seybert. Speedy trial time is excluded. Ordered by Judge Joanna Seybert on 9/8/2009. (Baran, Charles) (Entered: 09/08/2009) |
| 09/20/2009 | 48 | Letter *re status of capital review process* as to Christian Gerold Tarantino (Ruhnke, David) (Entered: 09/20/2009) |
| 09/30/2009 | 49 | CJA 31: Authorization to Pay Center for Community Alternatives in Death Penalty Proceedings as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 9/11/2009. (Rios, Laura) (Entered: 09/30/2009) |
| 10/22/2009 | 50 | CJA 31: Authorization to Pay Innovative Strategists in Death Penalty Proceedings as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 10/19/2009. (Rios, Laura) (Entered: 10/22/2009) |
| 11/09/2009 | 51 | Letter *requesting timetable for capital authorization process* as to Christian Gerold Tarantino (Ruhnke, David) (Entered: 11/09/2009) |
| 11/10/2009 | 52 | Letter as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 11/10/2009) |
| 11/12/2009 | | ORDER as to Christian Gerold Tarantino re: 52 Letter, GRANTING request for adjournment of appearance, with consent of defense. Mr. Ruhnke has further consented to delay the Court's review of a letter recently received from Mr. Tarantino. As the Court is not available on the date requested, COUNSEL SHALL CONFER AND CHOOSE FROM 12/7, 12/8, OR 12/9/2009 AT 2:00PM, and advise chambers. Ordered by Judge Joanna Seybert on 11/12/2009. (Baran, Charles) (Entered: 11/12/2009) |
| 11/25/2009 | 55 | CJA 30: Authorization to Pay David Ruhnke in Death Penalty Proceedings as to Christian Gerold Tarantino Voucher # 091103000007. Ordered by Judge Joanna Seybert on 10/30/2009. (Rios, Laura) (Entered: 11/25/2009) |
| 12/01/2009 | 56 | CJA 31: Authorization to Pay Professional Audio Labs in Death Penalty Proceedings as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 08/29/2009. (Rios, Laura) (Entered: 12/01/2009) |

| 12/08/2009 | 57 | Letter *requesting schedule for capital review process and pre-trial motions* as to Christian Gerold Tarantino (Attachments: # 1 CJA Guideline) (Ruhnke, David) (Entered: 12/08/2009) |
| 12/08/2009 | 58 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 12/8/2009. Status Conference or Oral Argument set for 5/7/2010 at 2:00pm in Courtroom 1030 before Judge Joanna Seybert. Motions to be made by 3/1/2010; Response by Government by 3/31/2010; Reply if any by 4/15/2010. The Court establishes a deadline of 3/31/2010 for a decision by the Justice Dept. re: capital prosecution. (Court Reporter O. Wicker) (Baran, Charles) (Entered: 12/08/2009) |
| 12/14/2009 | 59 | CJA 31: Authorization to Pay Professional Audio Labs in Death Penalty Proceedings as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 11/30/2009. (Rios, Laura) (Entered: 12/14/2009) |
| 12/29/2009 | 60 | Letter from Carrie Capwell to Judge Seybert dated 12/29/09 Re: To request that the Court endorse the enclosed subpoenas pursuant to Rule 17 of the Federal Rules of Criminal Procedure as to Christian Gerold Tarantino. (Valle, Christine) (Entered: 01/11/2010) |
| 02/13/2010 | 68 | Letter *from the government providing supplemental discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 02/13/2010) |
| 02/18/2010 | 69 | Consent MOTION for Extension of Time to File *defendant's pre-trial motions and to extrend response times* by Christian Gerold Tarantino. (Ruhnke, David) (Entered: 02/18/2010) |
| 02/18/2010 | 70 | CJA 30: Authorization to Pay David Ruhnke in Death Penalty Proceedings as to Christian Gerold Tarantino Voucher # 100126000003. Ordered by Judge Joanna Seybert on 1/26/2010. (Rios, Laura) (Entered: 02/18/2010) |
| 02/19/2010 | | ORDER granting 69 Motion for Extension of Time to File as to Christian Gerold Tarantino. Proposed briefing schedule is adopted. Oral Argument is adjourned from 5/7/2010 to 5/21/2010 at 2:00pm. Ordered by Judge Joanna Seybert on 2/19/2010. (Baran, Charles) (Entered: 02/19/2010) |
| 02/19/2010 | | Set/Reset Hearings as to Christian Gerold Tarantino: Oral Argument and Status Conference set for 5/21/2010 at 2:00pm in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 02/19/2010) |
| 02/22/2010 | 71 | Letter *from the government providing supplemental discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 02/22/2010) |
| 02/23/2010 | 72 | CJA 31: Authorization to Pay Center for Community Alternatives in Death Penalty Proceedings as to Christian Gerold Tarantino Voucher #100217000003. Ordered by Judge Joanna Seybert on 2/5/2010. (Rios, Laura) (Entered: 02/23/2010) |
| 03/24/2010 | 73 | CJA 31: Authorization to Pay Center for Community Alternatives in Death Penalty Proceedings as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 3/15/2010. (Rios, Laura) (Entered: 03/24/2010) |
| 03/30/2010 | 74 | Letter *notice regarding decision not to seek capital punishment* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 03/30/2010) |
| 04/05/2010 | 75 | MOTION to Dismiss *and other pretrial motions* by Christian Gerold Tarantino. (Attachments: # 1 Affidavit in Support of Pretrial Motions, # 2 Memorandum in Support of Pretrial Motions) (Froccaro, James) (Entered: 04/05/2010) |
| 04/08/2010 | 76 | CJA 30: Authorization to Pay David Ruhnke in Death Penalty Proceedings as to Christian Gerold Tarantino Voucher # 100329000006. Ordered by Judge Joanna Seybert |

| | | |
|---|---|---|
| | | on 3/29/2010. (Rios, Laura) (Entered: 04/08/2010) |
| 04/27/2010 | 77 | Letter *from the government to the Honorable Joanna Seybert requesting an extension of time to respond to the defendant's pretrial motions* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 04/27/2010) |
| 04/28/2010 | | ORDER as to Christian Gerold Tarantino re: 77 Letter: Proposed briefing schedule is adopted. Oral Argument is adjourned from 5/21/2010 to 7/16/2010 at 2:00pm. Ordered by Judge Joanna Seybert on 4/28/2010. (Baran, Charles) (Entered: 04/28/2010) |
| 05/07/2010 | 78 | CJA 30: Authorization to Pay David Ruhnke, Esq. in Death Penalty Proceedings as to Christian Gerold Tarantino Voucher # 100420000004. Ordered by Judge Joanna Seybert on 4/16/2010. (Fernandez, Erica) (Entered: 05/07/2010) |
| 05/18/2010 | 79 | CJA 31: Authorization to Pay Center for Community Alternatives in Death Penalty Proceedings as to Christian Gerold Tarantino, Voucher # 100513000001. Ordered by Judge Joanna Seybert on 5/7/2010. (Fernandez, Erica) (Entered: 05/18/2010) |
| 06/16/2010 | | NOTICE OF HEARING (DATE CHANGE) as to Christian Gerold Tarantino: Due to a conflict which has arisen in the Court's calendar, the Motion Hearing, previously set for 7/16/2010, is changed to 7/23/2010 at 2:00pm in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 06/16/2010) |
| 06/18/2010 | 80 | CJA 31: Authorization to Pay Innovative Strategists, Inc. in Death Penalty Proceedings as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/18/2010. (Abdallah, Fida) (Entered: 06/18/2010) |
| 06/18/2010 | 81 | MEMORANDUM in Opposition re 75 MOTION to Dismiss *and other pretrial motions* (Miskiewicz, James) (Entered: 06/18/2010) |
| 06/22/2010 | 82 | Letter *responding to supplemental discovery request* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 06/22/2010) |
| 06/27/2010 | 83 | Letter *ADJOURNMENT REQUEST* as to Christian Gerold Tarantino (Froccaro, James) (Entered: 06/27/2010) |
| 07/04/2010 | 84 | Letter *AS TO ADJOURNMENT REQUEST* as to Christian Gerold Tarantino (Froccaro, James) (Entered: 07/04/2010) |
| 07/06/2010 | | ORDER as to Christian Gerold Tarantino re: 83 , 84 Letters. Motion Hearing set for 7/30/2010 at 11:30am in Courtroom 1030 before Judge Joanna Seybert. Ordered by Judge Joanna Seybert on 7/6/2010. (Baran, Charles) (Entered: 07/06/2010) |
| 07/08/2010 | 85 | NOTICE OF ATTORNEY APPEARANCE: Diarmuid White appearing for Christian Gerold Tarantino (White, Diarmuid) (Entered: 07/08/2010) |
| 07/08/2010 | 86 | REPLY TO RESPONSE to Motion re 75 MOTION to Dismiss *and other pretrial motions* (Attachments: # 1 Exhibit Letter to FBI) (White, Diarmuid) (Entered: 07/08/2010) |
| 07/29/2010 | 87 | STATUS REPORT by Christian Gerold Tarantino, Letter *requesting determination re status of appointed counsel* as to Christian Gerold Tarantino (Ruhnke, David) (Entered: 07/29/2010) |
| 07/30/2010 | 88 | Letter *from the government providing supplemental discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 07/30/2010) |
| 07/30/2010 | 89 | Minute Entry for proceedings held before Judge Joanna Seybert: Motion Hearing as to Christian Gerold Tarantino held on 7/30/2010 re: 75 MOTION to Dismiss and other pretrial motions filed by Christian Gerold Tarantino. Argument heard. Decision reserved. Evidentiary Hearing set for 12/13/2010 at 10:00am in Courtroom 1030 before Judge |

| | | |
|---|---|---|
| | | Joanna Seybert. Jury Selection set for 1/18/2011 at 9:30am in Courtroom 1030 before Judge Joanna Seybert. Attorneys Ruhnke and Wallenstein, appointed under C.J.A. for the potential capital defense, are relieved. (Court Reporter S. Picozzi) (Baran, Charles) (Entered: 07/30/2010) |
| 07/30/2010 | | Attorney update in case as to Christian Gerold Tarantino. Attorneys David A. Ruhnke and John S. Wallenstein terminated. (Baran, Charles) (Entered: 07/30/2010) |
| 08/04/2010 | 90 | Letter *from the government to the Honorable Joanna Seybert providing materials requested by the Court at the July 30, 2010 court appearance* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 08/04/2010) |
| 08/06/2010 | 91 | Letter *responding to Government's letter of August 4, 2010 (Document # 90)* as to Christian Gerold Tarantino (White, Diarmuid) (Entered: 08/06/2010) |
| 10/05/2010 | 92 | NOTICE OF ATTORNEY APPEARANCE: Michael Rosen appearing for Christian Gerold Tarantino (Rosen, Michael) (Entered: 10/05/2010) |
| 10/06/2010 | 93 | Letter *from the government providing supplemental discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 10/06/2010) |
| 10/26/2010 | | NOTICE OF HEARING as to Christian Gerold Tarantino: Due to a change in the Court's availability, the Evidentiary Hearing is rescheduled to start 12/20/2010 at 10:00am in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 10/26/2010) |
| 11/03/2010 | 94 | Letter *from the government, dated November 3, 2010, providing supplemental discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 11/03/2010) |
| 11/08/2010 | 95 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 11/08/2010) |
| 11/08/2010 | | Pursuant to the 11/8/10 e-mail from AUSA Flynn: Attorney update in case as to Christian Gerold Tarantino. Attorney Sean C Flynn for USA added. (Vaughn, Terry) (Entered: 11/08/2010) |
| 11/09/2010 | | NOTICE OF HEARING as to Christian Gerold Tarantino: Status Conference re: Letter 95 set for 11/12/2010 at 11:30am in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 11/09/2010) |
| 11/12/2010 | 96 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 11/12/2010. Evidentiary Hearing set for 12/20/2010 at 10:00am in Courtroom 1030 before Judge Joanna Seybert. Jury Selection set for 1/25/2011 at 9:30am (questionnaires) and 2/1/2011 at 9:30am (voir dire) in Courtroom 1030 before Judge Joanna Seybert. All pretrial deadlines delayed two weeks. (Court Reporter E. Combs) (Baran, Charles) (Entered: 11/12/2010) |
| 11/29/2010 | 97 | Letter *REGARDING DEFENSE DISCOVERY ISSUES* as to Christian Gerold Tarantino (Froccaro, James) (Entered: 11/29/2010) |
| 11/29/2010 | 98 | Letter *from the government to the Hon. Joanna Seybert, dated November 29, 2010, moving in limine for the introduction of evidence at trial, in the government's case-in-chief, of other crimes and bad acts committed by the defendant* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 11/29/2010) |
| 12/01/2010 | 99 | Letter *re: U.S. In Limine Motions and Suppression Issue* as to Christian Gerold Tarantino (White, Diarmuid) (Entered: 12/01/2010) |
| 12/02/2010 | 100 | Letter *(copy) correcting 2 typographical errors in Document # 99* as to Christian Gerold Tarantino (White, Diarmuid) (Entered: 12/02/2010) |
| 12/03/2010 | 101 | Letter *dated December 3, 2010 from the government to defense counsel providing name* |

| | | |
|---|---|---|
| | | *of individual who might have information helpful to the defense* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 12/03/2010) |
| 12/06/2010 | [102](#) | Letter *regarding 12/20/10 Mastrangelo hearing* as to Christian Gerold Tarantino (White, Diarmuid) (Entered: 12/06/2010) |
| 12/07/2010 | [103](#) | MOTION to Quash *Defense Subpoena Duces Tecum to Nassau County District Attorney's Office* by USA as to Christian Gerold Tarantino. (Miskiewicz, James) (Entered: 12/07/2010) |
| 12/08/2010 | [104](#) | Second MOTION to Quash *Defense Subpoena Duces Tecum* by USA as to Christian Gerold Tarantino. (Miskiewicz, James) (Entered: 12/08/2010) |
| 12/08/2010 | [105](#) | Letter *from the government, dated December 8, 2010, responding to the defendant's November 29, 2010 discovery demands* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 12/08/2010) |
| 12/09/2010 | [106](#) | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 12/09/2010) |
| 12/09/2010 | [107](#) | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 12/09/2010) |
| 12/10/2010 | [108](#) | Letter *from the government, dated December 10, 2010, providing supplemental discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 12/10/2010) |
| 12/13/2010 | [109](#) | Letter *dated December 13, 2010, from the government, requesting, on consent of the parties, that the Court sign the attached proposed order pertaining to 3500 material* as to Christian Gerold Tarantino (Attachments: # [1](#) Proposed Order) (Capwell, Carrie) (Entered: 12/13/2010) |
| 12/13/2010 | [110](#) | Letter *responding to Government's In Limine submission* as to Christian Gerold Tarantino (Attachments: # [1](#) Exhibit A Handwriting analysis report, # [2](#) Exhibit B Ballistics analysis report) (White, Diarmuid) (Entered: 12/13/2010) |
| 12/13/2010 | [111](#) | MOTION in Limine *and Memorandum of Law in Support of the Admission of Statements Pursuant to U.S. v. Mastrangelo and Fed.R.Evid. 804(b)(6)* by USA as to Christian Gerold Tarantino. (Miskiewicz, James) (Entered: 12/13/2010) |
| 12/13/2010 | [112](#) | ORDER as to CHRISTIAN GEROLD TARANTINO - 1. All 18 U.S.C. 3500 material and copies thereof shall be returned to the Government at the close of trial. 2. The defendant and defense counsel are prohibited from disclosing or disseminating any Section 3500 material or copies thereof to anyone other than the defendant, his counsel, or investigators or staff assisting defense counsel. Any such staff shall be informed of, and shall be bound by, the entirety of this Order. 3. The defendant is prohibited from taking Section 3500 material, or copies thereof, into any jail facility, or possessing such material or copies in any such facility, except when reviewing the material in the presence of his defense counsel or staff assisting defense counsel. Signed by Senior Judge Joanna Seybert on 12/13/2010. (Coleman, Laurie) Modified on 12/15/2010 to reflect that the Order herein was signed by Judge Seybert and not Judge Spatt as previously indicated. (Coleman, Laurie). (Entered: 12/14/2010) |
| 12/14/2010 | [113](#) | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 12/14/2010) |
| 12/14/2010 | [114](#) | Letter *from the government, dated December 14, 2010, opposing defendant's request to be transferred to the Nassau County Jail* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 12/14/2010) |
| 12/14/2010 | [115](#) | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 12/14/2010) |
| 12/15/2010 | [116](#) | MEMORANDUM AND ORDER denying in part [75](#) Motion to Dismiss as to Christian Gerold Tarantino. The Court will resolve all outstanding discovery requests and disputes |

| | | |
|---|---|---|
| | | separately. ( Ordered by Judge Joanna Seybert on 12/15/2010.) c/m c/ecf (Fagan, Linda) (Entered: 12/16/2010) |
| 12/16/2010 | | NOTICE OF HEARING as to Christian Gerold Tarantino: Status Conference set for 12/17/2010 at 2:00pm in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 12/16/2010) |
| 12/17/2010 | 117 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 12/17/2010. Evidentiary Hearing set for 2/14/2011 at 10:00am in Courtroom 1030 before Judge Joanna Seybert. Jury Selection (questionnaires completed) set for 3/14/2011 at 9:30am in Courtroom 1030 before Judge Joanna Seybert. Jury Selection (start of voir dire) set for 3/21/2011 at 9:30am in Courtroom 1030 before Judge Joanna Seybert. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 12/20/2010) |
| 12/20/2010 | | NOTICE OF HEARING as to Christian Gerold Tarantino (DATE CHANGES): The Jury Selection schedule established at the 12/17/2010 conference is amended by one day as follows: Completion of questionnaires set for Tue. 3/15/2011 at 9:30am before Judge Joanna Seybert. Start of voir dire set for Tue. 3/22/2011 at 9:30am in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 12/20/2010) |
| 12/22/2010 | 118 | Letter *from the government, dated December 22, 2010, providing supplemental discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 12/22/2010) |
| 12/23/2010 | 119 | Letter *from the government, dated December 23, 2010, providing supplemental discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 12/23/2010) |
| 12/23/2010 | 120 | Letter *from the government, dated December 23, 2010, providing the defendant with expert witness notice* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 12/23/2010) |
| 12/30/2010 | 126 | Letter *responding Daubert issues raised by letter of 12/13/10* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 12/30/2010) |
| 12/31/2010 | 127 | Letter *dated December 31, 2010 replying to defense letter dated December 13, 2010 regarding government's motion in limine to admit evidence of other crimes and acts* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 12/31/2010) |
| 01/05/2011 | 134 | Letter *regarding Memorandum and Order filed 12/15/10* as to Christian Gerold Tarantino (White, Diarmuid) (Entered: 01/05/2011) |
| 01/05/2011 | 135 | PRETRIAL MEMORANDUM *Government's Motion and Memorandum of Law in Support of its Motion for an Anonymous Jury* as to Christian Gerold Tarantino (Flynn, Sean) (Entered: 01/05/2011) |
| 01/06/2011 | 136 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 01/06/2011) |
| 01/07/2011 | 137 | Letter *objecting to anonymous jury* as to Christian Gerold Tarantino (White, Diarmuid) (Entered: 01/07/2011) |
| 01/07/2011 | 138 | Letter *from the government to defense counsel, dated January 7, 2011, providing supplemental discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 01/07/2011) |
| 01/13/2011 | 139 | Letter *from the government, dated January 13, 2011, regarding sealed Court Order dated January 3, 2011* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 01/13/2011) |
| 01/13/2011 | 140 | AFFIDAVIT by USA as to Christian Gerold Tarantino. (Valle, Christine) (Entered: 01/18/2011) |
| | | |

| 01/19/2011 | 141 | Letter *from the government, dated January 19, 2011, providing additional 3500 exhibits to defense counsel* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 01/19/2011) |
| 01/19/2011 | 142 | ORDER as to Christian Gerold Tarantino Re: 139 Letter - Application GRANTED. So Ordered by Judge Joanna Seybert on 1/19/2011. C/ECF (Valle, Christine) (Entered: 01/20/2011) |
| 01/20/2011 | 144 | Letter *from the United States concerning submission of proposed juror questionnaire* as to Christian Gerold Tarantino (Flynn, Sean) (Entered: 01/20/2011) |
| 01/21/2011 | 145 | MEMORANDUM & ORDER - Pending before the Court is the Governments January 5, 2011 motion for an anonymous jury. For substantially the same reasons set forth in its motion, the Governments request is GRANTED. The Government outlined strong reasons why extra precautions are warranted in this case, including that the Defendant is allegedly responsible for two obstruction of justice murders, one of which was allegedly committed by an associate acting on the Defendants behalf. The Defendant is facing a life sentence, and his present incarceration is no guarantee that he will not attempt to obstruct justice through contacts outside of jail. See, e.g., United States v. Gotti, 459 F.3d 296, 345-46 (2d Cir. 2006). The Court will empanel an anonymous jury, taking care to safeguard the Defendants constitutional right to a fair and impartial trial. See id. The names, addresses and places of employment of prospective jurors will not be revealed to either the parties or their attorneys. The Jury Questionnaire will advise prospective jurors of the anonymous nature of the jury, direct them not to discuss their potential jury service, and explain that these precautions are commonly taken to shield prospective jurors from unwanted attention that sometimes accompanies high-profile prosecutions. See United States v. Thai, 29 F.3d 785, 801 (2d Cir.1994). The jury will also park and enter the courthouse apart from the general public. From the time each juror survives any challenges for cause and peremptory challenges, the jurors will be directed to park their vehicles in the federal employee parking lot and to enter and exit the courthouse using the employee entrance. The Court understands that the United States Marshals Service can accommodate these special procedures; the Government is directed to alert the Marshals Service to this Order. Also, inasmuch as they will share a parking lot during the trial, the prosecutors and case agents assigned to this matter are advised to take special care to avoid contact with the jurors. Signed by Judge Joanna Seybert on 1/21/2011. (Coleman, Laurie) (Coleman, Laurie) (Entered: 01/21/2011) |
| 01/27/2011 | 146 | Letter *requesting closing Mastrangelo hearing to press and public* as to Christian Gerold Tarantino (White, Diarmuid) (Entered: 01/27/2011) |
| 01/27/2011 | 147 | Letter *(corrected) requesting closing Mastrangelo hearing to press and public* as to Christian Gerold Tarantino (White, Diarmuid) (Entered: 01/27/2011) |
| 01/31/2011 | 148 | Letter *from the government, dated January 31, 2011, providing summaries of expert witness testimony* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 01/31/2011) |
| 01/31/2011 | 149 | Letter *from the government, dated January 31, 2011, providing supplemental 3500 material for the February 14, 2011 Mastrangelo hearing, as well as supplemental Rule 16 discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 01/31/2011) |
| 01/31/2011 | 150 | Letter *from the government, dated January 31, 2011, providing supplemental 3500 as to witness G.F.* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 01/31/2011) |
| 02/03/2011 | 151 | Letter as to Christian Gerold Tarantino (Rosen, Michael) (Entered: 02/03/2011) |
| 02/03/2011 | 152 | Letter *from the government, dated February 3, 2011, opposing the defendant's request for an adjournment of the Mastrangelo hearing and trial* as to Christian Gerold Tarantino |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit) (Capwell, Carrie) (Entered: 02/03/2011) |
| 02/03/2011 | 153 | Letter as to Christian Gerold Tarantino (Rosen, Michael) (Entered: 02/03/2011) |
| 02/04/2011 | 154 | MEMORANDUM & ORDER - Pending before the Court is the Defendant's request for a three-week adjournment to review consensual body recordings made by a cooperating witness under the FBI's supervision (Docket Entry 151). For the reasons set forth herein, the Defendant's request for an adjournment is DENIED as to Christian Gerold Tarantino. So Ordered by Judge Joanna Seybert on 2/4/2011. C/ECF (Valle, Christine) (Entered: 02/04/2011) |
| 02/07/2011 | 155 | Letter *from the government, dated February 7, 2011, providing supplemental 3500 and Rule 16 materials* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 02/07/2011) |
| 02/07/2011 | 156 | Letter *in opposition to defendant's motion to close the Mastrangelo hearing* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 02/07/2011) |
| 02/08/2011 | 157 | Letter *replying to Government's opposition to closure* as to Christian Gerold Tarantino (White, Diarmuid) (Entered: 02/08/2011) |
| 02/08/2011 | 158 | MEMORANDUM & ORDER as to Christian Gerold Tarantino - For the reasons set forth herein, the Defendant's request to bar the press and public from the upcoming Mastrangelo hearing is DENIED. So Ordered by Judge Joanna Seybert on 2/8/11. C/ECF (Valle, Christine) (Entered: 02/09/2011) |
| 02/10/2011 | 159 | Letter *re: sealing Mastrangelo decision* as to Christian Gerold Tarantino (White, Diarmuid) (Entered: 02/10/2011) |
| 02/11/2011 | 164 | MEMORANDUM & ORDER - In accordance with the discussion herein, the Court will produce the Gargiulo psychiatric records to both parties at Monday's hearing. Also at Monday's hearing, the Government shall produce (1) paragraphs 5, 6, and 7 on page four of Peter Pistone's pre-sentence report; (2) the names of individuals who supplied information for Peter Pistone's pre-sentence report; and (3) the Information to which Peter Pistone pled guilty. The Fatato family court records will not be disclosed. So Ordered by Judge Joanna Seybert on 2/11/2011. C/ECF (Valle, Christine) (Entered: 02/11/2011) |
| 02/12/2011 | 165 | Letter *from the government, dated February 12, 2011, providing Brady material* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 02/12/2011) |
| 02/13/2011 | 166 | Letter *motion opposing defendant's anticipated request to delay cross examination of government witness Robert Schelhorn, FBI* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 02/13/2011) |
| 02/13/2011 | 167 | Letter *RESPONSE* as to Christian Gerold Tarantino (Rosen, Michael) (Entered: 02/13/2011) |
| 02/14/2011 | 168 | Letter *from the government, dated February 14, 2011, providing Giglio material* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 02/14/2011) |
| 02/14/2011 | 169 | Letter *AMENDED, from the government, dated February 14, 2011, providing Giglio material* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 02/14/2011) |
| 02/14/2011 | 170 | Minute Entry for proceedings held before Judge Joanna Seybert:Evidentiary (Mastrangelo) Hearing as to Christian Gerold Tarantino held on 2/14/2011. (Court Reporters E. Combs; H. Rapaport) (Baran, Charles) (Entered: 02/14/2011) |
| 02/15/2011 | 171 | Letter *from the government, dated February 15, 2011, providing Giglio material* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 02/15/2011) |

| | | |
|---|---|---|
| 02/15/2011 | <u>172</u> | Letter *from the government, dated February 15, 2011, providing plea agreement of Joseph Pistone* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 02/15/2011) |
| 02/15/2011 | <u>173</u> | Minute Entry for proceedings held before Judge Joanna Seybert:Evidentiary Hearing as to Christian Gerold Tarantino held on 2/15/2011. (Court Reporters E. Combs, H. Rapaport) (Baran, Charles) (Entered: 02/15/2011) |
| 02/16/2011 | <u>174</u> | Minute Entry for proceedings held before Judge Joanna Seybert:Evidentiary Hearing as to Christian Gerold Tarantino held on 2/16/2011. (Court Reporters E. Combs, H. Rapaport) (Baran, Charles) (Entered: 02/16/2011) |
| 02/17/2011 | <u>175</u> | Minute Entry for proceedings held before Judge Joanna Seybert:Evidentiary Hearing as to Christian Gerold Tarantino held on 2/17/2011. Hearing to resume 2/22/2011 at 10:00am. (Court Reporters E. Combs, P. Auerbach) (Baran, Charles) (Entered: 02/17/2011) |
| 02/22/2011 | <u>176</u> | Minute Entry for proceedings held before Judge Joanna Seybert: Evidentiary Hearing as to Christian Gerold Tarantino held on 2/22/2011. (Court Reporters E. Combs; P. Auerbach) (Baran, Charles) (Entered: 02/22/2011) |
| 02/23/2011 | <u>177</u> | Minute Entry for proceedings held before Judge Joanna Seybert: Evidentiary Hearing as to Christian Gerold Tarantino held on 2/23/2011. Hearing concludes. Decision reserved. (Court Reporter E. Combs) (Baran, Charles) (Entered: 02/23/2011) |
| 02/23/2011 | <u>178</u> | Letter *regarding Government Exhibit KM1* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 02/23/2011) |
| 02/27/2011 | <u>179</u> | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 02/27/2011) |
| 03/01/2011 | <u>180</u> | Letter as to Christian Gerold Tarantino (Rosen, Michael) (Entered: 03/01/2011) |
| 03/01/2011 | <u>181</u> | Letter as to Christian Gerold Tarantino (Rosen, Michael) (Entered: 03/01/2011) |
| 03/01/2011 | <u>182</u> | Letter *opposing request for trial delay* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 03/01/2011) |
| 03/01/2011 | <u>183</u> | Letter as to Christian Gerold Tarantino (Rosen, Michael) (Entered: 03/01/2011) |
| 03/02/2011 | <u>184</u> | Minute Entry for proceedings held before Judge Joanna Seybert:Telephone Conference as to Christian Gerold Tarantino held on 3/2/2011. Adjournment request (docket entry <u>180</u> ) denied. (Court Reporters P. Lombardi, P. Auerbach) (Baran, Charles) (Entered: 03/02/2011) |
| 03/08/2011 | <u>186</u> | Letter *from the government, dated March 7, 2011, providing additional 3500 material and a list of 3500 exhibits* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 03/08/2011) |
| 03/10/2011 | <u>187</u> | Letter as to Christian Gerold Tarantino (Rosen, Michael) (Entered: 03/10/2011) |
| 03/11/2011 | <u>188</u> | Minute Entry for proceedings held before Judge Joanna Seybert:Status Conference as to Christian Gerold Tarantino held on 3/11/2011. (Court Reporter P. Auerbach) (Baran, Charles) (Entered: 03/11/2011) |
| 03/11/2011 | <u>190</u> | MEMORANDUM & ORDER as to Christian Gerold Tarantino - Pending before the Court are the Defendant's February 27, 2011 objections to the Government's proposed jury questionnaire. The proposed questionnaire has been modified to strike "related" in the first paragraph of the "Summary of the Charges," and the Court has added a question asking whether testimony that the Defendant's previous incarceration would cause potential jurors to be biased. (Question 47) The Defendant also asks the Court to add "or lack thereof" after "evidence" in Questions 48 and 58 (in the Government's original |

|  |  | proposed questionnaire). Question 48 (now 49) recites the jury oath and will not be modified. Question 58 (now 59) did not contain the word evidence. The Court has inserted "or lack thereof" after "evidence" in the newly-numbered Questions 48, 50 and 60.So Ordered by Judge Joanna Seybert on 3/11/11. C/ECF (Valle, Christine) (Entered: 03/15/2011) |
|---|---|---|
| 03/13/2011 | 189 | Letter *from the government, dated March 13, 2011, requesting a Curcio hearing* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 03/13/2011) |
| 03/14/2011 |  | NOTICE OF HEARING as to Christian Gerold Tarantino: Status Conference/Curcio inquiry re: Letter 189 set for 3/16/2011 at 1:45pm in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 03/14/2011) |
| 03/14/2011 |  | NOTICE OF HEARING as to Christian Gerold Tarantino: Status Conference/Curcio inquiry is changed to 3/15/2011 at 10:30am in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 03/14/2011) |
| 03/15/2011 | 191 | CJA 20 as to Christian Gerold Tarantino: Appointment of Attorney Edward P. Jenks for Christian Gerold Tarantino for the limited purpose of Curcio inquiry. Ordered by Judge Joanna Seybert on 3/15/2011. (Baran, Charles) (Entered: 03/15/2011) |
| 03/15/2011 | 192 | Minute Entry for proceedings held before Judge Joanna Seybert: Curcio hearing held. After consultation with Mr. Jenks, the defendant, under oath, waives any conflict under Curcio. The Court accepts the waiver. (Court Reporter P. Auerbach) (Baran, Charles) (Entered: 03/15/2011) |
| 03/15/2011 |  | Attorney update in case as to Christian Gerold Tarantino. Attorney Edward P. Jenks terminated. (Baran, Charles) (Entered: 03/15/2011) |
| 03/15/2011 | 193 | Letter *from the government, dated March 15, 2011, providing supplemental 3500 materials and Rule 16 discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 03/15/2011) |
| 03/17/2011 | 194 | Minute Entry for proceedings held before Judge Joanna Seybert:Telephone Conference as to Christian Gerold Tarantino held on 3/17/2011. (Court Reporters P. Auerbach, H. Rapaport) (Baran, Charles) (Entered: 03/17/2011) |
| 03/22/2011 | 195 | Minute Entry for proceedings held before Judge Joanna Seybert:Voir Dire held on 3/22/2011 as to Christian Gerold Tarantino, to resume 3/23/2011 at 10:00am. (Court Reporters H. Rapaport; S. Picozzi) (Baran, Charles) (Entered: 03/22/2011) |
| 03/23/2011 | 196 | Minute Entry for proceedings held before Judge Joanna Seybert: Voir Dire and Jury Selection as to Christian Gerold Tarantino held on 3/23/2011. Jury Trial set for 3/28/2011 at 10:00am in Courtroom 1030 before Judge Joanna Seybert. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 03/23/2011) |
| 03/23/2011 | 197 | MEMORANDUM & ORDER as to Christian Gerold Tarantino - Based on the foregoing, the Government's motion in limine to admit evidence of uncharged crimes and prior bad acts is GRANTED IN PART AND DENIED IN PART. The Defendant's motion to preclude the Government's ballistics and handwriting expert testimony is DENIED. So Ordered by Judge Joanna Seybert on 3/23/11. C/ECF (Valle, Christine) (Entered: 03/24/2011) |
| 03/24/2011 | 198 | Letter *from the government, dated March 23, 2011, providing supplemental discovery and Section 3500 materials* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 03/24/2011) |
| 03/24/2011 | 199 | MOTION in Limine by USA as to Christian Gerold Tarantino. (Miskiewicz, James) (Entered: 03/24/2011) |

| | | |
|---|---|---|
| 03/24/2011 | | ORDER. Upon the Government's representation that its email system is not functioning, the Court provided AUSA Capwell a copy by hand of the decision 197 on the Government's Rule 404(b) motion. At that time, the Government requested until Saturday, March 26, 2011 to respond to the Defendant's letter dated February 7, 2011 (the "McKeon motion"). The Government shall respond, if at all, to the McKeon motion by noon on Friday, March 25, 2011. The Defendant shall reply, if at all, by noon on Saturday, March 26, 2011. Ordered by Judge Joanna Seybert on 3/24/2011. (Curley, John) (Entered: 03/24/2011) |
| 03/24/2011 | 201 | MEMORANDUM & ORDER as to Christian Gerold Tarantino - Pending before the Court is the Government's March 22, 2011 on-the-record request that the Court issue a preliminary ruling on the authenticity of a tape recording (the "Gargiulo Tape") that the Government contends is a secretly-recorded conversation between the Defendant Christian Tarantino and Vincent Gargiulo, one of Tarantino's alleged victims. Subject to its introduction of evidence during trial concerning the integrity of the micro-cassette and the identity of the speakers, the Government may reference the Gargiulo Tape in its opening statement. So Ordered by Judge Joanna Seybert on 3/24/2011. (Valle, Christine) (Entered: 03/24/2011) |
| 03/24/2011 | 202 | Minute Entry for proceedings held before Judge Joanna Seybert: Motion Hearing as to Christian Gerold Tarantino held on 3/24/2011 settling 199 Motion in Limine.(Court Reporter O. Wicker) (Baran, Charles) (Entered: 03/24/2011) |
| 03/27/2011 | 205 | MEMORANDUM & ORDER as to Christian Gerold Tarantino - For the reasons set forth herein, the Defendant's motion to admit Mr. Conway's and Pistone's statements during Pistone's plea proceeding is GRANTED to the extent that he may introduce those statements to show that the Government once believed Pistone's information about the Dorval murder was truthful and that the Government's evidence supported Pistone's version of the killing. So Ordered by Judge Joanna Seybert on 3/27/11. C/ECF (Valle, Christine) (Entered: 03/28/2011) |
| 03/28/2011 | 206 | Minute Entry for proceedings held before Judge Joanna Seybert: Additional Voir Dire and Jury Selection as to Christian Gerold Tarantino held on 3/28/2011. Jury Trial as to Christian Gerold Tarantino commenced on 3/28/2011. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 03/28/2011) |
| 03/29/2011 | 207 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 3/29/2011. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 03/29/2011) |
| 03/30/2011 | 208 | CJA 31: Authorization to Pay Innovative Strategists in Death Penalty Proceedings as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 2/10/2011. (Rios, Laura) (Entered: 03/30/2011) |
| 03/30/2011 | 209 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 3/30/2011. Trial to resume 4/4/2011 at 9:30am. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 03/30/2011) |
| 04/04/2011 | 210 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 4/4/2011. (Court Reporters O. Wicker, S. Picozzi, M. Steiger) (Baran, Charles) (Entered: 04/04/2011) |
| 04/05/2011 | 211 | CJA 31: Authorization to Pay Center for Community Alternatives in Death Penalty Proceedings as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 1/31/2011. (Rios, Laura) (Entered: 04/05/2011) |
| 04/05/2011 | 212 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 4/5/2011. (Court Reporter H. Rapaport) (Baran, Charles |

| | | |
|---|---|---|
| | | (Entered: 04/05/2011) |
| 04/05/2011 | 213 | Letter *regarding subpoena to Melvyn K. Roth Esq.* as to Christian Gerold Tarantino (Attachments: # 1 Exhibit Subpoena) (Miskiewicz, James) (Entered: 04/05/2011) |
| 04/06/2011 | 218 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 4/6/2011. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 04/07/2011) |
| 04/07/2011 | 217 | ORDER OF TRANSPORTATION of jurors as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 4/7/2011. (Baran, Charles) (Entered: 04/07/2011) |
| 04/07/2011 | 219 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 4/7/2011. Defendant out sick; trial to resume 4/11/2011 at 9:30am. (Court Reporter H. Rapaport.) (Baran, Charles) (Entered: 04/07/2011) |
| 04/08/2011 | | ORDER. The Defendant's renewed motion to suppress the Gargiulo Tape on Title III grounds is DENIED. A written decision will follow. The Defendant's request for an evidentiary hearing is also DENIED. The Defendant has not indicated, using 3500 material, witness affidavits, or otherwise, that a hearing on this issue is warranted. Trial shall resume on Monday morning as scheduled. Ordered by Judge Joanna Seybert on 4/8/2011. (Curley, John) (Entered: 04/08/2011) |
| 04/10/2011 | 220 | Letter *motion seeking to admit certain statements during testimony of witness James Contacessa* as to Christian Gerold Tarantino (Flynn, Sean) (Entered: 04/10/2011) |
| 04/11/2011 | 221 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 4/11/2011. Trial to resume 4/20/2011 at 9:30am. (Court Reporter H. Rapaport) (Baran, Charles) (Main Document 221 replaced on 4/11/2011) (Baran, Charles). (Entered: 04/11/2011) |
| 04/19/2011 | 223 | MEMORANDUM AND ORDER. The Defendant's renewed motion to suppress the Gargiulo Tape on Title III grounds is DENIED. Ordered by Judge Joanna Seybert on 4/19/2011. (c/ECF) (Nohs, Bonnie) (Entered: 04/19/2011) |
| 04/20/2011 | 224 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 4/20/2011. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 04/20/2011) |
| 04/21/2011 | 225 | CJA 20 as to Christian Gerold Tarantino: Authorization to Pay Edward Jenks. Voucher # 110406000213.. Ordered by Judge Joanna Seybert on 4/5/2011. (Rios, Laura) (Entered: 04/21/2011) |
| 04/21/2011 | 226 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 4/21/2011. Trial to resume 4/25/2011 at 9:30am. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 04/21/2011) |
| 04/25/2011 | 227 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 4/25/2011. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 04/25/2011) |
| 04/25/2011 | 229 | ORDER - Subpoena to Testify issued to Andrew Carino as to Defendant Christian Gerold Tarantino. So Ordered by Judge Joanna Seybert on 4/25/11. (Valle, Christine) (Entered: 04/27/2011) |
| 04/25/2011 | 230 | ORDER - Subpoena issued to ATT Corp as to Defendant Christian Gerold Tarantino. So Ordered by Judge Joanna Seybert on 4/25/11. (Valle, Christine) (Entered: 04/27/2011) |
| 04/25/2011 | 237 | ORDER - Subpoena to Testify issued to Oliver Storch, Esq. as to Defendant Christian Gerold Tarantino. So Ordered by Judge Joanna Seybert on 4/25/11. (Valle, Christine) |

| | | (Entered: 05/05/2011) |
|---|---|---|
| 04/26/2011 | 228 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 4/26/2011. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 04/26/2011) |
| 04/27/2011 | 231 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 4/27/2011. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 04/27/2011) |
| 04/29/2011 | 232 | Letter *from the government to the Hon. Joanna Seybert, requesting that the proposed jury charge be amended* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 04/29/2011) |
| 04/29/2011 | 233 | Letter *Goverment's REQUESTS TO CHARGE, dated and originally submitted on April 22, 2011* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 04/29/2011) |
| 05/02/2011 | 234 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 5/2/2011. Defense counsel Mr. Froccaro out sick; trial adjourned. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 05/02/2011) |
| 05/02/2011 | | NOTICE OF HEARING as to Christian Gerold Tarantino: Due to counsel's health condition, the trial will not meet Tuesday 5/3/2011. (Baran, Charles) (Entered: 05/02/2011) |
| 05/04/2011 | 235 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/4/2011. (Baran, Charles) (Entered: 05/04/2011) |
| 05/04/2011 | 236 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 5/4/2011. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 05/04/2011) |
| 05/05/2011 | 238 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/5/2011. (Baran, Charles) (Entered: 05/05/2011) |
| 05/05/2011 | 239 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 5/5/2011. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 05/05/2011) |
| 05/06/2011 | 240 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/6/2011. (Baran, Charles) (Entered: 05/06/2011) |
| 05/06/2011 | 241 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 5/6/2011. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 05/06/2011) |
| 05/09/2011 | 242 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/9/2011. (Baran, Charles) (Entered: 05/09/2011) |
| 05/09/2011 | 243 | Minute Entry for proceedings held before Judge Joanna Seybert: Jury Trial as to Christian Gerold Tarantino held on 5/9/2011. (Court Reporters H. Rapaport, D. Tursi) (Baran, Charles) (Entered: 05/09/2011) |
| 05/10/2011 | 244 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/10/2011. (Baran, Charles) (Entered: 05/10/2011) |
| 05/10/2011 | 245 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 5/10/2011. (Court Reporters D. Tursi, H. Rapaport) (Baran, Charles) (Entered: 05/10/2011) |
| 05/11/2011 | 246 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge |

| | | Joanna Seybert on 5/11/2011. (Baran, Charles) (Entered: 05/11/2011) |
|---|---|---|
| 05/11/2011 | 247 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 5/11/2011. (Court Reporter D. Tursi) (Baran, Charles) (Entered: 05/11/2011) |
| 05/12/2011 | 248 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/12/2011. (Baran, Charles) (Entered: 05/12/2011) |
| 05/12/2011 | 249 | Minute Entry for proceedings held before Judge Joanna Seybert: Jury Trial as to Christian Gerold Tarantino held on 5/12/2011. Trial to resume 5/16/2011 at 9:30am. (Court Reporters H. Rapaport, O. Wicker) (Baran, Charles) (Entered: 05/12/2011) |
| 05/16/2011 | 250 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/16/2011. (Baran, Charles) (Entered: 05/16/2011) |
| 05/16/2011 | 251 | Minute Entry for proceedings held before Judge Joanna Seybert: Jury Trial as to Christian Gerold Tarantino held on 5/16/2011. (Court Reporters S. Picozzi, O. Wicker) (Baran, Charles) (Entered: 05/16/2011) |
| 05/17/2011 | 252 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/17/2011. (Baran, Charles) (Entered: 05/17/2011) |
| 05/17/2011 | 253 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 5/17/2011. (Court Reporters S. Picozzi, O. Wicker) (Baran, Charles) (Entered: 05/17/2011) |
| 05/18/2011 | 254 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/18/2011. (Baran, Charles) (Entered: 05/18/2011) |
| 05/18/2011 | 255 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 5/18/2011 (Court Reporter S. Picozzi) (Baran, Charles) (Entered: 05/18/2011) |
| 05/19/2011 | 256 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/19/2011. (Baran, Charles) (Entered: 05/19/2011) |
| 05/19/2011 | 257 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 5/19/2011. Trial to resume 5/23/2011 at 9:30am. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 05/19/2011) |
| 05/23/2011 | 258 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/23/2011. (Baran, Charles) (Entered: 05/23/2011) |
| 05/23/2011 | 259 | Minute Entry for proceedings held before Judge Joanna Seybert: Cr Cause for Jury Trial as to Christian Gerold Tarantino held on 5/23/2011 at 9:30AM. Defendant Tarantino present in custody with retained counsel James Froccaro; Michael Rosen. Govt: Carrie Capwell; James Miskiewicz; Sean Flynn. Case called. Jury deliberates. Jury renders verdict of Guilty on Counts 1 and 2. Jury cannot render a verdict on Counts 3 and 4. Jury Selection and Trial set for 8/1/2011 at 9:30AM before Judge Joanna Seybert. Defendant continued in custody. Defense motions due within 30 days. Govt response due within 2 weeks thereafter. Court Reporter E. Combs. (Valle, Christine) (Entered: 05/26/2011) |
| 05/23/2011 | 260 | WITNESS and EXHIBIT LIST by USA, Christian Gerold Tarantino. (Valle, Christine) (Entered: 05/26/2011) |
| 05/23/2011 | 261 | COURT EXHIBITS 1-21 as to Christian Gerold Tarantino. (Valle, Christine) (Entered: 05/26/2011) |
| 05/23/2011 | 262 | JURY VERDICT as to Christian Gerold Tarantino (1) Guilty on Count 1, 2. (Valle, |

| | | |
|---|---|---|
| | | Christine) (Entered: 05/26/2011) |
| 05/23/2011 | | Update Disposition Information: Christian Gerold Tarantino (1), Count(s) 3, 4, Jury cannot render a verdict; Mistrial. (Valle, Christine) (Entered: 05/26/2011) |
| 05/23/2011 | | Procedural Interval start as to Christian Gerold Tarantino. (Valle, Christine) (Entered: 05/26/2011) |
| 05/23/2011 | | JS-3 Closing Information (Mahon, Cinthia) (Entered: 06/02/2011) |
| 06/10/2011 | | NOTICE OF HEARING as to Christian Gerold Tarantino: Status Conference set for 6/16/2011 at 11:00am in Courtroom 1030 before Judge Joanna Seybert, for the Court to consider counsel's request for alternate trial dates. (Baran, Charles) (Entered: 06/10/2011) |
| 06/16/2011 | 263 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 6/16/2011. Jury Selection set for 9/12/2011 or 11/28/2011 at 9:30am (depending on Judge Johnson's trial) in Courtroom 1030 before Judge Joanna Seybert. Defendants post-trial motion now due 6/29/2011. Government response due 7/13/2011. (Court Reporter P. Auerbach) (Baran, Charles) (Entered: 06/16/2011) |
| 06/22/2011 | 264 | PRETRIAL MEMORANDUM *Government's Motion for an Anonymous Jury* as to Christian Gerold Tarantino (Flynn, Sean) (Entered: 06/22/2011) |
| 06/29/2011 | 265 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 06/29/2011) |
| 06/30/2011 | | ORDER GRANTING 265 . The Defendant's time to file Rule 33 motions, if any, is extended through July 8, 2011. The Government's time to oppose is extended through July 22, 2011. Ordered by Judge Joanna Seybert on 6/30/2011. (Curley, John) (Entered: 06/30/2011) |
| 07/30/2011 | 266 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 07/30/2011) |
| 07/31/2011 | 267 | Letter *CORRECTED RULE 33* as to Christian Gerold Tarantino (Froccaro, James) (Entered: 07/31/2011) |
| 08/08/2011 | 268 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 08/08/2011) |
| 08/09/2011 | | NOTICE OF HEARING as to Christian Gerold Tarantino: Status Conference re: Letter 268 set for 8/17/2011 at 1:30pm in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 08/09/2011) |
| 08/10/2011 | 269 | Letter *dated August 10, 2011 from the government to the Honorable Joanna Seybert requesting an extension of time to respond to defendant's Rule 33 motion* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 08/10/2011) |
| 08/11/2011 | | ORDER GRANTING 269 Request for Additional Time. The Government's time to respond to the Defendant's Rule 33 motion is extended at least through Wednesday, August 17. The Court will consider whether a further extension is warranted at Wednesday's conference, but the Government shall be prepared to file its response on that date. Ordered by Judge Joanna Seybert on 8/11/2011. (Curley, John) (Entered: 08/11/2011) |
| 08/15/2011 | 275 | NOTICE OF ATTORNEY APPEARANCE: Attorney Stephen Rosen appearing for Defendant Christian Gerold Tarantino. (Valle, Christine) (Entered: 08/24/2011) |
| 08/15/2011 | 276 | NOTICE OF ATTORNEY APPEARANCE: Attorney Frank Anthony Doddato appearing for Defendant Christian Gerold Tarantino. (Valle, Christine) (Entered: 08/24/2011) |
| 08/15/2011 | 277 | Letter from Stephen H. Rosen to Judge Seybert dated 8/15/11 Re: To advise the Court that attorney Frank Doddato and Stephen H. Rosen have been retained to represent |

| | | |
|---|---|---|
| | | Christian G. Tarantino in the upcoming trial resulting from the mistrial upon Counts 3 and 4 of the Indictment and replace present counsel who have moved to withdraw; to advise that counsel seeks to enter an appearance for the trial only, and not for any possible appeal as to Christian Gerold Tarantino. (Valle, Christine) (Entered: 08/24/2011) |
| 08/17/2011 | 270 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 8/17/2011. Jury Selection set for 1/3/2012 at 9:30am in Courtroom 1030 before Judge Joanna Seybert. Government response to defendant's post-trial motion to be filed today. Defense reply due 8/29/2011. Application by prior defense counsel Froccaro and Michael Rosen (docket entry 268 ) to be relieved is granted. (Court Reporter D. Tursi) (Baran, Charles) (Entered: 08/17/2011) |
| 08/17/2011 | | Attorney update in case as to Christian Gerold Tarantino. Attorneys James R. Froccaro and Michael Rosen terminated. (Baran, Charles) (Entered: 08/17/2011) |
| 08/17/2011 | 271 | Letter *dated August 17, 2011, from the government to the Honorable Joanna Seybert in opposition to the defendant's motion to vacate his conviction on Count 2, pursuant to Rule 33* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 08/17/2011) |
| 08/24/2011 | 272 | Letter as to Christian Gerold Tarantino (Rosen, Stephen) (Entered: 08/24/2011) |
| 08/24/2011 | 273 | NOTICE OF ATTORNEY APPEARANCE: Stephen Rosen appearing for Christian Gerold Tarantino (Rosen, Stephen) (Entered: 08/24/2011) |
| 08/24/2011 | 274 | Letter MOTION for Extension of Time to File Response/Reply as to 271 Letter by Christian Gerold Tarantino. (Rosen, Stephen) (Entered: 08/24/2011) |
| 08/25/2011 | | ORDER GRANTING 274 Motion for Extension of Time to File Response/Reply as to Christian Gerold Tarantino. Defendant's reply is due on or before September 12, 2011. Ordered by Judge Joanna Seybert on 8/25/2011. (Curley, John) (Entered: 08/25/2011) |
| 09/12/2011 | 278 | REPLY TO RESPONSE to Motion re 274 Letter MOTION for Extension of Time to File Response/Reply as to 271 Letter (Rosen, Stephen) (Entered: 09/12/2011) |
| 10/06/2011 | 280 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 10/6/2011. Status Conference set for 11/10/2011 at 11:30am in Courtroom 1030 before Judge Joanna Seybert. (Court Reporter HR) (Baran, Charles) (Entered: 10/06/2011) |
| 10/17/2011 | 281 | Letter *Anonymous Jury* as to Christian Gerold Tarantino (Rosen, Stephen) (Entered: 10/17/2011) |
| 10/21/2011 | 282 | Letter *Government's Reply to the Defendant's Opposition to the Empanelment of an Anonymous Jury* as to Christian Gerold Tarantino (Flynn, Sean) (Entered: 10/21/2011) |
| 11/07/2011 | 284 | Letter MOTION to Disqualify Counsel *Miskiewicz* by Christian Gerold Tarantino. (Attachments: # 1 Exhibit) (Rosen, Stephen) (Entered: 11/07/2011) |
| 11/07/2011 | 285 | Amended MOTION to Disqualify Counsel *Miskiewicz* by Christian Gerold Tarantino. (Attachments: # 1 Exhibit) (Rosen, Stephen) (Entered: 11/07/2011) |
| 11/10/2011 | 287 | Letter *motion from the United States seeking order from the Court: scheduling Rule 32 proceedings; and permitting the admission of judgment and commitment order concerning counts one and two* as to Christian Gerold Tarantino (Flynn, Sean) (Entered: 11/10/2011) |
| 11/10/2011 | 288 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 11/10/2011. Government response to defense motion [284/285] is due 11/15/2011. Defense reply is due 11/21/2011. Defense opposition to |

Eastern District of New York - LIVE Database 1.6 (Revision 1.6.2)

| | | |
|---|---|---|
| | | Government letter/motion 287 is due 12/1/2011. (Court Reporter MS) (Baran, Charles) (Entered: 11/10/2011) |
| 11/15/2011 | 289 | MEMORANDUM in Opposition re 284 Letter MOTION to Disqualify Counsel *Miskiewicz*, 285 Amended MOTION to Disqualify Counsel *Miskiewicz* (Miskiewicz, James) (Entered: 11/15/2011) |
| 11/20/2011 | 290 | REPLY TO RESPONSE to Motion re 285 Amended MOTION to Disqualify Counsel *Miskiewicz* (Rosen, Stephen) (Entered: 11/20/2011) |
| 11/22/2011 | 291 | MEMORANDUM & ORDER denying 284 Motion to Disqualify Counsel as to Christian Gerold Tarantino (1); denying 285 Motion to Disqualify Counsel as to Christian Gerold Tarantino (1). The Court Orders the following: Defendant's motions to disqualify AUSA Miskiewicz (Docket Entries 284 & 285) are DENIED; the Government's request to preclude Defendant from offering the minutes from Joseph Pistone's plea proceeding (Docket Entry 289) is DENIED WITHOUT PREJUDICE; and if either party intends to move in limine concerning Defendant's ability to re-litigate the Baumgardt or Dorval murders, it shall do so by December 1, 2011. So Ordered by Judge Joanna Seybert on 11/22/2011. C/ECF (Valle, Christine) (Entered: 11/22/2011) |
| 11/23/2011 | 292 | EXHIBIT Re: 289 Memorandum, by USA as to Christian Gerold Tarantino. (Valle, Christine) (Entered: 11/30/2011) |
| 12/01/2011 | 293 | Letter MOTION in Limine by Christian Gerold Tarantino. (Rosen, Stephen) (Entered: 12/01/2011) |
| 12/02/2011 | 294 | Letter *to memorialize discovery issues* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 12/02/2011) |
| 12/05/2011 | 295 | Letter *Reply Concerning United States' Motion Seeking Order from the Court: Scheduling Rule 32 Proceedings; and Permitting the Admission of Judgment and Commitment Order Concerning Counts One and Two* as to Christian Gerold Tarantino (Flynn, Sean) (Entered: 12/05/2011) |
| 12/08/2011 | 296 | MEMORANDUM AND ORDER granting 293 Motion in Limine. For the foregoing reasons, the Government's motion (Docket Entry 287) is DENIED. The Defendant's motion (Docket Entry 293) is GRANTED to the extent that collateral estoppel does not prevent him from contesting his role in the Baumgardt and Dorval murders at the retrial. So Ordered by Judge Joanna Seybert on 12/8/2011. C/ECF (Valle, Christine) (Entered: 12/08/2011) |
| 12/09/2011 | 297 | Letter *dated December 9, 2011 from the government to the Hon. Joanna Seybert regarrding the Juror Questionnaire* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 12/09/2011) |
| 12/13/2011 | 298 | First MOTION to Compel *Production of Original Tape* by Christian Gerold Tarantino. (Attachments: # 1 Exhibit, # 2 Exhibit) (Rosen, Stephen) (Entered: 12/13/2011) |
| 12/15/2011 | 299 | RESPONSE in Opposition re 298 First MOTION to Compel *Production of Original Tape and Renewed 404(b) notice* (Attachments: # 1 Exhibit) (Miskiewicz, James) (Entered: 12/15/2011) |
| 12/15/2011 | 300 | Minute Entry for proceedings held before Judge Joanna Seybert: Telephone Conference as to Christian Gerold Tarantino held on 12/15/2011, granting 298 Motion to Compel as to Christian Gerold Tarantino. (Court Reporter PL) (Baran, Charles) (Entered: 12/15/2011) |
| 12/16/2011 | 301 | Minute Entry for proceedings held before Judge Joanna Seybert: Telephone Conference as to Christian Gerold Tarantino held on 12/16/2011. (Court Reporter HR) (Baran, |

| | | Charles) (Entered: 12/16/2011) |
|---|---|---|
| 12/21/2011 | 303 | Letter *preliminary findings experts* as to Christian Gerold Tarantino (Rosen, Stephen) (Entered: 12/21/2011) |
| 12/23/2011 | 304 | Letter *regarding trial scheduling* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 12/23/2011) |
| 12/27/2011 | | ORDER DENYING the Government's application 304 to set January 17, 2012 as the date for opening statements. Opening statements and the Government's case-in-chief shall begin immediately following jury selection. Ordered by Judge Joanna Seybert on 12/27/2011. (Curley, John) (Entered: 12/27/2011) |
| 12/28/2011 | 305 | Letter *Providing Supplemental Rule 16 discovery* as to Christian Gerold Tarantino (Attachments: # 1 Exhibit) (Miskiewicz, James) (Entered: 12/28/2011) |
| 12/30/2011 | 306 | Letter MOTION to Exclude *Audio Tape* by Christian Gerold Tarantino. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit) (Rosen, Stephen) (Entered: 12/30/2011) |
| 01/04/2012 | 307 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 1/4/2012. Status Conference set for 1/6/2012 at 10:30am in Courtroom 1030 before Judge Joanna Seybert. (Court Reporter PA) (Baran, Charles) (Entered: 01/04/2012) |
| 01/05/2012 | 308 | Letter *filing government chrnology referenced at status conference* as to Christian Gerold Tarantino (Attachments: # 1 Exhibit Government's Chronology) (Miskiewicz, James) (Entered: 01/05/2012) |
| 01/05/2012 | 309 | Minute Entry for proceedings held before Judge Joanna Seybert:Status Conference as to Christian Gerold Tarantino held on 1/5/2012. (Court Reporter PA) (Baran, Charles) (Entered: 01/05/2012) |
| 01/06/2012 | 310 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 1/6/2012. Discovery deadlines placed on the record. Evidentiary Hearing set for 2/27/2012 at 10:00am in Courtroom 1030 before Judge Joanna Seybert. Jury selection & trial rescheduled to 4/3/2012 (Questionnaires completed); 4/10/2012 at 10:00am (voir dire). Prospective jurors who completed questionnaires on 1/3/2012 are excused. (Court Reporter PA) (Baran, Charles) (Entered: 01/06/2012) |
| 01/06/2012 | 311 | Letter *scheduling retrival of reciprocal discovery per the Court's Order from Paul Ginsberg, Tom Owen and Norman Dotti* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 01/06/2012) |
| 01/11/2012 | 312 | Minute Entry for proceedings held before Judge Joanna Seybert: Telephone Conference as to Christian Gerold Tarantino held on 1/11/2012. Discovery rulings issued. (Court Reporter HR) (Baran, Charles) (Entered: 01/11/2012) |
| 01/12/2012 | 313 | Letter *from the United States requesting the issuance of a Subpoena* as to Christian Gerold Tarantino (Flynn, Sean) (Entered: 01/12/2012) |
| 01/12/2012 | 314 | Letter *requesting that the Court Order prior counsel to produce copies of the Gargiulo tape in their possession, custody or control* as to Christian Gerold Tarantino (Attachments: # 1 Proposed order) (Miskiewicz, James) (Entered: 01/12/2012) |
| 01/18/2012 | 315 | Minute Entry for proceedings held before Judge Joanna Seybert: Telephone Conference as to Christian Gerold Tarantino held on 1/18/2012. Discovery rulings placed on the record. Order to be issued. (Court Reporter HR) (Baran, Charles) (Entered: 01/18/2012) |
| 01/19/2012 | 316 | ORDER as to 314 Letter. Prior Counsel David Ruhnke and John Wallenstein are to |

| | | |
|---|---|---|
| | | produce to Chambers no later than 5 p.m., Jan. 30th, any and all copies in their custody, possession and control of the audio recording known as the Gargiulo micro-cassette audio tape, as made from the original by audio consultant, Paul Ginsberg of Professional Audio Labs, on or about July 7, 2009. Ordered by Judge Joanna Seybert on 1/19/2012. (c/ECF) (Nohs, Bonnie) (Entered: 01/19/2012) |
| 01/19/2012 | 317 | ORDER - SUBPOENA TO TESTIFY issued to Custodian of Records, Nassau County University Medical Center as to Christian Gerold Tarantino. So Ordered by Judge Joanna Seybert on 1/19/12. (Valle, Christine) (Entered: 01/20/2012) |
| 01/20/2012 | | ORDER. The Court is in receipt of a DVD from defense counsel that contains audio and document files and a letter indicating that defense counsel believes some of these files are privileged. Defense counsel is directed to submit, by 5:00 p.m. on Monday, January 23, 2012, a privilege log indicating which files he believes are privileged and the basis for asserting the privilege. Defense counsel may submit the log by email to the undersigned's law clerk for the Court's in camera review. Ordered by Judge Joanna Seybert on 1/20/2012. (Curley, John) (Entered: 01/20/2012) |
| 01/24/2012 | 318 | ORDER. A district court employee will copy the five files at 11:00 a.m. on Friday, January 27, 2012. Representatives from the Government and/or the Defendant may be present at the copying and should contact chambers on Friday morning to be escorted to the correct office. Because of an apparent technical glitch, the Court is unable to copy the sixth audio file, labeled "Transcribe version." Defense counsel is directed to copy this file onto a disc and produce it to the Government by Friday morning. Ordered by Judge Joanna Seybert on 1/24/2012. (c/ECF) (Nohs, Bonnie) (Entered: 01/24/2012) |
| 01/25/2012 | 319 | Letter *transdmitting materials in compliance with order of 1/19/2012* as to Christian Gerold Tarantino (Ruhnke, David) (Entered: 01/25/2012) |
| 02/01/2012 | 320 | Letter *Reconsideration of Disqualification of Prosecutor* as to Christian Gerold Tarantino (Rosen, Stephen) (Entered: 02/01/2012) |
| 02/01/2012 | 321 | Letter *Demand for Reciprocal Discovery* as to Christian Gerold Tarantino (Rosen, Stephen) (Entered: 02/01/2012) |
| 02/01/2012 | | ORDER. The Court is in receipt of nine discs that were produced by Defendant's former counsel pursuant to the Court's January 19, 2012 Order. The Court has reviewed the pertinent sections and directs the following: The Government shall pick up the discs from Chambers and make two sets of copies--one for current Defense counsel and one for itself--and return the discs to Chambers. Ordered by Judge Joanna Seybert on 2/1/2012. (Curley, John) (Entered: 02/01/2012) |
| 02/14/2012 | 324 | Letter *in opposition to defendant's motion to reconsider denial of disqualification of government counsel, and in opposition for discovery* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 02/14/2012) |
| 02/15/2012 | 325 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 2/15/2012. Evidentiary Hearing set for 2/27/2012 at 10:00am in Courtroom 1030 before Judge Joanna Seybert. Court denies defense motions (filed as letters 320 and 321 ) on the record. Defendant's pre-hearing brief, as described on the record, due 2/22/2012. (Court Reporter HR) (Baran, Charles) (Entered: 02/15/2012) |
| 02/22/2012 | 326 | ORDER. In anticipation of the upcoming evidentiary hearing, the Court directs that counsel for both parties shall stop copying the undersigned's staff on emails to each other and the Government shall make its expert, Kenneth Marr, available to testify beginning on Monday, February 27, 2012. Ordered by Judge Joanna Seybert on 2/22/2012. (c/ECF) (Nohs, Bonnie) (Entered: 02/22/2012) |

| 02/22/2012 | 327 | Letter *Brief Audio Tape* as to Christian Gerold Tarantino (Rosen, Stephen) (Entered: 02/22/2012) |
| 02/22/2012 | 328 | MOTION to Quash *Ginsberg Subpoena* by Christian Gerold Tarantino. (Attachments: # 1 Exhibit) (Rosen, Stephen) (Entered: 02/22/2012) |
| 02/24/2012 |  | ORDER DENYING WITHOUT PREJUDICE 328 Motion to Quash. The Defendant's motion to quash is denied without prejudice to renew. The Court will hear both parties' positions on Monday morning, including whether there is a substantial need for Ginsberg's testimony. Defense counsel is advised that Mr. Ginsberg is required to appear on Monday. Ordered by Judge Joanna Seybert on 2/24/2012. (Curley, John) (Entered: 02/24/2012) |
| 02/24/2012 | 329 | MEMORANDUM in Opposition re 328 MOTION to Quash *Ginsberg Subpoena*, 306 Letter MOTION to Exclude *Audio Tape* (Attachments: # 1 Exhibit Partial annotated transcript) (Miskiewicz, James) (Entered: 02/24/2012) |
| 02/27/2012 | 330 | Minute Entry for proceedings held before Judge Joanna Seybert: Evidentiary Hearing as to Christian Gerold Tarantino held on 2/27/2012. Court reaffirms denial of Motion 328 . (Court Reporter HR) (Baran, Charles) (Entered: 02/27/2012) |
| 02/28/2012 | 332 | Minute Entry for proceedings held before Judge Joanna Seybert: Evidentiary Hearing as to Christian Gerold Tarantino held on 2/28/2012. (Court Reporter HR) (Baran, Charles) (Entered: 02/28/2012) |
| 02/29/2012 | 333 | Minute Entry for proceedings held before Judge Joanna Seybert: Evidentiary Hearing as to Christian Gerold Tarantino held and completed on 2/29/2012. Post-hearing briefs to be filed by 3/7/2012 (defense) and 3/14/2012 (Government). Jury selection scheduled for 4/3/2012 (questionnaires completed). Defense consents to jury selection by Mag. Judge Lindsay: 4/6/2012 for Judge Lindsay to resolve any issues over juror questionnaires and 4/10/2012 at 10:00am for start of voir dire. Trial rescheduled to 4/23/2012 at 10:00am. (Court Reporter HR) (Baran, Charles) (Entered: 02/29/2012) |
| 03/07/2012 | 337 | PRETRIAL MEMORANDUM *IN SUPPORT OF MOTION TO EXCLUDE* as to Christian Gerold Tarantino (Rosen, Stephen) (Entered: 03/07/2012) |
| 03/14/2012 | 338 | Letter *from the United States in Opposition to the Defendant's Motion to Exclude* as to Christian Gerold Tarantino (Flynn, Sean) (Entered: 03/14/2012) |
| 03/19/2012 | 339 | NOTICE of Subpoena to Testify to Metropolitan Detention Center; Attn: Walter Obando on 3/19/12 as to Defendant Christian Gerold Tarantino. (Valle, Christine) (Entered: 03/23/2012) |
| 03/26/2012 | 341 | ORDER denying 306 Motion to Exclude as to Christian Gerold Tarantino (1). Having considered the parties' briefs and the evidence adduced at the recent evidentiary hearing, the Court DENIES the Defendant's motion to exclude the Gargiulo Tape (Docket Entry 306). A written opinion will follow. Additionally, the Court received the two flash drives that Tom Owen, one of the Defendant's audio experts, referenced in his hearing testimony. The Government may pick the drives up from Chambers. So Ordered by Judge Joanna Seybert on 3/26/12. C/ECF (Valle, Christine) (Entered: 03/27/2012) |
| 03/27/2012 | 342 | Letter *motion of the United States seeking a pretrial order from the Court declaring certain business records to be self-authenticating and admissible at trial* as to Christian Gerold Tarantino (Flynn, Sean) (Entered: 03/27/2012) |
| 03/29/2012 | 344 | Letter *regarding juror questionnaires* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 03/29/2012) |
| 04/04/2012 | 345 | Letter *Defendant's Objection In Part To DE # 342* as to Christian Gerold Tarantino |

| | | |
|---|---|---|
| | | (Rosen, Stephen) (Entered: 04/04/2012) |
| 04/09/2012 | 346 | Letter *regarding early disclosure of additional 3500 material and additional government exhibits* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 04/09/2012) |
| 04/09/2012 | 347 | Letter *from the Government to the Hon. Joanna Seybert, dated April 9, 2012, moving in limine for the introduction of evidence at trial, in the Government's case-in-chief, of other crimes and bad acts committed by the defendant* as to Christian Gerold Tarantino (Flynn, Sean) (Entered: 04/09/2012) |
| 04/10/2012 | 361 | Minute Entry for proceedings held before Magistrate Judge Arlene R. Lindsay: Cr Cause for Voir Dire held on 4/10/2012 as to Christian Gerold Tarantino; Jury Selection as to Christian Gerold Tarantino held on 4/10/2012. Case called. Counsel for all sides present. Jury selection held. Jury Selection to continue on 4/11/2012 at 10:00AM before Magistrate Judge Arlene R. Lindsay. Court Reporter: Harry Rapaport. (Valle, Christine) (Entered: 04/30/2012) |
| 04/11/2012 | 362 | Minute Entry for proceedings held before Magistrate Judge Arlene R. Lindsay: Cr Cause for Jury Trial as to Christian Gerold Tarantino held on 4/11/2012. Case called. Counsel for all sides present. Jury selection held. Court Reporter: Harry Rapaport. (Valle, Christine) (Entered: 04/30/2012) |
| 04/18/2012 | 350 | Letter *Response 404B* as to Christian Gerold Tarantino (Rosen, Stephen) (Entered: 04/18/2012) |
| 04/19/2012 | 356 | MOTION in Limine *to Suppress Illegal Interception* by Christian Gerold Tarantino. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit) (Rosen, Stephen) (Entered: 04/19/2012) |
| 04/19/2012 | 378 | Writ of Habeas Corpus ad Testificandum Issued as to Leshan Campbell for 5/7/12 in case as to Christian Gerold Tarantino. (Valle, Christine) (Entered: 05/11/2012) |
| 04/20/2012 | 357 | MEMORANDUM in Opposition re 356 MOTION in Limine *to Suppress Illegal Interception and Government's Motions In Limine for Admission of Evidence and Exclusion of Evidence* (Miskiewicz, James) (Entered: 04/20/2012) |
| 04/23/2012 | 358 | ORDER OF TRANSPORTATION for jurors as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 4/23/2012. (Baran, Charles) (Entered: 04/23/2012) |
| 04/23/2012 | 359 | CJA 23 Financial Affidavit by Christian Gerold Tarantino. (Valle, Christine) (Entered: 04/26/2012) |
| 04/23/2012 | 363 | Minute Entry for proceedings held before Judge Joanna Seybert: Cr Cause for Jury Trial as to Christian Gerold Tarantino held on 4/23/2012 at 9:30AM. Defendant present in custody with retained counsel Frank Doddato; Stephen Rosen. Govt: Sean Flynn; James Miskiewicz. Case called. Jury sworn. Opening statements. Witness(es) called. Defendant continued in custody. Jury Trial set for 4/24/2012 at 9:30AM before Judge Joanna Seybert. Court Reporter: H. Rapaport. (Valle, Christine) (Entered: 04/30/2012) |
| 04/24/2012 | 364 | Minute Entry for proceedings held before Judge Joanna Seybert: Cr Cause for Jury Trial as to Christian Gerold Tarantino held on 4/24/2012 at 9:30AM. Defendant present in custody with retained counsel Frank Doddato; Stephen Rosen. Govt: Sean Flynn; James Miskiewicz. Case called. Witness(es) called. Defendant continued in custody. Jury Trial set for 4/25/2012 at 9:30 AM before Judge Joanna Seybert. Court Reporter: Harry Rapaport. (Valle, Christine) (Entered: 04/30/2012) |
| 04/25/2012 | 365 | Minute Entry for proceedings held before Judge Joanna Seybert: Cr Cause for Jury Trial as to Christian Gerold Tarantino held on 4/25/2012 at 9:30AM. Defendant present in |

Eastern District of New York - LIVE Database 1.6 (Revision 1.6.2)

| | | |
|---|---|---|
| | | custody with retained counsel Frank Doddato; Stephen Rosen. Govt: Sean Flynn; James Miskiewicz. Case called. Witness(es) called. Defendant continued in custody. Jury Trial set for 4/26/2012 at 9:30AM before Judge Joanna Seybert. Court Reporter: Harry Rapaport. (Valle, Christine) (Entered: 04/30/2012) |
| 04/26/2012 | 366 | Minute Entry for proceedings held before Judge Joanna Seybert:Cr Cause for Jury Trial as to Christian Gerold Tarantino held on 4/26/2012 at 9:30AM. Defendant present in custody with retained counsel Frank Doddato; Stephen Rosen. Govt: Sean Flynn; James Miskiewicz. Case called. Witness(es) called. Defendant continued in custody. Jury Trial to resume 4/30/2012 at 9:30AM before Judge Joanna Seybert. Court Reporter: Harry Rapaport. (Valle, Christine) (Entered: 04/30/2012) |
| 04/27/2012 | 360 | MEMORANDUM & ORDER - This Memorandum & Order memorializes the Court's on-the- record rulings on the Government's motion to admit evidence of Defendant Christian Tarantino's uncharged criminal activity and bad acts. (Docket Entry 347.) The foregoing are the rulings of the Court. They are without prejudice to the Defendant's ability to renew a cumulativeness objection. The Court invites the Defendant to request limiting instructions where appropriate. So Ordered by Judge Joanna Seybert on 4/27/2012. C/ECF (Valle, Christine) (Entered: 04/27/2012) |
| 04/30/2012 | 367 | Minute Entry for proceedings held before Judge Joanna Seybert: Jury Trial as to Christian Gerold Tarantino held on 4/30/2012. (Court Reporters OW, SP, HR) (Baran, Charles) (Entered: 04/30/2012) |
| 05/01/2012 | 368 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 5/1/2012. (Court Reporters OW, HR) (Baran, Charles) (Entered: 05/01/2012) |
| 05/02/2012 | 369 | Minute Entry for proceedings held before Judge Joanna Seybert: Jury Trial as to Christian Gerold Tarantino held on 5/2/2012. (Court Reporters OW, SP, HR) (Baran, Charles) (Entered: 05/02/2012) |
| 05/03/2012 | 370 | Minute Entry for proceedings held before Judge Joanna Seybert: Jury Trial as to Christian Gerold Tarantino held on 5/3/2012. Trial to resume 5/7/2012 at 9:15am. (Court Reporters OW, SP, HR) (Baran, Charles) (Entered: 05/03/2012) |
| 05/07/2012 | 371 | Minute Entry for proceedings held before Judge Joanna Seybert: Jury Trial as to Christian Gerold Tarantino held on 5/7/2012. (Court Reporters OW, HR) (Baran, Charles) (Entered: 05/07/2012) |
| 05/07/2012 | 373 | Redacted Indictment as to Christian Gerold Tarantino (1): Former count 3 is now count 1r. Former count 4 is now count 2r. (Mahon, Cinthia) (Entered: 05/09/2012) |
| 05/08/2012 | 372 | Minute Entry for proceedings held before Judge Joanna Seybert: Jury Trial as to Christian Gerold Tarantino held on 5/8/2012. (Court Reporter OW) (Baran, Charles) (Entered: 05/08/2012) |
| 05/09/2012 | 374 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/9/2012. (Baran, Charles) (Entered: 05/09/2012) |
| 05/09/2012 | 375 | Minute Entry for proceedings held before Judge Joanna Seybert: Jury Trial as to Christian Gerold Tarantino held on 5/9/2012. Presentation of evidence concludes. (Court Reporter HR) (Baran, Charles) (Entered: 05/09/2012) |
| 05/10/2012 | 376 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/10/2012. (Baran, Charles) (Entered: 05/10/2012) |
| 05/10/2012 | 377 | Minute Entry for proceedings held before Judge Joanna Seybert: Jury Trial as to Christian Gerold Tarantino held on 5/10/2012. Trial to resume 5/14/2012 at 9:30am. (Court |

| | | |
|---|---|---|
| | | Reporter HR) (Baran, Charles) (Entered: 05/10/2012) |
| 05/11/2012 | 380 | Supplemental Request to Charge Jury Instructions by USA as to Christian Gerold Tarantino. (Valle, Christine) (Entered: 05/18/2012) |
| 05/14/2012 | 379 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/14/2012. (Baran, Charles) (Entered: 05/14/2012) |
| 05/14/2012 | 381 | Minute Entry for proceedings held before Judge Joanna Seybert: Cr Cause on Jury Trial as to Christian Gerold Tarantino held on 5/14/2012 at 9:30AM. Defendant present in custody with retained counsel Frank Doddato; Stephen Rosen. Govt: Sean Flynn; James Miskiewicz. Case called. Jury deliberates. JURY RENDERS VERDICT OF GUILTY ON COUNT 1r AND NOT GUILTY ON COUNT 2r. Sentence date set for 8/17/2012 at 10:00AM before Judge Joanna Seybert. Probation notified. Defendant continued in custody. Other: Defense post-trial motion due 5/29/12. Government response due 6/12/12. Court Reporter: H. Rapaport. (Valle, Christine) (Entered: 05/18/2012) |
| 05/14/2012 | | JURY VERDICT as to Christian Gerold Tarantino (1) Guilty on Count 1r; Not Guilty on Count 2r. (Valle, Christine) (Entered: 05/18/2012) |
| 05/14/2012 | 382 | COURT EXHIBITS 1-11 by USA as to Christian Gerold Tarantino. (Valle, Christine) (Entered: 05/18/2012) |
| 05/14/2012 | 383 | WITNESS & EXHIBIT LIST by USA, Christian Gerold Tarantino as to Christian Gerold Tarantino. (Valle, Christine) (Entered: 05/18/2012) |
| 05/24/2012 | 385 | Letter MOTION for Extension of Time to File *Post Trial Motions* by Christian Gerold Tarantino. (Rosen, Stephen) (Entered: 05/24/2012) |
| 05/25/2012 | | ORDER GRANTING 385 Motion for Extension of Time to File as to Christian Gerold Tarantino. Defendant's post-trial motion is due on or before June 8, 2012. The Government's opposition is due on or before June 22, 2012. Ordered by Judge Joanna Seybert on 5/25/2012. (Curley, John) (Entered: 05/25/2012) |
| 06/06/2012 | 386 | Letter *request for written Order* as to Christian Gerold Tarantino (Rosen, Stephen) (Entered: 06/06/2012) |
| 06/07/2012 | 387 | CJA 31: Authorization to Pay John S. Wallenstein, Esq. in Death Penalty Proceedings as to Christian Gerold Tarantino ( Ordered by Judge Joanna Seybert on 1/25/12 ) (Guzzi, Roseann) (Entered: 06/07/2012) |
| 06/08/2012 | 388 | MOTION for New Trial by Christian Gerold Tarantino. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Appendix) (Rosen, Stephen) (Entered: 06/08/2012) |
| 06/08/2012 | 390 | ORDER - On December 30, 2012, the Defendant moved to exclude the Gargiulo Tape on the ground that an over-recording in the so-called "designated area" renders the Tape inauthentic and inadmissible. (Docket Entry 306.) Following February's evidentiary hearing on this issue, the Court denied the Defendant's motion and indicated that a written opinion would follow. (Docket Entry 341.) The following discussion briefly sets forth the Court's basis for denying the Defendant's motion as to Christian Gerold Tarantino. So Ordered by Judge Joanna Seybert on 6/8/12. C/ECF (Valle, Christine) (Entered: 06/12/2012) |
| 06/12/2012 | 389 | CJA 24 as to Christian Gerold Tarantino: Authorization to Pay Perry Auerbach. Ordered by Judge Joanna Seybert on 4/2/2012. (Gillespie, Saudia) (Entered: 06/12/2012) |
| 06/21/2012 | 391 | CJA 24 as to Christian Gerold Tarantino: Authorization to Pay Harry Rapaport Voucher # 120510000001.. Ordered by Judge Joanna Seybert on 05/09/2012. (Rios, Laura) (Entered: 06/21/2012) |

| 06/21/2012 | 392 | CJA 24 as to Christian Gerold Tarantino: Authorization to Pay Harry Rapaport Voucher # 120514000037.. Ordered by Judge Joanna Seybert on 05/14/2012. (Rios, Laura) (Entered: 06/21/2012) |
|---|---|---|
| 06/22/2012 | 393 | RESPONSE in Opposition re 388 MOTION for New Trial (Attachments: # 1 Exhibit Exhibits 1 and 2) (Miskiewicz, James) (Entered: 06/22/2012) |
| 06/29/2012 | 394 | REPLY TO RESPONSE to Motion re 388 MOTION for New Trial (Attachments: # 1 Exhibit Exhibit C (Tarantino medical records)) (Rosen, Stephen) (Entered: 06/29/2012) |
| 07/25/2012 | 395 | Letter MOTION to Continue Sentencing by USA as to Christian Gerold Tarantino. (Valle, Christine) (Entered: 08/02/2012) |
| 07/25/2012 |  | ORDER granting 395 Motion to Continue Sentencing as to Christian Gerold Tarantino (1); An adjournment of sentence is acceptable. The new date will be 10/19/2012 at 1:30PM before Judge Joanna Seybert. So Ordered by Judge Joanna Seybert on 7/25/12. C/ECF; C/M to Probation. (Valle, Christine) (Entered: 08/02/2012) |
| 08/29/2012 | 396 | CJA 24 as to Christian Gerold Tarantino: Authorization to Pay Harry Rapaport Voucher # 120604000021.. Ordered by Judge Joanna Seybert on 04/26/2012. (Rios, Laura) (Entered: 08/29/2012) |
| 09/05/2012 | 397 | First MOTION to Continue Sentencing by Christian Gerold Tarantino. (Doddato, Frank) (Entered: 09/05/2012) |
| 09/07/2012 |  | ORDER granting 397 Motion to Continue Sentencing as to Christian Gerold Tarantino. Sentencing set for 10/26/2012 at 10:00am in Courtroom 1030 before Judge Joanna Seybert. Ordered by Judge Joanna Seybert on 9/7/2012. (Baran, Charles) (Entered: 09/07/2012) |
| 10/12/2012 | 398 | Letter *regarding sentencing postponement* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 10/12/2012) |
| 10/15/2012 | 399 | RESPONSE in Opposition re 397 First MOTION to Continue Sentencing (Attachments: # 1 Exhibit) (Rosen, Stephen) (Entered: 10/15/2012) |
| 10/16/2012 |  | ORDER as to Christian Gerold Tarantino re: 399 Response in Opposition, 398 Letter. Sentencing set for 11/30/2012 at 10:30am in Courtroom 1030 before Judge Joanna Seybert. Ordered by Judge Joanna Seybert on 10/16/2012. (Baran, Charles) (Entered: 10/16/2012) |
| 10/20/2012 | 400 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT by Christian Gerold Tarantino *DEFENSE OBJECTIONS TO PRESENTENCE REPORT* (Rosen, Stephen) (Entered: 10/20/2012) |
| 11/03/2012 | 401 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT by Christian Gerold Tarantino (Rosen, Stephen) (Entered: 11/03/2012) |
| 11/03/2012 | 402 | MOTION to Dismiss *Count I* by Christian Gerold Tarantino. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit) (Rosen, Stephen) (Entered: 11/03/2012) |
| 11/05/2012 | 403 | Letter *dated November 5, 2012 from the government to the Honorable Joanna Seybert requesting that the Court preclude the defendant from filing additional post-trial motions unless he can establish excusable neglect and moving to quash the defense subpoena to the Queens Private Detention Facility* as to Christian Gerold Tarantino (Attachments: # 1 Exhibit 1) (Capwell, Carrie) (Entered: 11/05/2012) |
| 11/07/2012 | 404 | MEMORANDUM & ORDER denying 388 Motion for New Trial as to Christian Gerold Tarantino. Presently pending before the Court is Defendant Christian Gerold Tarantino's motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. For the |

| | | |
|---|---|---|
| | | foregoing reasons, Defendant's motion is DENIED. So Ordered by Judge Joanna Seybert on 11/7/2012. C/ECF (Valle, Christine) (Entered: 11/07/2012) |
| 11/13/2012 | 405 | Letter *from the government, dated November 13, 2012, to the Honorable Joanna Seybert opposing the defendant's Motion to Dismiss Count One, filed on November 3, 2012* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 11/13/2012) |
| 11/14/2012 | 406 | MOTION to Withdraw as Attorney by Stephen H. Rosen and Frank A. Doddato. by Christian Gerold Tarantino. (Attachments: # 1 Exhibit) (Rosen, Stephen) (Entered: 11/14/2012) |
| 11/15/2012 | 407 | RESPONSE in Opposition re 406 MOTION to Withdraw as Attorney by Stephen H. Rosen and Frank A. Doddato. (Miskiewicz, James) (Entered: 11/15/2012) |
| 11/19/2012 | | NOTICE OF HEARING ON MOTION in case as to Christian Gerold Tarantino re: Motion 406 . Telephone conference set for Tue. 11/20 at 4:30pm. Defense counsel shall coordinate a conference call to chambers at (631) 712-5610. (Baran, Charles) (Entered: 11/19/2012) |
| 11/19/2012 | 410 | MOTION for Recusal *of Judge Joanna Seybert pursuant to provisions of 28:144,* by Christian Gerold Tarantino. (Valle, Christine) (Entered: 12/05/2012) |
| 11/19/2012 | 411 | Supplemental MOTION to Dismiss *Count Three pursuant to Court's Inherent Supervisory Powers,* by Christian Gerold Tarantino. (Attachments: # 1 Exhibit, # 2 Exhibit) (Valle, Christine) (Entered: 12/05/2012) |
| 11/20/2012 | | NOTICE OF HEARING as to Christian Gerold Tarantino: The telephone conference on 11/20/2012 will not go forward. The motion to be relieved will be addressed at a Status Conference set for 11/30/2012 at 10:30am in Courtroom 1030 before Judge Joanna Seybert. A new sentencing date will be set at that time. (Baran, Charles) (Entered: 11/20/2012) |
| 11/21/2012 | 408 | ORDER re: 402 Motion to Dismiss Count One is DENIED. Any additional Rule 33 or port-trial motions in contravention of Court-imposed or statutory deadlines must establish "excusable neglect" or will not be considered by the Court. Ordered by Judge Joanna Seybert on 11/21/2012. (c/ECF) (Nohs, Bonnie) (Entered: 11/21/2012) |
| 11/30/2012 | 409 | Letter *regarding motion for recusal* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 11/30/2012) |
| 11/30/2012 | 412 | Minute Entry for proceedings held before Judge Joanna Seybert: Cr Cause for Status Conference as to Christian Gerold Tarantino held on 11/30/2012 at 10:30AM. Defendant present in custody with retained counsel Frank Doddato, Stephen Rosen, Eliza Stahl. Govt: Sean Flynn, Carrie Capwell, James Miskiewicz. Case called. Conference held. Sentence date set for 2/22/2013 at 10:30AM. Probation notified. Defendant continued in custody. Motion to Withdraw as Attorney 406 for defense counsel to withdraw is GRANTED. Frank Anthony Doddato and Stephen Rosen withdrawn from case as to Christian Gerold Tarantino. Pro Se Motion 410 Motion for Recusal is accepted for filing, argued, and DENIED for the reasons stated on the record. Pro Se Motion 411 Motion to Dismiss Count 3 is accepted for filing, argued, and DENIED for the same reasons articulated in the Court's Order 408 , which DENIED the Motion to Dismiss Count 1, as stated on the record. Defendant to complete a financial affidavit in order to apply for C.J.A. standby counsel. Court Reporter: M. Steiger. (Valle, Christine) (Entered: 12/06/2012) |
| 11/30/2012 | | Set/Reset Hearings as to Defendant Christian Gerold Tarantino: Sentencing set for 2/22/2013 at 10:30AM before Judge Joanna Seybert. (Valle, Christine) (Entered: 12/06/2012) |

| 12/06/2012 | 413 | MEMORANDUM AND ORDER. At the Nov. 30th conference the Court DENIED Christian Gerold Tarantino's Motion for Recusal. This Order explains the reasons for such denial. Ordered by Judge Joanna Seybert on 12/6/2012. (c/ECF) (Nohs, Bonnie) (Entered: 12/06/2012) |
| 12/11/2012 | 414 | Letter *requesting status conference* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 12/11/2012) |
| 12/11/2012 | 418 | Letter from Christian Gerold Tarantino to Judge Seybert dated 12/5/12 Re: To request that the Court order the MDC to allow Defendant a period of time alone to review discovery/3500 material shipped to MDC. (Valle, Christine) (Entered: 12/21/2012) |
| 12/14/2012 | | NOTICE OF HEARING as to Christian Gerold Tarantino: Status Conference set for 12/19/2012 at 11:00am in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 12/14/2012) |
| 12/18/2012 | 415 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 25, receipt number 0207-5903763. by Christian Gerold Tarantino. (Attachments: # 1 Attachment A (Affidavit in Support of Pro Hac Vice Motion, # 2 Attachment B (Good Standing from Florida Bar), # 3 Attachment C (Letter from Defendant), # 4 Proposed Order) (Scher, Todd) (Entered: 12/18/2012) |
| 12/19/2012 | 416 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 12/19/2012, granting 415 Motion for Leave to Appear as to Christian Gerold Tarantino. Mr. Scher will obtain all files from prior counsel, Mr. Stephen Rosen. The Court approves C.J.A. funding for transcripts of post-trial conferences. (Court Reporter DT) (Baran, Charles) (Entered: 12/19/2012) |
| 12/19/2012 | 417 | ORDER as to Christian Gerold Tarantino granting 415 MOTION for Leave to Appear Pro Hac Vice as to attorney, Todd G. Scher. So Ordered by Judge Joanna Seybert on 12/19/2012. (Valle, Christine) (Entered: 12/19/2012) |
| 01/30/2013 | 419 | Letter *Regarding Government's Request to Quash Subpoena (DE403)* as to Christian Gerold Tarantino (Scher, Todd) (Entered: 01/30/2013) |
| 02/11/2013 | 420 | MEMORANDUM AND ORDER re: 403 Letter/Motion to Quash subpoena is GRANTED. However, the Queens Private Detention Facility is ORDERED to produce the Mulligan phone records from April 1, 2012 to April 30, 2012. Ordered by Judge Joanna Seybert on 2/11/2013. (Nohs, Bonnie) (Entered: 02/11/2013) |
| 02/21/2013 | | NOTICE OF HEARING as to Christian Gerold Tarantino: Due to a change in the Court's availability, the Sentencing currently set for 2/22/2013 is adjourned to 4/10/2013 at 10:00am in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 02/21/2013) |
| 03/27/2013 | | NOTICE OF HEARING as to Christian Gerold Tarantino: Due to a medical quarantine imposed at the defendant's place of incarceration, Sentencing is adjourned to 4/24/2013 at 10:00am in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 03/27/2013) |
| 04/02/2013 | 421 | MOTION to Dismiss for Lack of Jurisdiction by Christian Gerold Tarantino. (Attachments: # 1 Exhibit) (Scher, Todd) (Entered: 04/02/2013) |
| 04/05/2013 | 422 | MEMORANDUM in Opposition re 421 MOTION to Dismiss for Lack of Jurisdiction *and Government's Motion Re: Defendant's Violation of this Court's Protective Order of December 13, 2010* (Attachments: # 1 Exhibit) (Miskiewicz, James) (Entered: 04/05/2013) |
| 04/12/2013 | 423 | REPLY TO RESPONSE to Motion re 421 MOTION to Dismiss for Lack of Jurisdiction |

| | | (Scher, Todd) (Entered: 04/12/2013) |
|---|---|---|
| 04/12/2013 | 424 | MOTION to Amend/Correct *to Modify Prior Order on 3500 Material* by Christian Gerold Tarantino. (Scher, Todd) (Entered: 04/12/2013) |
| 04/19/2013 | 425 | MEMORANDUM & ORDER: DENYING Defendant's 421 Motion to Dismiss for Lack of Jurisdiction as to Christian Gerold Tarantino (1). DENYING the Government's request that Defendant be ordered to immediately return Section 3500 materials and GRANTING Defendant's 424 Motion to Amend/Correct as to Christian Gerold Tarantino (1). Ordered by Judge Joanna Seybert on 4/19/2013. c/m by ecf. (Mahon, Cinthia) (Entered: 04/19/2013) |
| 04/22/2013 | 426 | SENTENCING MEMORANDUM by USA as to Christian Gerold Tarantino (Flynn, Sean) (Entered: 04/22/2013) |
| 04/24/2013 | 427 | Minute Entry for proceedings held before Judge Joanna Seybert: Cr Cause for Sentencing held on 4/24/2013 for Christian Gerold Tarantino (1). Defendant present in custody with retained counsel Todd Scher. Govt: Sean Flynn; Carrie Capwell; James Miskiewicz. USPO: S. Haasnoot. Case called for sentence. Counsel for all sides present. Statements of defendant and counsel heard. Defendant objections to the PSR are noted. Rulings Re: Guidelines are entered on the record. PSR and addendum adopted. Guidelines are adopted. The defendant is sentenced as follows: The defendant is sentenced to a period of imprisonment of LIFE on Count 1; LIFE on Count 2; and LIFE on Count lr (originally Count 3) of the Indictment (CONCURRENT), NOT to be followed by a period of supervised release. The fine shall be waived due to the defendant's inability to pay such a fine. Special assessment of $50 each is imposed on Counts 1, 2 and $100 on Count lr, for a total assessment of $200.00. The defendant is advised of his right to appeal or the lack thereof. Other: Motion 356 in limine is denied as moot. The defendant remains in custody. Court Reporter: P. Lombardi. (Valle, Christine) (Entered: 05/06/2013) |
| 04/26/2013 | 428 | JUDGMENT - The defendant Christian Gerold Tarantino (1) was found guilty on Count(s) 1, 2, & 1r after a plea of not guilty. The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of LIFE on all Counts, Concurrent. The court makes the following recommendations to the Bureau of Prisons: THAT THE DEFENDANT BE DESIGNATED TO FMC DEVENS, MASS. Upon release from imprisonment, the defendant shall be on supervised release for a term of NONE. Special Assessment: $200.00. Defendant has been found not guilty on Count(s) 2r. Signed by Judge Joanna Seybert on 4/26/2013. C/ECF (Valle, Christine) (Entered: 05/07/2013) |
| 05/08/2013 | 430 | NOTICE OF APPEAL as to 428 JUDGMENT by Christian Gerold Tarantino (Scher, Todd) Modified on 5/8/2013 to link the appeal with the judgment (Russo, Eric). (Entered: 05/08/2013) |
| 05/08/2013 | | APPEAL FILING FEE DUE re 430 Notice of Appeal - Final Judgment Please either come to the clerks office or mail the filing fee in the amount of $455.00. (Russo, Eric) (Entered: 05/08/2013) |
| 05/08/2013 | | Electronic Index to Record on Appeal as to Christian Gerold Tarantino sent to US Court of Appeals 430 Notice of Appeal - Final Judgment Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (Russo, Eric) (Entered: 05/08/2013) |
| 05/21/2013 | 431 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 2/15/12, before Judge Seybert. Court Reporter/Transcriber Rapaport, Telephone number 631 712-6105. Email address: hershrap@aol.com. Tape |

|  |  | Number: 1. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/11/2013. Redacted Transcript Deadline set for 6/21/2013. Release of Transcript Restriction set for 8/19/2013. (Rapaport, Harry) (Entered: 05/21/2013) |
|---|---|---|
| 05/21/2013 | 432 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 2/27/12, before Judge Seybert. Court Reporter/Transcriber Rapaport, Telephone number 631 712-6105. Email address: hershrap@aol.com. Tape Number: 2. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/11/2013. Redacted Transcript Deadline set for 6/21/2013. Release of Transcript Restriction set for 8/19/2013. (Rapaport, Harry) (Entered: 05/21/2013) |
| 05/21/2013 | 433 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Christian Gerold Tarantino for dates of 2/28/12 before Judge Seybert, re 430 Notice of Appeal - Final Judgment Court Reporter/Transcriber Rapaport, Telephone number 631 712-6105. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/11/2013. Redacted Transcript Deadline set for 6/21/2013. Release of Transcript Restriction set for 8/19/2013. (Attachments: # 1 Criminal Appeal Transcript Information - Form B transcript) (Rapaport, Harry) (Entered: 05/21/2013) |
| 05/21/2013 | 434 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 4/24/13 - 5/14/13, before Judge Seybert. Court Reporter/Transcriber Rapaport, Telephone number 631 712-6105. Email address: hershrap@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/11/2013. Redacted Transcript Deadline set for 6/21/2013. Release of Transcript Restriction set for 8/19/2013. (Attachments: # 1 transcript) (Rapaport, Harry) (Entered: 05/21/2013) |
| 05/21/2013 | 435 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 4/30/12 - 5/14/12, before Judge Seybert. Court Reporter/Transcriber H Rapaport, Telephone number 631 712-6105. Email address: hershrap@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/11/2013. Redacted Transcript Deadline set for 6/21/2013. Release of Transcript Restriction set for 8/19/2013. (Attachments: # 1 4/25/12 transcript, # 2 4/26/13 transcript) (Rapaport, Harry) (Entered: 05/21/2013) |
| 05/21/2013 | 436 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 2/14/11, before Judge Seybert. Court Reporter/Transcriber H Rapaport, Telephone number 631 712-6105. Email address: hershrap@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/11/2013. Redacted Transcript Deadline set for 6/21/2013. Release of Transcript Restriction set for 8/19/2013. (Attachments: # 1 5/1/12 transcript, # 2 5/2/12, # 3 5/3/12, # 4 5/7/12, # 5 5/9/12, # 6 5/10/12, # 7 5/14/12) (Rapaport, Harry) (Entered: 05/21/2013) |
| 05/22/2013 | 437 | TRANSCRIPT REQUEST by Christian Gerold Tarantino (Scher, Todd) (Entered: |

| | | 05/22/2013) |
|---|---|---|
| 05/23/2013 | 438 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino before Judge Joanna Seybert. Court Reporter/Transcriber E Combs. Email address: ellencombs@hotmail.com. Tape Number: Transcript. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/13/2013. Redacted Transcript Deadline set for 6/24/2013. Release of Transcript Restriction set for 8/21/2013. (Combs, Ellen) (Entered: 05/23/2013) |
| 05/23/2013 | 439 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 02/14/11, before Judge Joanna Seybert. Court Reporter/Transcriber E Combs. Email address: ellencombs@hotmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/13/2013. Redacted Transcript Deadline set for 6/24/2013. Release of Transcript Restriction set for 8/21/2013. (Combs, Ellen) (Entered: 05/23/2013) |
| 05/23/2013 | 440 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 02/15/11, before Judge Joanna Seybert. Court Reporter/Transcriber E Combs. Email address: ellencombs@hotmail.com. Tape Number: 02/15/11. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/13/2013. Redacted Transcript Deadline set for 6/24/2013. Release of Transcript Restriction set for 8/21/2013. (Combs, Ellen) (Entered: 05/23/2013) |
| 05/23/2013 | 441 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 02/16/11, before Judge Joanna Seybert. Court Reporter/Transcriber E Combs. Email address: ellencombs@hotmail.com. Tape Number: 02/16/11. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/13/2013. Redacted Transcript Deadline set for 6/24/2013. Release of Transcript Restriction set for 8/21/2013. (Combs, Ellen) (Entered: 05/23/2013) |
| 05/23/2013 | 442 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 02/17/11, before Judge Joanna Seybert. Court Reporter/Transcriber E Combs. Email address: ellencombs@hotmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/13/2013. Redacted Transcript Deadline set for 6/24/2013. Release of Transcript Restriction set for 8/21/2013. (Combs, Ellen) (Entered: 05/23/2013) |
| 05/23/2013 | 443 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 02/22/11, before Judge Joanna Seybert. Court Reporter/Transcriber E Combs. Email address: ellencombs@hotmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/13/2013. Redacted Transcript Deadline set for 6/24/2013. Release of Transcript Restriction set for 8/21/2013. (Combs, Ellen) (Entered: 05/23/2013) |
| 05/23/2013 | 444 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian |

| | | |
|---|---|---|
| | | Gerold Tarantino held on 02/23/11, before Judge Joanna Seybert. Court Reporter/Transcriber E Combs. Email address: ellencombs@hotmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/13/2013. Redacted Transcript Deadline set for 6/24/2013. Release of Transcript Restriction set for 8/21/2013. (Combs, Ellen) (Entered: 05/23/2013) |
| 05/23/2013 | 445 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 05/23/11, before Judge Joanna Seybert. Court Reporter/Transcriber E Combs. Email address: ellencombs@hotmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/13/2013. Redacted Transcript Deadline set for 6/24/2013. Release of Transcript Restriction set for 8/21/2013. (Combs, Ellen) (Entered: 05/23/2013) |
| 06/03/2013 | 446 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 11/30/12, before Judge Seybert. Court Reporter/Transcriber Mary Ann Steiger, Telephone number 631-712-6101. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/24/2013. Redacted Transcript Deadline set for 7/4/2013. Release of Transcript Restriction set for 9/2/2013. (Steiger, Mary Ann) (Entered: 06/03/2013) |
| 06/05/2013 | 447 | USCA Appeal Fees Received $455.00; Receipt Number: 12596 as to Christian Gerold Tarantino Re: 430 Notice of Appeal - Final Judgment. (Valle, Christine) (Entered: 06/05/2013) |
| 06/10/2013 | 448 | Emergency MOTION for Writ *Pursuant to 28 USC 2241* by Christian Gerold Tarantino. (Attachments: # 1 Exhibits to Petition) (Scher, Todd) (Entered: 06/10/2013) |
| 06/10/2013 | 449 | Minute Entry for proceedings held before Judge Joanna Seybert: Motion Hearing as to Christian Gerold Tarantino held on 6/10/2013 re: 448 Emergency MOTION for Writ Pursuant to 28 USC 2241. Government to respond by 6/19/2013. Motion/Status Conference set for 6/20/2013 at 10:00am in Courtroom 1030 before Judge Joanna Seybert. (Court Reporter MS) (Baran, Charles) (Entered: 06/10/2013) |
| 06/10/2013 | 450 | Letter *dated June 10, 2013 from the government to the Honorable Joanna Seybert in response to the defendant's Emergency Petition Pursuant to Section 2241* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 06/10/2013) |
| 06/10/2013 | 451 | Minute Entry for proceedings held before Judge Joanna Seybert: Motion Hearing as to Christian Gerold Tarantino held on 6/10/2013 re: 448 Emergency MOTION for Writ Pursuant to 28 USC 2241. Defense reply to be filed 6/11/2013 by 12:00 noon. Decision to be issued soon thereafter. (Court Reporter PA) (Baran, Charles) (Entered: 06/10/2013) |
| 06/11/2013 | 452 | REPLY TO RESPONSE to Motion re 448 Emergency MOTION for Writ *Pursuant to 28 USC 2241* (Scher, Todd) (Entered: 06/11/2013) |
| 06/11/2013 | | Electronic ORDER denying 448 Motion for Writ as to Christian Gerold Tarantino. Tarantino's motion is DENIED. The Bureau of Prisons ("BOP") has sole discretion over where an inmate is incarcerated; the BOP is familiar with Tarantino's medical condition, which is not imminently life-threatening; and the Government has represented that BOP took Tarantino's medical condition into consideration when determining his designation |

| | | and found that Tarantino could be properly cared for at USP Terre Haute. Ordered by Judge Joanna Seybert on 6/11/2013. (Amandola, Rose) (Entered: 06/11/2013) |
|---|---|---|
| 07/22/2013 | 453 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 4/4/11, 11/10/11, before Judge Seybert. Court Reporter/Transcriber Mary Ann Steiger, Telephone number 631-712-6101. Email address: maryann.steiger@gmail.com. Transcript may be viewed at the court terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/12/2013. Redacted Transcript Deadline set for 8/22/2013. Release of Transcript Restriction set for 10/21/2013. (Attachments: # 1 Transcript) (Steiger, Mary Ann) (Entered: 07/22/2013) |
| 07/26/2013 | 454 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 08/17/2011, before Judge Seybert. Court Reporter/Transcriber Dom Tursi - 631/712-6108 - DomTursi@email.com, Telephone number Dom Tursi - 631/712-6108 - DomTursi@email.com. Email address: Dom Tursi - 631/712-6108 - DomTursi@email.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/16/2013. Redacted Transcript Deadline set for 8/26/2013. Release of Transcript Restriction set for 10/24/2013. (Tursi, Dom) (Entered: 07/26/2013) |
| 07/29/2013 | 455 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino before Judge Seybert. Court Reporter/Transcriber H Rapaport, Telephone number 631 712-6105. Email address: hershrap@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/19/2013. Redacted Transcript Deadline set for 8/29/2013. Release of Transcript Restriction set for 10/28/2013. (Attachments: # 1 transcript, # 2 transcript, # 3 transcript) (Rapaport, Harry) (Entered: 07/29/2013) |
| 07/30/2013 | 456 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 12/17/2010, before Judge Seybert. Court Reporter/Transcriber H Rapaport, Telephone number 631.712-6105. Email address: hershrap@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/20/2013. Redacted Transcript Deadline set for 8/30/2013. Release of Transcript Restriction set for 10/28/2013. (Rapaport, Harry) (Entered: 07/30/2013) |
| 08/14/2013 | 457 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Christian Gerold Tarantino for dates of 12/8/09 before Judge Seybert, re 430 Notice of Appeal - Final Judgment Court Reporter/Transcriber O. Wicker, Telephone number 631 712-6102. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/4/2013. Redacted Transcript Deadline set for 9/16/2013. Release of Transcript Restriction set for 11/12/2013. (Wicker, Owen) (Entered: 08/14/2013) |
| 08/15/2013 | 458 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Christian Gerold Tarantino for dates of 5/2/11, 5/4/11, 5/5/11, 5/6/11, 5/9/11 before Judge Seybert, re 430 Notice of Appeal - Final Judgment Court Reporter/Transcriber H Rapaport, Telephone number 631.712-6105. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript |

| | | |
|---|---|---|
| | | Restriction. After that date it may be obtained through PACER. Redaction Request due 9/5/2013. Redacted Transcript Deadline set for 9/16/2013. Release of Transcript Restriction set for 11/13/2013. (Attachments: # 1 transcript, # 2 transcript, # 3 transcript, # 4 transcript) (Rapaport, Harry) (Entered: 08/15/2013) |
| 08/15/2013 | 459 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Christian Gerold Tarantino for dates of 5/12/11, 5/16/11, 5/17/11, 5/18/11, 5/19/11 before Judge Seybert, re 430 Notice of Appeal - Final Judgment Court Reporter/Transcriber Rapaport, Telephone number 631.712-6105. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/5/2013. Redacted Transcript Deadline set for 9/16/2013. Release of Transcript Restriction set for 11/13/2013. (Attachments: # 1 transcript, # 2 transcript, # 3 transcript, # 4 transcript) (Rapaport, Harry) (Entered: 08/15/2013) |
| 08/15/2013 | 460 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Christian Gerold Tarantino for dates of 1/18/12, 2/29/12, 4/23/12, 4/24/12, 4/30/12 before Judge Seybert, re 430 Notice of Appeal - Final Judgment Court Reporter/Transcriber H Rapaport, Telephone number 631.712-6105. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/5/2013. Redacted Transcript Deadline set for 9/16/2013. Release of Transcript Restriction set for 11/13/2013. (Attachments: # 1 transcript, # 2 transcript, # 3 transcript, # 4 transcript) (Rapaport, Harry) (Entered: 08/15/2013) |
| 08/15/2013 | 461 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 10/6/11, 12/16/11, 1/11/12, before Judge Seybert. Court Reporter/Transcriber H Rapaport. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/5/2013. Redacted Transcript Deadline set for 9/16/2013. Release of Transcript Restriction set for 11/13/2013. (Attachments: # 1 transcript, # 2 transcript) (Rapaport, Harry) (Entered: 08/15/2013) |
| 09/10/2013 | 462 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on November 12, 2010, before Judge Joanna Seybert. Court Reporter/Transcriber E Combs. Email address: ellencombs@hotmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/1/2013. Redacted Transcript Deadline set for 10/11/2013. Release of Transcript Restriction set for 12/9/2013. (Combs, Ellen) (Entered: 09/10/2013) |
| 09/18/2013 | 463 | DESIGNATION OF RECORD ON APPEAL by Christian Gerold Tarantino re 430 Notice of Appeal - Final Judgment (Attachments: # 1 Attachment A, # 2 Attachment B) (Scher, Todd) (Entered: 09/18/2013) |
| 09/26/2013 | 464 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 3/2/11,3/11/11,3/15/11,3/16/11,6/17/11,1/4/12,1/5/12,1/6/12,4/10/12,4/11/12, before Judge Joanna Seybert. Court Reporter/Transcriber P Auerbach, Telephone number 631-712-6103. Email address: PAuerb1531@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/17/2013. Redacted Transcript Deadline set for 10/28/2013. Release of Transcript Restriction set for 12/26/2013. (Attachments: # 1 Transcript, # 2 |

| | | Transcript, # 3 Transcript, # 4 Transcript, # 5 Transcript, # 6 Transcript, # 7 Transcript, # 8 Transcript, # 9 Transcript) (Combs, Ellen) (Entered: 09/26/2013) |
|---|---|---|
| 09/26/2013 | 465 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on December 19, 2012, before Judge Joanna Seybert. Court Reporter/Transcriber Dom Tursi - 631-712-6108 - domtursi@email.com, Telephone number Dom Tursi - 631-712-6108 - domtursi@email.com. Email address: Dom Tursi - 631-712-6108 - domtursi@email.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/17/2013. Redacted Transcript Deadline set for 10/28/2013. Release of Transcript Restriction set for 12/26/2013. (Tursi, Dom) (Entered: 09/26/2013) |
| 09/26/2013 | 466 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Christian Gerold Tarantino before Judge Seybert, re 430 Notice of Appeal - Final Judgment Court Reporter/Transcriber Owen Wicker, Telephone number 631-712-6102. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/17/2013. Redacted Transcript Deadline set for 10/28/2013. Release of Transcript Restriction set for 12/26/2013. (Wicker, Owen) (Entered: 09/26/2013) |
| 09/27/2013 | 467 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Christian Gerold Tarantino for dates of 3/22/11 3/23/11 3/28/11 3/29/11 3/30/11 4/5/11 4/6/11 4/7/11 4/11/11 before Judge Seybert, re 430 Notice of Appeal - Final Judgment Court Reporter/Transcriber Rapaport, Telephone number 631.712-6105. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/18/2013. Redacted Transcript Deadline set for 10/28/2013. Release of Transcript Restriction set for 12/26/2013. (Attachments: # 1 transcript, # 2 transcript, # 3 transcript, # 4 transcript, # 5 transcript, # 6 transcript, # 7 transcript, # 8 transcript) (Rapaport, Harry) (Entered: 09/27/2013) |
| 09/27/2013 | 468 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 3/17/11 4/20 11 4/21/11 4/25/11 4/27/11 5/10/11 5/11/11, before Judge Seybert. Court Reporter/Transcriber H Rapaport. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/18/2013. Redacted Transcript Deadline set for 10/28/2013. Release of Transcript Restriction set for 12/26/2013. (Attachments: # 1 transcript, # 2 transcript, # 3 transcript, # 4 transcript, # 5 transcript, # 6 transcript) (Rapaport, Harry) (Entered: 09/27/2013) |
| 09/27/2013 | 469 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 5/2/11 5/4/11 5/6/11 5/9/11 5/12/11 5/16/11 5/17/11, before Judge Seybert. Court Reporter/Transcriber H Rapaport. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/18/2013. Redacted Transcript Deadline set for 10/28/2013. Release of Transcript Restriction set for 12/26/2013. (Attachments: # 1 transcript, # 2 transcript, # 3 transcript, # 4 transcript, # 5 transcript, # 6 transcript) (Rapaport, Harry) (Entered: 09/27/2013) |
| 09/27/2013 | 470 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 5/17/11 5/18/11 5/19/11 12/16/11 1/18/12 2/29/12 4/23/12 4/20/12 5/9/12, before Judge Seybert. Court Reporter/Transcriber H Rapaport. Transcript |

| | | |
|---|---|---|
| | | may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/18/2013. Redacted Transcript Deadline set for 10/28/2013. Release of Transcript Restriction set for 12/26/2013. (Attachments: # 1 transcript, # 2 transcript, # 3 transcript, # 4 transcript, # 5 transcript, # 6 transcript, # 7 transcript, # 8 transcript, # 9 transcript) (Rapaport, Harry) (Entered: 09/27/2013) |
| 10/16/2013 | | Second Electronic Index to Record on Appeal as to Christian Gerold Tarantino sent to US Court of Appeals 430 Notice of Appeal - Final Judgment Documents are available via Pacer. 431 transcript, 432 transcript, 433 transcript, 434 transcript, 435 transcript, 436 transcript, 437 transcript request, 438 transcript, 439 transcript, 440 transcript, 441 transcript, 442 transcript, 443 transcript, 444 transcript, 445 transcript, 446 transcript, 447 USCA fee paid, 448 motion, 449 minute entry, 450 letter, 451 minute entry, 452 reply, 453 transcript, 454 transcript, 455 transcript, 456 transcript, 457 transcript, 458 transcript, 459 transcript, 460 transcript, 461 transcript, 462 transcript, 463 transcript, 464 transcript, 465 transcript, 466 transcript, 467 transcript, 468 transcript, 469 transcript, 470 transcript. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (Talbott, Thomas) (Entered: 10/16/2013) |
| 11/15/2013 | 471 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 4/26/2013, Court Reporter/Transcriber Paul Lombardi, Telephone number 712-6106. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/6/2013. Redacted Transcript Deadline set for 12/16/2013. Release of Transcript Restriction set for 2/13/2014. (Lombardi, Paul) (Entered: 11/15/2013) |
| 11/15/2013 | 472 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino Court Reporter/Transcriber Perry Auerbach. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/6/2013. Redacted Transcript Deadline set for 12/16/2013. Release of Transcript Restriction set for 2/13/2014. (Attachments: # 1 PDF transcript, # 2 PDF transcript, # 3 PDF transcript) (Auerbach, Perry) (Entered: 11/15/2013) |
| 11/15/2013 | 473 | Redaction re 472 Transcript,, in case as to Christian Gerold Tarantino (Attachments: # 1 PDF TRANSCRIPT, # 2 PDR TRANSCRIPT, # 3 PDF TRANSCRIPT) (Auerbach, Perry) (Entered: 11/15/2013) |
| 11/18/2013 | 474 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 6/16/11, 4/10/12, 4/11/12, 4/22/12, before Judge Seybert. Court Reporter/Transcriber Perry Auerbach. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/9/2013. Redacted Transcript Deadline set for 12/19/2013. Release of Transcript Restriction set for 2/17/2014. (Attachments: # 1 transcript, # 2 transcript, # 3 transcript) (Auerbach, Perry) (Entered: 11/18/2013) |
| 11/18/2013 | 475 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 4/22/09, before Judge SEYBERT. Court Reporter/Transcriber PERRY AUERBACH. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction |

| | | |
|---|---|---|
| | | Request due 12/9/2013. Redacted Transcript Deadline set for 12/19/2013. Release of Transcript Restriction set for 2/17/2014. (Auerbach, Perry) (Entered: 11/18/2013) |
| 11/18/2013 | 476 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Christian Gerold Tarantino for dates of 4/26/11 before Judge Seybert, re 430 Notice of Appeal - Final Judgment Court Reporter/Transcriber H Rapaport, Telephone number 631.712-6105. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/9/2013. Redacted Transcript Deadline set for 12/19/2013. Release of Transcript Restriction set for 2/17/2014. (Rapaport, Harry) (Entered: 11/18/2013) |
| 12/02/2013 | 477 | Letter *to Judge Seybert Regarding Approval of Statements of Evidence* as to Christian Gerold Tarantino (Scher, Todd) (Entered: 12/02/2013) |
| 12/05/2013 | 478 | Letter *in response/opposition to defendant's September 19, 2013 and December 2, 2013 submissions seeking settlement and approval of statements of evidence* as to Christian Gerold Tarantino (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5) (Capwell, Carrie) (Entered: 12/05/2013) |
| 12/10/2013 | 479 | Letter *in Reply to Government's Response to Motion for Settlement and Approval of Statements and Evidence* as to Christian Gerold Tarantino (Attachments: # 1 Exhibit 1) (Scher, Todd) (Entered: 12/10/2013) |
| 01/02/2014 | 480 | Letter *from the government to Judge Seybert, dated January 2, 2014, providing March 21, 2011 transcript* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 01/02/2014) |
| 01/13/2014 | 481 | MEMORANDUM & ORDER - Currently pending before the Court is Defendant Christian Gerold Tarantino's September 18, 2013 request, filed as a "Designation of Record on Appeal." (Docket Entry 463.) That document seeks a mandatory settlement and approval of attached statements regarding jury selection in Defendant's two trials before this Court pursuant to Federal Rule of Appellate Procedure 10(c). For the following reasons, Defendant's request is DENIED. So Ordered by Judge Joanna Seybert on 1/13/2014. C/ECF (Attachments: # 1 Exhibit A Pages 1-22; # 2 Exhibit A Pages 23-44; # 3 Exhibit B Pages 1-25; # 4 Exhibit B Pages 26-50.) (Valle, Christine) (Entered: 01/14/2014) |
| 01/23/2014 | 482 | MOTION for Reconsideration re 481 Memorandum Opinion,, by Christian Gerold Tarantino. (Attachments: # 1 Exhibit, # 2 Exhibit) (Scher, Todd) (Entered: 01/23/2014) |
| 02/12/2014 | 483 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 3-21-2011, before Judge Katheen Tomlinson. Court Reporter/Transcriber Lisa Schmid, Telephone number (718)613-2644. Email address: LisaSchmidCCR.RMR@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/5/2014. Redacted Transcript Deadline set for 3/17/2014. Release of Transcript Restriction set for 5/13/2014. (Schmid, Lisa) (Entered: 02/12/2014) |
| 03/03/2014 | 484 | MOTION to Unseal Document *Docket Entries* by Christian Gerold Tarantino. (Scher, Todd) (Entered: 03/03/2014) |
| 03/14/2014 | 485 | RESPONSE in Opposition re 484 MOTION to Unseal Document *Docket Entries* (Capwell, Carrie) (Entered: 03/14/2014) |
| 03/21/2014 | 486 | Minute Entry for proceedings held before Judge Joanna Seybert: Telephone Conference as to Christian Gerold Tarantino held on 3/21/2014. Telephone Conference set for |

| | | |
|---|---|---|
| | | 3/24/2014 at 12:15pm in Courtroom 1030 before Judge Joanna Seybert. (Court Reporter OW) (Baran, Charles). (Entered: 03/21/2014) |
| 03/25/2014 | 487 | Letter *from the government to Todd Scher, Esq. providing certain materials previously filed under seal and/or provided to prior defense counsel* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 03/25/2014) |
| 04/02/2014 | 488 | Supplemental MOTION to Unseal Document */For Order to Clerk to Permit Counsel to View Sealed Docket Entries* by Christian Gerold Tarantino. (Scher, Todd) (Entered: 04/02/2014) |
| 04/11/2014 | 489 | RESPONSE to Motion re 488 Supplemental MOTION to Unseal Document */For Order to Clerk to Permit Counsel to View Sealed Docket Entries by the government* (Attachments: # 1 Exhibit Email) (Capwell, Carrie) (Entered: 04/11/2014) |
| 04/23/2014 | 490 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 7-30-2010, before Judge Seybert. Court Reporter/Transcriber S Picozzi. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/14/2014. Redacted Transcript Deadline set for 5/27/2014. Release of Transcript Restriction set for 7/22/2014. (Rapaport, Harry) (Entered: 04/23/2014) |
| 04/24/2014 | 491 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Christian Gerold Tarantino for dates of 3/24/11 before Judge Seybert, re 430 Notice of Appeal - Final Judgment Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/15/2014. Redacted Transcript Deadline set for 5/27/2014. Release of Transcript Restriction set for 7/23/2014. (Wicker, Owen) (Entered: 04/24/2014) |
| 05/14/2014 | 492 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Christian Gerold Tarantino for dates of 3/24/11 before Judge Seybert, re 430 Notice of Appeal - Final Judgment Court Reporter/Transcriber O.Wicker. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/4/2014. Redacted Transcript Deadline set for 6/16/2014. Release of Transcript Restriction set for 8/12/2014. (Wicker, Owen) (Entered: 05/14/2014) |
| 05/19/2014 | 493 | MEMORANDUM & ORDER granting 484 Motion to Unseal Document; granting 488 Motion to Unseal Document as to Christian Gerold Tarantino (1). Defendant's motions (Docket Entries 484, as modified by 488) for access to certain sealed docket entries are GRANTED as to Docket Entries: 31, 38, 41, 43-44, 49-50, 53-54, 56, 59, 61-67, 72-73, 79-80, 121-125, 128-133, 143, 161, 163, 185, 200, 204, 208, 211, 214-216, 279, 283, 286, 302, 322-323, 331, 334, 336, 340, 343, 352-355, 384, 387, 429, 472-473 and 483. Upon review by the Court, Defendant is DENIED access to Docket Entries 203, 222, 335, 348, 349 and 351. In addition, upon review by the Court, the Government is directed to advise the Court in an ex parte submission by May 27, 2014, as to the reasons for the Government's objections as to Docket Entries 160 and 162. So Ordered by Judge Joanna Seybert on 5/19/2014. C/ECF (Valle, Christine) (Entered: 05/19/2014) |
| 06/03/2014 | 495 | Letter *from the government to the Honorable Joanna Seybert supplementing the government's May 27, 2014 letter, which was filed ex parte and under seal* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 06/03/2014) |
| 06/05/2014 | | Electronic ORDER as to Christian Gerold Tarantino Supplementing 493 Memorandum & Order dated 5/19/2014. The Court has reviewed the Government's follow-up submissions |

| | | |
|---|---|---|
| | | (Docket Entries 494 , ex parte, and 495 ). The defendant has failed to establish a compelling need for the disclosure of the balance of another defendant's Presentence Investigation Report (Attachment 1 to Docket Entry 160 ), and his application to unseal it is DENIED. Ordered by Judge Joanna Seybert on 6/5/2014. (Baran, Charles) (Entered: 06/05/2014) |
| 10/10/2014 | 496 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 3-11-11, 6-16-11, before Judge Seybert. Court Reporter/Transcriber Perry Auerbach, Telephone number 631-712-6103. Email address: pauerb1531@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/31/2014. Redacted Transcript Deadline set for 11/10/2014. Release of Transcript Restriction set for 1/8/2015. (Attachments: # 1 transcript) (Auerbach, Perry) (Entered: 10/10/2014) |
| 10/10/2014 | 497 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 3/21/14, before Judge Seybert. Court Reporter/Transcriber O.Wicker. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/31/2014. Redacted Transcript Deadline set for 11/10/2014. Release of Transcript Restriction set for 1/8/2015. (Wicker, Owen) (Entered: 10/10/2014) |
| 10/15/2014 | 498 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Christian Gerold Tarantino for dates of May 11, 2011 before Judge Joanna Seybert, re 430 Notice of Appeal - Final Judgment Court Reporter/Transcriber DTursi - 631/712-6108 - DomTursi@email.com, Telephone number Dom Tursi - 631/712-6108. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/5/2014. Redacted Transcript Deadline set for 11/17/2014. Release of Transcript Restriction set for 1/13/2015. (Tursi, Dom) (Entered: 10/15/2014) |
| 12/28/2015 | 499 | MANDATE of USCA Case No. 13-1799 (certified copy) as to Christian Gerold Tarantino. UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED. (Cox, Dwayne) (Entered: 12/28/2015) |
| 12/28/2015 | | ELECTRONIC ORDER finding as moot 482 Motion for Reconsideration. For the reasons stated on the record at the conference held before this court on 3/21/2014 (DE 486 ) and pursuant to the Mandate of the USCA dated 12/28/2015 (DE 499 ), defendant's motion is found as moot and terminated. Ordered by Judge Joanna Seybert on 12/28/2015. (Russo, Eric) (Entered: 05/05/2022) |
| 06/27/2016 | 500 | MOTION to Vacate under 28 U.S.C. 2255 by Christian Gerold Tarantino. (Valle, Christine) Civil case 2:16-cv-03770-JS opened. (Entered: 07/07/2016) |
| 06/27/2016 | | Appearance Pro Se as to Christian Gerold Tarantino. (Valle, Christine) (Entered: 07/07/2016) |
| 06/26/2017 | 501 | NOTICE OF ATTORNEY APPEARANCE: Eliza Denice Stahl appearing for Christian Gerold Tarantino (Stahl, Eliza) (Entered: 06/26/2017) |
| 06/26/2017 | 502 | First MOTION for Leave to File Excess Pages *under 28 U.S.C. 2255* by Christian Gerold Tarantino. (Stahl, Eliza) (Entered: 06/26/2017) |
| 06/26/2017 | 503 | Supplemental MOTION to Vacate under 28 U.S.C. 2255 by Christian Gerold Tarantino. |

|  |  |  |
|---|---|---|
|  |  | (Attachments: # 1 Affidavit of Eliza D. Stahl, # 2 Affidavit of Christian Tarantino, # 3 Exhibit A - Trial Exhibit 3-FF (June 23, 1994 vehicle route worksheet showing only intrastate deliveries made to New York locations), # 4 Exhibit March 29, 2011 transcript, # 5 Exhibit Tarantino Indictment, # 6 Exhibit Mid-Island records issued by New York and no records certificates issued by New Jersey, # 7 Exhibit May 4, 2011 transcript, # 8 Exhibit May 5, 2011 transcript, # 9 Exhibit March 15, 2011 transcript, # 10 Exhibit Doc.189, # 11 Exhibit February 16, 2011 transcript, # 12 Exhibit FBI agent affidavit, # 13 Exhibit March 30, 2011 transcript, # 14 Exhibit April 27, 2011 transcript, # 15 Exhibit May 9, 2011 transcript, # 16 Exhibit government trial exhibit RS-39, # 17 Exhibit May 9, 2012 transcript, # 18 Exhibit April 5, 2011 transcript, # 19 Exhibit Doc. 171, # 20 Exhibit Doc. 213, # 21 Exhibit April 6, 2011 transcript, # 22 Exhibit April 11, 2011 transcript, # 23 Exhibit April 21, 2011 transcript, # 24 Exhibit April 25, 2011 transcript, # 25 Exhibit May 2, 2012 transcript, # 26 Exhibit May 7, 2012 transcript, # 27 Exhibit April 7, 2011 transcript, # 28 Exhibit April 4, 2011 transcript, # 29 Exhibit April 23, 2012 transcript, # 30 Exhibit May 1, 2012 transcript, # 31 Exhibit May 2, 2012 transcript, # 32 Exhibit March 22, 2011 transcript, # 33 Exhibit Information, # 34 Exhibit Waiver of Indictment, # 35 Exhibit May 9, 2012 transcript) (Stahl, Eliza) (Entered: 06/26/2017) |
| 06/28/2017 |  | ELECTRONIC ORDER granting in part and denying in part 502 Motion for Leave to File Excess Pages as to Christian Gerold Tarantino. Defendant shall be permitted to file a memorandum of law that does not exceed thirty (30) pages on or before July 14, 2017. Ordered by Judge Joanna Seybert on 6/28/2017. (Seibert, Kristin) (Entered: 06/28/2017) |
| 07/12/2017 | 504 | NOTICE OF ATTORNEY APPEARANCE Charles N. Rose appearing for USA. (Rose, Charles) (Entered: 07/12/2017) |
| 07/14/2017 | 505 | Supplemental MOTION to Vacate under 28 U.S.C. 2255 by Christian Gerold Tarantino. (Attachments: # 1 Affidavit Affidavit of Eliza D. Stahl, # 2 Affidavit Affidavit of Christian Tarantino, # 3 Exhibit A - Trial Exhibit 3-FF (June 23, 1994 vehicle route worksheet showing only intrastate deliveries made to New York locations), # 4 Exhibit March 29, 2011 transcript, # 5 Exhibit Tarantino Indictment, # 6 Exhibit Mid-Island records issued by New York and no records certificates issued by New Jersey, # 7 Exhibit May 4, 2011 transcript, # 8 Exhibit May 5, 2011 transcript, # 9 Exhibit March 15, 2011 transcript, # 10 Exhibit Doc.189, # 11 Exhibit February 16, 2011 transcript, # 12 Exhibit FBI agent affidavit, # 13 Exhibit March 30, 2011 transcript, # 14 Exhibit April 27, 2011 transcript, # 15 Exhibit May 9, 2011 transcript, # 16 Exhibit government trial exhibit RS-39, # 17 Exhibit May 9, 2012 transcript, # 18 Exhibit April 5, 2011 transcript, # 19 Exhibit Doc. 171, # 20 Exhibit Doc. 213, # 21 Exhibit April 6, 2011 transcript, # 22 Exhibit April 11, 2011 transcript, # 23 Exhibit April 21, 2011 transcript, # 24 Exhibit April 25, 2011 transcript, # 25 Exhibit May 2, 2012 transcript, # 26 Exhibit May 7, 2012 transcript, # 27 Exhibit April 7, 2011 transcript, # 28 Exhibit April 4, 2011 transcript, # 29 Exhibit April 23, 2012 transcript, # 30 Exhibit May 1, 2012 transcript, # 31 Exhibit May 2, 2012 transcript, # 32 Exhibit March 22, 2011 transcript, # 33 Exhibit Information, # 34 Exhibit Waiver of Indictment, # 35 Exhibit May 9, 2012 transcript) (Stahl, Eliza) (Entered: 07/14/2017) |
| 08/15/2019 | 506 | ORDER TO SHOW CAUSE and Electronic Service upon the US Attorneys Office re 500 MOTION to Vacate under 28 U.S.C. 2255 - It is ORDERED, that: 1. The U.S. Attorney for the Eastern District of New York, as attorney for the respondent, SHOW CAUSE before this Court by the filing of a return to the petitioner, why said motion pursuant to 28 U.S.C. § 2255 should not be granted; 2. Within 20 days of receipt of this order, respondent shall serve a copy of its return on the petitioner herein and file the original thereof with proof of such service, with the Clerk of this Court; 3. Petitioner, within 20 days of receipt by him of a copy of the return, shall file a reply, if any, with the Clerk of this Court; 4. The Clerk of the Court is directed to electronically serve the U.S. Attorney |

| | | |
|---|---|---|
| | | with this order and the motion filed pursuant to 28 U.S.C. § 2255, and to mail a copy of this order to the petitioner. Ordered by Judge Joanna Seybert on 8/15/2019. (Tirado, Chelsea) (Entered: 08/15/2019) |
| 08/20/2019 | 507 | NOTICE OF ATTORNEY APPEARANCE: Todd Scher appearing for Christian Gerold Tarantino (Scher, Todd) (Entered: 08/20/2019) |
| 08/21/2019 | | Electronic ORDER as to Christian Gerold Tarantino re: 506 Order to Show Cause (2255): The Court's Order to Show Cause dated 8/15/2019 (docket entry 506 ) is modified to the extent that the Defendant/Petitioner has 30 days in which to file any further supplement to the initial petition. The Government/Respondent shall then respond to the supplement within 20 days. The Defendant/Petitioner's reply is due within 20 days thereafter. Ordered by Judge Joanna Seybert on 8/21/2019. (Baran, Charles) (Entered: 08/21/2019) |
| 08/30/2019 | 508 | Mail Returned Re: 506 Order to Show Cause mailed to Christian Tarantino marked Return to Sender; No Longer at this Address; Refused; Unable to Forward. (Valle, Christine) (Entered: 09/03/2019) |
| 09/18/2019 | 509 | MOTION for Extension of Time to File Response/Reply *and for Clarification* by Christian Gerold Tarantino. (Scher, Todd) (Entered: 09/18/2019) |
| 09/19/2019 | | ELECTRONIC ORDER granting 509 Motion for Extension of Time to File Response/Reply as to Christian Gerold Tarantino. Petitioner's request for an extension is GRANTED. On or before October 4, 2019, Petitioner shall file one document that shall serve as his operative submission in this matter. The Government shall respond to Petitioner's operative submission on or before October 25, 2019. Petitioner's reply, if any, shall be filed on or before November 15, 2019. Ordered by Judge Joanna Seybert on 9/19/2019. (Alessi, Samantha) (Entered: 09/19/2019) |
| 10/04/2019 | 510 | Amended MOTION to Vacate under 28 U.S.C. 2255 by Christian Gerold Tarantino. (Scher, Todd) (Entered: 10/04/2019) |
| 10/04/2019 | 511 | Letter MOTION for Leave to File Document *In Excess of Word Limitation* by Christian Gerold Tarantino. (Scher, Todd) (Entered: 10/04/2019) |
| 10/08/2019 | | ELECTRONIC ORDER granting 511 Motion for Leave to File as to Christian Gerold Tarantino. The Amended Supplemental Motion (D.E. 510) is accepted as filed. Ordered by Judge Joanna Seybert on 10/8/2019. (Alessi, Samantha) (Entered: 10/08/2019) |
| 10/18/2019 | 512 | Letter *requesting extension of time to respond to amended habeas* as to Christian Gerold Tarantino (Rose, Charles) (Entered: 10/18/2019) |
| 10/18/2019 | | ELECTRONIC ORDER re 512 Letter. The Government's request for an extension is granted. The Government shall file a response by November 25, 2019. Petitioner's reply, if any, shall be filed by December 16, 2019. Ordered by Judge Joanna Seybert on 10/18/2019. (Alessi, Samantha) (Entered: 10/18/2019) |
| 11/25/2019 | 513 | Letter *response to defendant's 2255 motion* as to Christian Gerold Tarantino (Rose, Charles) (Entered: 11/25/2019) |
| 12/03/2019 | 514 | Consent MOTION for Extension of Time to File Response/Reply by Christian Gerold Tarantino. (Scher, Todd) (Entered: 12/03/2019) |
| 12/03/2019 | | ELECTRONIC ORDER granting 514 Motion for Extension of Time to File Response/Reply as to Christian Gerold Tarantino. On consent, Petitioner's reply is now due on or before January 30, 2020. Ordered by Judge Joanna Seybert on 12/3/2019. (Alessi, Samantha) (Entered: 12/03/2019) |
| 01/23/2020 | 515 | Consent MOTION for Extension of Time to File Response/Reply by Christian Gerold |

| | | Tarantino. (Scher, Todd) (Entered: 01/23/2020) |
|---|---|---|
| 01/23/2020 | | ELECTRONIC ORDER granting 515 Motion for Extension of Time to File Response/Reply as to Christian Gerold Tarantino. On consent, Petitioner's reply is due February 14, 2020. Ordered by Judge Joanna Seybert on 1/23/2020. (Alessi, Samantha) (Entered: 01/23/2020) |
| 02/14/2020 | 516 | REPLY TO RESPONSE to Motion re 510 Amended MOTION to Vacate under 28 U.S.C. 2255 (Scher, Todd) (Entered: 02/14/2020) |
| 02/14/2020 | 517 | Consent MOTION for Leave to File Document by Christian Gerold Tarantino. (Scher, Todd) (Entered: 02/14/2020) |
| 02/19/2020 | | ELECTRONIC ORDER granting 517 Motion for Leave to File as to Christian Gerold Tarantino. On consent, Petitioner's reply (filed at D.E. 516) may exceed 10 pages. Ordered by Judge Joanna Seybert on 2/19/2020. (Alessi, Samantha) (Entered: 02/19/2020) |
| 09/14/2020 | 518 | MOTION for Discovery by Christian Gerold Tarantino. (Scher, Todd) (Entered: 09/14/2020) |
| 12/16/2020 | | SCHEDULING ORDER re 518 MOTION for Discovery: In conjunction with his Amended Motion to Vacate pursuant to 28 U.S.C. § 2255 (see ECF No. 510 ), Petitioner Tarantino filed a Motion for Discovery on September 14, 2020, to which the Government has not responded. The Government (1) shall have until January 29, 2021 to file a response to said Motion, and (2) is **ON NOITCE** that if no response is filed by said deadline, the Motion for Discovery will be deemed unopposed, and the Court will rule on it accordingly, together with the underlying § 2255 Motion. Ordered by Judge Joanna Seybert on 12/16/2020.c/ECF (Killigrew, Patricia) (Entered: 12/16/2020) |
| 01/29/2021 | 519 | Letter *opposing motion for discovery on habeas motion* as to Christian Gerold Tarantino (Rose, Charles) (Entered: 01/29/2021) |
| 05/05/2022 | 520 | MEMORANDUM AND ORDER - For the reasons set forth above, IT IS HEREBY ORDERED that Petitioner's Petition (ECF No. 510) is DENIED in its entirety; The Clerk of Court is also directed to terminate Petitioner's original Section 2255 Petition (ECF No. 500), First Supplemental Petition (ECF No. 503), and Second Supplemental Petition (ECF No. ECF No. 505). IT IS FURTHER ORDERED that Petitioner's Discovery Motion (ECF No. 518) is DENIED in its entirety; IT IS FURTHER ORDERED that, because there can be no debate among reasonable jurists that Petitioner was not entitled to habeas relief, the Court does not issue a Certificate of Appealability. IT IS FURTHER ORDERED that the Clerk of the Court mark CLOSED the corresponding civil case, Case No. 16-CV-3770. Signed by Judge Joanna Seybert on 5/5/2022. C/ECF (Valle, Christine) Civil Case 2:16-cv-03770-JS closed. (Entered: 05/05/2022) |
| 07/04/2022 | 521 | NOTICE OF APPEAL as to 520 MEMORANDUM AND ORDER by Christian Gerold Tarantino Filing fee $ 505, receipt number ANYEDC-15713618. (Scher, Todd) Modified on 7/5/2022 (Landow, Concetta). (Entered: 07/04/2022) |
| 07/05/2022 | | Electronic Index to Record on Appeal as to Christian Gerold Tarantino sent to US Court of Appeals 521 Notice of Appeal; Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (Landow, Concetta) (Entered: 07/05/2022) |

| PACER Service Center |
|---|
| Transaction Receipt |

Case 22-1410, Document 12, 07/18/2022, 3349660, Page52 of 91

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
CHRISTIAN GEROLD TARANTINO,

                Petitioner,

                                   <u>MEMORANDUM AND ORDER</u>

     -against-                     08-CR-0655 (JS)

UNITED STATES OF AMERICA,

                Respondent.
---------------------------------X
APPEARANCES
For Petitioner:     Todd G. Scher, Esq.
                  Law Office of Todd G. Scher, P.L.
                  1722 Sheridan Street, No. 346
                  Hollywood, Florida  33020

For Respondent:     Charles N. Rose, Esq.
                  United States Attorney's Office
                  Eastern District of New York
                  610 Federal Plaza
                  Central Islip, New York 11201

SEYBERT, District Judge:

        Christian Gerold Tarantino ("Petitioner") moves this Court to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255 (hereafter, the "Petition"). (See Petition, ECF No. 510.) He contends that his trial counsel was ineffective due to various failures. The Government opposes the Petition. (See Opp'n, ECF No. 513.) Petitioner also requests discovery relating to his § 2255 claims (hereafter, the "Discovery Motion") (see ECF No. 518), which the Government also opposes (see Discovery Opp'n, ECF No. 519). For the following reasons, the Petition and Discovery Motion are **DENIED**.

BACKGROUND

I.   <u>The Underlying Crimes</u>[1]

On June 23, 1994, two individuals, Julius Baumgardt ("Baumgardt") and his partner, were armored car guards working for Mid-Island Check Cashing Company ("MidIsland").  As they began their workday, the guards exited their armored car when Petitioner and Louis Dorval ("Dorval") approached them.  At the time, Petitioner was armed with a shotgun and Dorval was armed with a pistol; a third man, Scott Mulligan ("Mulligan"), sat nearby as a look-out.  Petitioner and Dorval ordered Baumgardt and his partner to the ground.  Though Baumgardt complied, Dorval shot and killed him with the pistol.

After the murder, Petitioner, Dorval, and Mulligan fled and dumped the pistol in a self-storage facility.  The pistol, registered in Dorval's name, was recovered by Nassau County Police shortly after Baumgardt's death.

Petitioner became concerned that Dorval might eventually cooperate with police and implicate Petitioner in the Baumgardt murder.  Therefore, as he confided in Mulligan and another person,

---

[1]  The Court assumes the parties' familiarity with the facts of this case.  For the reader's convenience, it provides this factual background, which is drawn from the Indictment (ECF No. 1) and Petitioner's 2011 and 2012 criminal trials before this Court and as were previously set forth in the Court's Memorandum & Order ("M&O") denying Petitioner's motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.  (See Rule 33 M&O, ECF No. ECF No. 404; see also Mot. New Trial, ECF No. 388).

Vincent Gargiulo ("Gargiulo"), he resolved he would "take care of the problem." Thereafter, in the summer of 1994, Petitioner told Mulligan that Dorval had been killed and that he needed to dispose of Dorval's body. Mulligan complied: He contacted an acquaintance to borrow a boat, which Mulligan and Petitioner used the next day to take Dorval's body, then stuffed into a tool bin, off the Long Island shore and threw it into the Atlantic Ocean.

For years, the state of affairs remained unchanged. Then, in the fall of 2000, Gargiulo secretly tape-recorded Petitioner, who admitted to his involvement in the Baumgardt and Dorval murders (hereafter, the "Gargiulo Tape"). Thereafter, Gargiulo threatened to blackmail Petitioner,[2] claiming that if Petitioner did not pay Gargiulo, then Gargiulo would turn the Gargiulo Tape over to the police. Petitioner refused Gargiulo's demand; instead, he hired his business associate, Justin Bressman ("Bressman"), to kill Gargiulo, which Bressman did on August 18, 2003.

On September 23, 2008, a four-count Indictment charged Petitioner with: (1) Count One: the 1994 murder of Baumgardt; (2) Count Two: the 1994 murder of Dorval; (3) count Three: conspiracy to commit the obstruction-of-justice murder of Gargiulo; and (4) Count Four: the 2003 murder of Gargiulo. A jury trial commenced

---

[2]  Apparently, Gargiulo was under financial pressures following the downfall of his gym business.

before this Court on March 28, 2011.  On May 23, 2011, the jury
convicted Petitioner of Counts One and Two of the Indictment, i.e.,
the Baumgardt and Dorval murders.  The jury, however, did not reach
a verdict on Counts Three and Four.

On April 23, 2012, a re-trial commenced on Counts Three
and Four of the Indictment.  A jury subsequently convicted
Petitioner on Count Three, the "Conspiracy to Commit the
Obstruction-of-Justice Murder" of Gargiulo, but acquitted him on
Count Four, the "Obstruction-of-Justice Murder" Vincent Gargiulo.
On April 24, 2013, Petitioner was sentenced to life imprisonment
for his convictions on Counts One, Two, and Three, with the
sentences to run concurrently.  (See Sent'g Min. Entry, ECF No.
427.)  Judgment entered on April 26, 2013.  (See J., ECF No. 428.)

II.  Procedural History

On June 8, 2012, Petitioner filed a motion for a new
trial pursuant to Rule 33 of the Federal Rules of Criminal
Procedure.  (See Mot. New Trial, ECF No. 388.)  Petitioner claimed
that his first trial counsel, James R. Froccaro, Esq. ("Froccaro"),
operated under a conflict of interest.  Petitioner further
requested a hearing to demonstrate that Froccaro received
benefactor payments from Mulligan that adversely affected
Froccaro's performance as Petitioner's attorney.  (Id. at 7-8.)
The Court denied Petitioner's motion on procedural grounds finding
that Froccaro's purported conflict did not excuse Petitioner from

filing a timely motion for a new trial, and the proper avenue to pursue this argument was on appeal. (Rule 33 M&O, ECF No. 404, at 13-14.)

On November 14, 2014, Petitioner appealed his conviction and sentence to the Second Circuit Court of Appeals; the Circuit affirmed this Court's Judgment. See United States v. Tarantino, 617 F. App'x 62 (2015). It held that: (1) the Indictment sufficiently alleged a violation of 18 U.S.C. § 33; (2) there was sufficient evidence to sustain Petitioner's conviction for Dorval's murder; (3) Petitioner implicitly waived his right to be present at two court teleconferences; (4) an incriminating audio recording was not inadmissible under the Omnibus Crime Control and Safe Streets Act of 1968, and that this Court did not abuse its discretion in denying an evidentiary hearing; (5) the Government did not deny Petitioner of his due process rights by pursuing purportedly inconsistent theories with respect to Dorval's murder; (6) this Court acted within its discretion by denying Petitioner's motion for a new trial; and (7) this Court properly denied Petitioner's motion to disqualify one of the Assistant U.S. Attorneys on the case. Id. at 64-66.

In his appeal, Petitioner also renewed his claim, originally raised in his Rule 33 Motion, of ineffective assistance of counsel on the grounds that Froccaro bore a conflict of

interest.  However, the Circuit declined to hear the claim, preserving it for collateral review.  Id. at 65-66.

On June 27, 2016, Petitioner filed a pro se petition pursuant to 28 U.S.C. § 2255 bringing three claims: (1) that his 18 U.S.C. § 33 conviction was unconstitutionally vague; (2) that the Government pursued inconsistent theories regarding Dorval's murder; and (3) ineffective assistance of counsel on the grounds that Froccaro operated under a conflict of interest.  (Original Section 2255 Petition, ECF No. 500, at 4-5.)  On June 27, 2017 and through counsel, Petitioner filed a supplemental Section 2255 petition raising numerous ineffective assistance of counsel claims based on the following alleged failures: (1) Froccaro failed to argue that the Government did not prove the jurisdictional element required by 18 U.S.C. § 33; (2) Froccaro operated under an undisclosed benefactor conflict; (3) Froccaro excluded Petitioner from pre-screening of jurors; (4) re-trial counsel failed to seek the Court's recusal for bias; and (5) re-trial counsel failed to seek the exclusion of allegedly inadmissible evidence.  (See First Supp. Petition, ECF No. 503, at 3-44.)  On July 14, 2017 and with leave of the Court, Petitioner filed his second counseled supplemental Section 2255 Petition.  (See Second Supp. Petition, ECF No. 505.)

On September 19, 2019, the Court directed Petitioner to "file one document that shall serve as [Petitioner's] operative

6

submission in this matter." (Sept. 19, 2019 Elec. Order.)  In
compliance, on October 4, 2019 and through newly retained counsel,
Petitioner filed his "Amended Motion to Vacate,"[3] which effectively
renewed the claims asserted in the Supplemental Petitions, and
articulated the additional claim that trial counsel was
ineffective for failing to permit Petitioner to testify during the
motion to suppress the Gargiulo Tape. (See generally Petition;
see id. at 29-30.)  On November 25, 2019, the Government filed its
Opposition (see ECF No. 513), to which Petitioner replied on
February 14, 2020 (see ECF No. 516).

On September 14, 2020, Petitioner filed his Discovery
Motion (see ECF No. 518); the Government opposed the Discovery
Motion on January 29, 2021 (see Discovery Opp'n, ECF No. 519).
The Court rules on both the Petition and Discovery Motion herein.

DISCUSSION

I. Legal Standard

To obtain relief under Section 2255, a petitioner must
demonstrate "a constitutional error, a lack of jurisdiction in the
sentencing court, or an error of law or fact that constitutes a
fundamental defect which inherently results in a complete
miscarriage of justice." Cuoco v. United States, 208 F.3d 27, 30
(2d Cir. 2000) (internal quotation marks and citations omitted).

_____

[3] The "Amended Motion to Vacate" (ECF No. 510) has previously been
defined herein as the "Petition". (See supra at 1.)

A petitioner must also show that the error had "substantial and injurious effect" that caused "actual prejudice." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (internal quotation marks and citations omitted); Underwood v. United States, 166 F.3d 84, 87 (2d Cir. 1999) (applying Brecht to a § 2255 motion).

To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). A Court must exercise its discretion sparingly because Section 2255 applications "are in tension with society's strong interest in the finality of criminal convictions." Elize v. United States, No. 02-CV-1530, 2008 WL 4425286, at *5 (E.D.N.Y. Sept. 30, 2008) (internal quotation marks and citation omitted); see also Brecht, 507 U.S. at 633-34.

II. Analysis

 A. Ineffective Assistance of Counsel

For Petitioner to prevail on his ineffective assistance of counsel claims, he must "(1) demonstrate that his counsel's performance 'fell below an objective standard of reasonableness' in light of 'prevailing professional norms,' and (2) 'affirmatively prove prejudice' arising from counsel's allegedly deficient representation." United States v. Cohen, 427 F.3d 164, 167 (2d Cir. 2005) (quoting Strickland v. Washington, 466 U.S.

668, 688, 693 (1984)).  When considering counsel's alleged errors, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.  If a petitioner is able to establish an error of constitutional magnitude, he must next establish that he was prejudiced by counsel's performance, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

### 1. 18 U.S.C. § 33 Claim

Petitioner claims that defense counsel from his first trial, Froccaro, was ineffective for failure to raise a jurisdictional challenge to Count One of the Indictment.  For the reasons that follow, Petitioner's claim fails.

Title 18 of the United States Code, Section 33 provides:

> (a) Whoever willfully, with intent to endanger the safety of any person on board or anyone who he believes will board the same, or with a reckless disregard for the safety of human life, damages, disables, destroys, tampers with, or places or causes to be placed any explosive or other destructive substance in, upon, or in proximity to, any motor vehicle which is used, operated, or employed in interstate or foreign commerce, or its cargo or material used or intended to be used in connection with its operation; or

> Whoever willfully, with like intent, damages, disables, destroys, sets fire to, tampers with, or places or causes to be placed any explosive or other destructive substance in,

upon, or in proximity to any garage, terminal, structure, supply, or facility used in the operation of, or in support of the operation of, motor vehicles engaged in interstate or foreign commerce or otherwise makes or causes such property to be made unworkable, unusable, or hazardous to work or use; or

Whoever, with like intent, willfully disables or incapacitates any driver or person employed in connection with the operation or maintenance of the motor vehicle, or in any way lessens the ability of such person to perform his duties as such; or

Whoever willfully attempts or conspires to do any of the aforesaid acts--

shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 33. Count One of the Indictment charged Petitioner as follows:

On or about June 23, 1994, within the Eastern District of New York, the defendant CHRISTIAN GEROLD TARANTINO, together with others, willfully and with a reckless disregard for the safety of human life, disabled and incapacitated Julius Baumgardt and John Doe 1, who were drivers and persons employed in connection with the operation of a motor vehicle used, operated and employed in interstate commerce, to wit: A Mid-Island armored van, and lessened the ability of such persons to perform their duties, which offense resulted in the death of Julius Baumgardt.

(Indictment at ¶ 18.)

As an initial matter, Petitioner has previously filed multiple motions with respect to Count One. Prior to trial, Froccaro moved to dismiss Count One of the Indictment for failure

to allege an intent element under 18 U.S.C. § 33; that motion was denied by this Court. (See Dec. 15, 2010 M&O, ECF No. 116.)  After Petitioner's first trial, and his conviction on Count One, re-trial counsel, Stephen Rosen, Esq., filed another motion to dismiss Count One for failure to state an offense under 18 U.S.C. § 33; that motion was also denied. (See Nov. 21, 2012 M&O, ECF No. 408.)

On appeal, Petitioner again attacked his Count One conviction on the basis that the Indictment was defective for (1) failure to allege that Petitioner acted with intent to endanger the safety of any person on board, and (2) failure to allege that Petitioner acted with intent to either damage a motor vehicle or to incapacitate its driver or employee while "on board" or "while operating" the vehicle. Tarantino v. United States, No. 13-1799-CR, 2014 WL 6602157, at *44-56, App. Br. (2d Cir. Nov. 10, 2014) (hereafter, "Tarantino Appellate Brief").  The Second Circuit rejected Petitioner's claim finding this Court properly denied Petitioner's motions to dismiss the Indictment, and that the Indictment "plainly tracked the language of the statute, contained the elements of the offense charged [], and fairly informed Tarantino of the charge against him." Tarantino, 617 F. App'x at 64.

In his latest iteration attacking his Count One conviction, Petitioner argues that Froccaro was ineffective for failing to object to this charge on jurisdictional grounds, arguing

11

that the evidence at trial was insufficient to demonstrate that the armored car operated by Baumgardt on June 23, 1994 was "used, operated, or employed in interstate or foreign commerce." (Petition at 1-4.) Petitioner's claim is without merit.

At trial, Frank Fede ("Fede"), MidIsland's owner, testified:

> Question: And how did you use the armored van?
>
> Answer: To deliver payrolls to certain companies around Long Island in Queens.
>
> Question: In addition to Long Island and Queens, did you service any companies outside of New York State?
>
> Answer: No.
>
> Question: Did you ever service companies in the Port of Newark?
>
> Answer: Yes.
>
> Question: In the Port of Newark, what kind of companies did you serve?
>
> Answer: We did the tankers that came in from foreign countries, and we would service the ships.

(Tr.[4] 808:10-21.) Later, Fede also testified:

---

[4] "Tr." refers to the trial transcript from Petitioner's first trial, which began on March 28, 2011 and concluded on May 23, 2011. "Re-trial" refers to the trial transcript from Petitioner's re-trial on Counts Three and Four of the Indictment, which took place from April 23, 2012 through May 14, 2012.

> Question: You said the vans would bring
> payroll to companies.  Would these
> be commercial companies?
>
> Answer:   Yes.
>
> Question: And is it fair to say these were
> large companies?
>
> Answer:   Yes, sir.
>
> Question: National companies?
>
> Answer:   Yes.
>
> Question: One of your customers in or about
> 1994 was Airborne Express?
>
> Answer:   Yes, sir.
>
> Question: And that was, I guess, for
> lack of a better term, a
> competitor to FEDEX or UPS?
>
> Answer:   Yes.

(Tr.  809:7-19.)  Fede went on to testify that Baumgardt, a MidIsland employee and victim of the June 23, 1994 robbery and murder, was assigned to a payroll route servicing several businesses on Long Island, including Airborne Express, on the day he was killed.  (Tr. 812:18-813:8, 817:5-13.)

To demonstrate jurisdiction under Section 33, the Government must prove that the motor vehicle in question was "used, operated, or employed" in interstate or foreign commerce.  Section "33 requires no more than proof that the vehicles were used in furtherance of or in conjunction with the interstate activities of entities employing the vehicles."  United States v. Lowe, 65 F.3d

13

1137, 1147-48 (4th Cir. 1995). Further, it is not necessary that the implicated vehicle be traveling interstate at the time of the crime. See United States v. Heightland, 865 F.3d 94, 95 (6th Cir. 1989).

Here, the Government met its burden establishing jurisdiction under Section 33. Fede testified that MidIsland serviced businesses in New York and businesses in the Port of Newark, New Jersey, and specifically tankers that came in from foreign countries. This testimony demonstrated that MidIsland was engaged in interstate commerce, if not also foreign commerce. Hence and in accordance with the teachings of Lowe, the MidIsland vehicle Baumgardt was driving at the time he was robbed and murdered fell under the purview of Section 33. Thus, Froccaro was not ineffective for failing to object to Count One on jurisdictional grounds.

Petitioner argues that, but for counsel's deficient performance, a pre-trial investigation would have revealed that MidIsland vans were only ever registered in New York. However, Petitioner's claims, and attached exhibits demonstrating New York registration, do not refute the trial testimony that the vans were used to service the Port of Newark, i.e., in conjunction with the interstate activities of MidIsland. Section 33 does not require that the motor vehicle in question be registered in multiple states, but only that they be used, operated, or employed in

14

conjunction with interstate commerce.  See Lowe, 65 F.3d at 1147 ("[T]he vehicles must be used in connection with or in furtherance of the interstate market activities of the entities operating or employing the vehicles.").  Accordingly, counsel's representation was not deficient for purportedly failing to come upon MidIsland's vehicle registration history; nor did the lack of such documentation prejudice Petitioner in any way.[5]

Accordingly, the Court rejects Petitioner's this claim of ineffective assistance of counsel.

### 2. Conflict of Interest Claim

Petitioner asserts that counsel Froccaro was ineffective because of a conflict of interest.  As part of this claim, Petitioner argues that Froccaro operated under an actual conflict due to (1) "joint representation" of Petitioner and Mulligan, and (2) undisclosed benefactor payments made by Mulligan for Petitioner's legal representation.  (Petition at 20-24.) Petitioner contends that Froccaro failed to shift blame to Mulligan for the Baumgardt and Dorval murders because of this conflict; therefore, Froccaro operated under an actual conflict.  In turn,

---

[5] Petitioner also advances an argument that because Fede testified that "we did the tankers that came in from foreign countries, and we would service the ships," he was referencing another of the businesses he owned.  However, given the line of questioning asked of Fede, which specifically targeted MidIsland's services, Petitioner's argument is speculative.

prejudice is presumed warranting the convictions on all counts be vacated. For the following reasons, this claim is without merit.

To demonstrate a denial of effective representation due to the trial lawyer's conflicting loyalties, Petitioner must meet a two-pronged test. First, Petitioner must show that "counsel actively represented conflicting interests." Cuyler v. Sullivan, 446 U.S. 335, 350 (1980); see also United States v. Aiello, 814 F.2d 109, 112 (2d Cir. 1987). Petitioner has the burden of showing that his lawyer had an actual conflict of interest; "the possibility of conflict is insufficient to impugn a criminal conviction." Cuyler, 446 U.S. at 350.

Second, Petitioner must demonstrate that the conflict of interest "adversely affected his lawyer's performance," Cuyler, 446 U.S. at 348, and that the conflict caused a "lapse in representation." United States v. Iorizzo, 786 F.2d 52, 58 (2d Cir.1986) (quoting Cuyler, 446 U.S. at 349). "To prove a lapse in representation, a defendant must demonstrate that some plausible alternative defense strategy or tactic might have been pursued, and that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." United States v. Malpiedi, 62 F.3d 465, 469 (2d Cir. 1995).

In support of this claim, Petitioner provides an affirmation from Attorney Eliza D. Stahl.[6] (Stahl Aff., ECF No. 505-1.) Stahl states that she has known Petitioner since middle school, and, that at Petitioner's request, she assisted Froccaro in preparing for Petitioner's defense between 2008 and 2011. (Id. at ¶ 2.) However, Stahl was not Petitioner's attorney of record.[7] Stahl further "affirmed": Mulligan paid Petitioner's $150,000 retainer fee to Froccaro, as well as other legal fees over time (see id. at ¶ 3); Froccaro told her that "during the time period 2008-2011," he was also representing Mulligan, who was a suspect in the crimes for which Petitioner was charged (id. at ¶ 5); and "when Mulligan was in town from Florida," Froccaro would consult with Mulligan (id.).

Petitioner further supports his claim by arguing that Froccaro operated under an undisclosed benefactor conflict. Petitioner argues that because Mulligan paid a portion of his legal fees, Froccaro's loyalties were divided and prevented him from

---

[6] Stahl also provided a second affirmation in which she averred that her basis of knowledge for Froccaro's dual representation of Petitioner and Mulligan is her multiple conversations with Froccaro, and that while Froccaro did not have a retainer agreement with Mulligan, neither did he have one for Petitioner. (Stahl Reply Aff., Ex. B, attached to Reply, ECF No. 516 at ECF pp. 28-30, ¶¶ 4, 6.)

[7] When she filed the First Supplemental Petition on June 27, 2017, Stahl also filed her Notice of Appearance, thereby becoming attorney of record. (See ECF No. 501.)

pursuing a defense strategy that implicated Mulligan.  In support of his argument, Petitioner cites United States v. Locasio, where counsel was found to be operating under an actual conflict as a result of receiving "benefactor payments."  6 F.3d 924, 932 (2d Cir. 1993).

In Locasio, the Government moved to disqualify John Gotti's attorney, which motion the district court granted.  See id. at 932 (citing United States v. Gotti, 771 F. Supp. 552 (E.D.N.Y. 1991)).  It did so for three reasons.  First: There was strong evidence that Gotti paid significant sums of money for legal services rendered to others; thus, "by receiving 'benefactor payments' from Gotti to represent others in the crime enterprise," the attorney "acted as 'house counsel' to the Gambino Crime Family."  Id.  Second:  Because the attorney had "participat[ed] in government-taped conversations at which illegal activity was discussed," the attorney's representation of Gotti would be impaired, with his "mere presence at trial . . . mak[ing] him an 'unsworn witness' before the jury in explaining his own conduct and interpreting Gotti's conversations on the tape."  Id. (citation omitted).  Third:  In a taped conversation, Gotti implied he had paid his attorney "under the table" and "[t]his made [the attorney] a potential accomplice as well as a potential witness to Gotti's tax fraud."  Id.  The Circuit Court affirmed the district court's disqualification ruling and, in doing so, agreed with the three

grounds upon which the district court based its ruling.  See id.
at 932-34.

The facts of this case are distinguishable from to those
in Locasio.  Mulligan's contribution to Petitioner's legal fees,
without more, does not establish Froccaro as "house counsel" for
Petitioner and Mulligan's criminal activities or render him an
unsworn witness.  Further, Petitioner fails to demonstrate how
Mulligan's contribution to Petitioner's legal fees caused a
divergence of interests between Petitioner and Froccaro.[8]

Moreover, Petitioner is unable to demonstrate that
Froccaro operated under an actual conflict.  Stahl's affirmation
does not establish that Froccaro was simultaneously represented
Mulligan and Petitioner; instead, in a conclusory fashion, she
states that Froccaro was representing Mulligan between 2008 and

---

[8]  Stahl's affirmation includes a statement suggesting Froccaro
may have destroyed Garguilo's blackmail letter to Mulligan
(hereafter, the "Letter").  (See Stahl Aff. ¶¶ 11-12.)  By way of
background:  The issue of a potential conflict was first raised by
defense counsel at Petitioner's re-trial during an evidentiary
argument.  (Re-trial 7:4-11.)  Because the Letter itself was
missing, the Government sought to introduce secondary evidence
regarding its contents through testimony from Mulligan's wife,
Manon Mulligan, who received the Letter.  A mutual friend of both
Petitioner and Mulligan, Keith Pellegrino, told Manon that he
intended to deliver the letter to Mulligan's attorney at the time,
Froccaro.  (Re-trial 10:24-11:25.)  After Mulligan became a
cooperating witness, he waived attorney-client privilege to allow
Froccaro to respond to a Government subpoena seeking production of
the Letter.  Froccaro's response was that he never received it.
(See ECF No. 357 at 3 n.1.)  Thus, Stahl's affirmation is
insufficient to demonstrate that Froccaro's interests diverged
from those of his client, Petitioner.

2011. However, the record demonstrates that Froccaro represented Mulligan in an unrelated drug matter from 2001, for which Mulligan pled guilty in May 2002. (Re-trial 1572:13-23.) Therefore, Froccaro's representation of Mulligan was resolved in 2002, six years prior to being retained by Petitioner in the instant matter. Further, Mulligan was not arrested for the crimes at issue here until December 2011 (Re-trial 1613:6-10), after Petitioner's first trial concluded in May 2011. In August 2011, Froccaro sought to be relieved from representing Petitioner, and his motion was granted by the Court. (See ECF No. 268.) Additionally, upon his December 2011 arrest, Mulligan retained counsel in Florida where he was arrested and was not represented by Froccaro in this matter. (Re-trial 1638:11-16.)

Accordingly, Petitioner fails to demonstrate an actual conflict. While Stahl's affirmation includes a number of conclusory allegations that Froccaro believed he was representing Mulligan, they are not enough to demonstrate that Froccaro jointly represented Petitioner and Mulligan during Petitioner's first trial. In sum, the possibility of conflict is insufficient to impugn Petitioner's criminal conviction. See Cuyler, 446 U.S. at 350 ("[U]ntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance.").

Even assuming _arguendo_ that an actual conflict existed, Petitioner's alternate defense strategy is simply not plausible. Petitioner proffers examples of opportunities where Froccaro could have shifted the blame for Baumgardt and Dorval's murders to Mulligan; however, the evidence elicited at trial does not support Petitioner's argument.  Rather, the trial evidence demonstrated that Petitioner and Mulligan were, in fact, co-conspirators rather than alternative suspects in the murders.  (Tr. 624:19-23, 638:21-639:5, 640:1-14, 902:21-903:14, 908:1-7, 1187:19-23, 1191:15-1193:5, 1198:7-1199:9.)  Accordingly, Petitioner is unable to demonstrate a lapse in representation.

As such, Petitioner's conflict of interest claim is unavailing.

### 3. Exclusion of Petitioner Claim

Petitioner argues that he is entitled to relief on the grounds that Froccaro wrongfully excluded him from two pretrial telephone conferences regarding juror screenings.  (Petition at 24-25.)  For the following reasons, Petitioner's claim is denied.

On March 17 and 21, 2011, telephone conferences were held in which the Court and counsel participated to pre-screen anonymous jurors on the basis of hardship and cause.  (See generally Mar. 17, 2011 Tr., ECF No. 468-6; Mar. 21, 2011 Tr., ECF No. 483.)  Prior to the telephone conferences, the Court directed Froccaro to review the jury selection questionnaires with

Petitioner to ascertain the type of jury Petitioner would like impaneled. (Mar. 15, 2011 Tr. 40:13-21, ECF No. 464-4.) Now, Petitioner avers "[m]y first trial counsel never met with me before jury selection to review the questionnaires completed by potential jurors." (Petitioner Aff., ECF No. 505-2, at ¶ 2.)

Petitioner raised the crux of this claim on direct appeal, arguing that his right to be present during the pre-qualification of jurors was violated as he never waived that right. Tarantino Appellate Brief, 2014 WL 6602157, at *70-76. As he does here, Petitioner argued that Froccaro did not review the juror questionnaires with him prior to the two telephone conferences. Id. at *74-75. The Second Circuit disagreed, and held that, even assuming he had a right to be present, Petitioner impliedly waived that right. Tarantino, 617 F. App'x at 64-65. Although Petitioner now raises the same claim, albeit cast as an ineffective assistance of counsel claim, the "so-called mandate rule bars re-litigation of issues already decided on direct appeal." Yick Man Mui v. United States, 614 F.3d 50, 53 (2010) (citing Burrell v. United States, 467 U.S. 160, 165 (2d Cir. 2006)) (relying upon the mandate rule to bar ineffective assistance of counsel claims raised in habeas petitions where the factual predicates of those claims were resolved on direct appeal).

Accordingly, Petitioner's claim that counsel was ineffective for failure to include Petitioner in juror screening is rejected as barred.

### 4. Failure to Seek Court's Recusal Claim

Petitioner asserts that re-trial counsel provided ineffective assistance of counsel for failure to seek recusal of the Court. (Petition at 25-27.) Petitioner's claim is without merit.

Following his first trial, Petitioner moved pro se seeking the Court's recusal prior to his re-trial. (See Recusal Motion, ECF No. 410.) Petitioner argued that the Court demonstrated bias in its handling of cooperating witness Mulligan. (Id.) The Court denied Petitioner's recusal motion finding that his claims were wholly without merit. (See Recusal M&O, ECF No. 413.)

Petitioner now seeks habeas relief on the grounds that re-trial counsel was ineffective for failing to join Petitioner's pro se motion and seek the Court's recusal. The Court is unpersuaded.

It is unclear what benefit there would have been in re-trial counsel having joined Petitioner's recusal motion or otherwise filing a recusal motion, especially in light of the Court's ruling that "[t]here [wa]s nothing erroneous about the Government's indictment of Mulligan, and that this Court presided

over [Petitioner]'s criminal trial in which Mulligan testified against [Petitioner] does not objectively raise any doubt that justice would be done absent recusal." (Recusal M&O at 5.) In other words, Petitioner has not demonstrated how he was prejudiced by the re-trial counsel's not moving for recusal, especially since he, himself, sought recusal. In any event, Petitioner's arguments here are little more than regurgitations of his original recusal arguments, i.e., that the Court somehow assisted the Government in making its case against Petitioner by way of its ruling. (See Petition at 25, 27.) The Court already rejected Petitioner's "own subjective arguments," which are little more than disagreements with judicial rulings,[9] and "not evidence of extraneous bias." (Recusal M&O at 5.) See also Litkey v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." (citing United States v. Grinnel Corp., 384 U.S. 563, 583 (1966)). As the

---

[9] As succinctly stated by the Government:

> [T]he defendant's motion to recuse is based on no evidence of extrajudicial data, opinions, or evidence of any bias whatsoever. The motion rests solely upon the defendant's disappointment that the Court made judicial findings, and considered and rejected an earlier motion regarding the applicability of 18 U.S.C. § 33. That judicial ruling is not a valid basis for recusal.

(Recusal Opp'n, ECF No. 409, at 2.) The same is true regarding the present Petition.

Government aptly argues here, "it . . . was certainly not
unreasonable for counsel not to advance a recusal claim on a wholly
speculative basis." (Opp'n, ECF No. 513, at 9; see also id. at
note 9 ("The government submits that if no lawyer was willing to
file a good faith certificate previously on the [Petitioner's pro
se] recusal motion, re-trial counsel did not act unreasonably in
failing to file a recusal motion in the absence of a good faith
basis.").) The Court agrees. Given the record of this action,
the decision of re-trial counsel not to seek the recusal of the
undersigned fell well within the wide range of reasonable
professional assistance and does not demonstrate deficient
performance. Therefore, Petitioner's failure-to-seek-recusal
argument is unavailing and, accordingly, is rejected.

### 5. Inadmissible Evidence Claim

Petitioner contends that re-trial counsel was
ineffective for failure to object to inadmissible evidence.
Specifically, Petitioner argues that, but for counsel's failure to
object to a post-mortem statement regarding an individual name
"Matty Roth" and the client identification evidence from attorney
Melvyn Roth, the evidence to convict Petitioner on Count Three at
the re-trial would have been insufficient. (Petition at 27-29.)
Petitioner's claim fails.

At the re-trial, Pablo Amador ("Amador") testified
regarding his role in Garguilo's murder, stating: he was Bressman's

brother-in-law; in August 2003, Bressman told Amador that his Synergy Gym boss, Mattie Roth ("Mattie"), was going to pay him (Bressman) $35,000 to kill Garguilo (Re-Trial 942:24-943:6); if he acted as a lookout, Bressman would pay him $3,500; he agreed to the lookout offer; and, Bressman shot and murdered Garguilo on August 18, 2003. (Re-trial 944:25-945:4.) Thereafter, on August 21, 2003, Bressman told Amador that he (Bressman) had just been released from a Manhattan police precinct after N.Y.P.D. detectives picked him up for questioning, but that Mattie had gotten him a lawyer. (Re-trial 966:1-8.)

Melvyn Roth ("Roth"), an attorney who represented Petitioner from time to time, testified that he received a call from Petitioner on August 21, 2003. (Re-trial 1126:15-22.) Petitioner asked Roth to represent Bressman, who was being questioned by police; Roth then contacted the precinct, told police he represented Bressman, and instructed the police to cease questioning Bressman. (Re-trial 1126:23-7.)

> During summation, the Government stated:
>
> And you saw yourself, Mel Roth coming here, get up on the stand and tell all of you that he was directed to call the NYPD that day; that he was directed to break up the interview of Justin Bressman by the defendant.
>
> And why is that relevant? Two reasons. First, it shows you that indeed there is no Mattie Roth. It is just a lie told by Bressman. Mattie Roth is actually Chris Tarantino, Bressman's actual boss at Synergy, the person

26

> who offered Bressman $35,000 to assassinate
> Vinnie.
>
> Second, Mel Roth's testimony shows the
> defendant's consciousness of guilt. It shows
> the defendant wanted to control Bressman. He
> didn't want Bressman telling the NYPD the
> truth that he had killed Garguilo and that he
> had been hired to do it by that man, the
> defendant. And when Mel Roth did the
> defendant's bidding and broke up the
> interview, the NYPD detectives released
> Bressman.

(Re-trial 1875:11-1876:5.)

Petitioner argues that re-trial counsel was ineffective
for failing to object to the following evidence as being
inadmissible: (1) Bressman's post-mortem statement regarding
Mattie hiring a lawyer; and (2) Roth's testimony identified
Petitioner as his client. He further contends re-trial counsel
was ineffective for not objecting to the Government's summation
comments regarding Mattie and Roth's testimony.

Petitioner fails to demonstrate that Bressman's post-
mortem statements regarding Mattie are inadmissible. During re-
trial, the Court admitted testimony from Amador regarding
statements made by Bressman pursuant to Rule 801(d)(2)(E) of the
Federal Rules of Evidence as statements made during the course of
and in furtherance of a conspiracy. While Petitioner seems to
support his claim by arguing that the conspiracy had concluded by
the time Bressman was questioned by police, Bressman's statements
were, nonetheless, admissible pursuant to Evidentiary Rule 804,

since Bressman was unavailable as a witness.[10]    Accordingly,
Petitioner cannot demonstrate that re-trial counsel's performance
was deficient for failure to object to admissible testimony.

At the first trial, and prior to Roth's testimony, the
Court ruled that Roth's testimony regarding the identity of the
individual who contacted him to represent Bressman, and any fees
associated with his representation of Bressman, was not privileged
information. (Tr. 1883:18-22, 1884:18-23, 1866:7-10, 1876:12-21.)
Thus, at both trial and re-trial, Roth's testimony was admitted.
Now, Petitioner contends that this testimony was privileged as it
incriminated Petitioner by "inserting the last 'direct link' to
convict petitioner casting him as co-conspirator 'Matty Roth.'"
(Petition at 28.)  Petitioner relies on United States v. Goldberger
& Dublin, P.C., 935 F.2d 501 (2d Cir. 1991), to advance his
argument that where "disclosure of client-identifying information
would directly incriminate the client by providing direct linkage
in an existing chain of evidence presented against the client" a
special circumstance exists under which the client's identity
would be privileged. (Petition at 18.)  However, Roth's testimony
was not the last direct link, but rather corroborative of other

---

[10]   Anticipating Roth would move to quash the Government's trial
subpoena compelling him to testify, the Government submitted a
letter to the Court asserting, inter alia, that Bressman's
whereabouts were unknown; neither friends nor family had heard
from Bressman since October 2003, and he did not appear in any
database searches for any possible arrests. (See ECF No. 213.)

evidence establishing Petitioner's guilt. Therefore, the disclosure of Petitioner's client identity was not privileged and was properly admitted in this case. Thus, it follows that re-trial counsel's performance was not deficient for failure to object to proper testimony.

Last, Petitioner argues that the Government's summation comments "trumpeted the relevance of the patently inadmissible evidence." (Petition at 28.) Not so. As discussed, the evidence referenced by the Government in its summation was admissible. Moreover, as the Government states:

> Given the testimony of Melvyn Roth at retrial, in which he admitted that he was asked by the petitioner to "represent an individual who was being questioned by detectives in Manhattan," the idea that the government's inferential argument that the petitioner did so to break up the interview, and underscores the petitioner's consciousness of guilt, cannot by any means be deemed an objectively reasonable basis to object.

(Opp'n at 10.) Accordingly, Petitioner cannot show deficient performance for failure to object to the Government's summation commentary.

Furthermore, Petitioner cannot demonstrate prejudice that, but for admission of the aforementioned testimony, he would have been acquitted of Count Three. As the Government aptly argues, "[e]ven assuming that the [P]etitioner could show that the post-mortem statement was inadmissible and that counsel should

Case 22-1410, Document 12, 07/18/2022, 3349660, Page81 of 91

have reasonably objected to its admission, the evidence of the [P]etitioner's guilt was overwhelming." (Id.)

Because Petitioner is unable to demonstrate either deficient performance or prejudice regarding the alleged inadmissible evidence, his cannot maintain his ineffective assistance of counsel claim on this basis.

### 6. Failure to Allow Petitioner to Testify Claim

Petitioner claims that both trial counsel and re-trial counsel rendered ineffective assistance when they failed to proffer Petitioner's testimony in support of their motions to suppress the Garguilo Tape. The Court is unconvinced.

Petitioner contends counsel misadvised him that if he should testify at a suppression hearing regarding the Tape, that testimony would be used against him at trial. (Petition at 29-30.) Petitioner argues that, but for counsel's misadvice, his testimony would have provided the "linchpin" to suppress the tape. (Id. at 30.) However, the only testimony proffered by Petitioner was that Garguilo began extorting him "shortly" after the tape was made; he provides no further details. It is also noteworthy that in support of this claim, Petitioner renews – almost verbatim – his arguments raised in multiple prior motions to demonstrate corroboration of Petitioner's proffered testimony. (See Suppression Motion, ECF No. 356.) Specifically, Petitioner argues that Garguilo was experiencing financial hardship at the time he

recorded his conversation with Petitioner, which hardship was Garguilo's motivation to create the Tape to impermissibly use for blackmail purposes. (See Petition at 29 ("Garguilo did begin to extort cash from [Petitioner] with the threat of disclosure of the [T]ape to police shortly after he [created] it, evidencing his contemporaneous intent to misuse the [T]ape to extort from the outset . . . ."); see also id. at 29-30.)  Thus, Petitioner's proffered testimony does not provide any new evidence to the Court. And, as the Government argues, "it strains the bounds of credulity to believe that the petitioner never advised his trial or retrial counsel that he could have testified or even offered an affidavit regarding Garguilo's alleged primary intent."  (Opp'n at 10.)

In any event, the Court previously ruled, prior to both trials, that the Garguilo Tape was admissible.  (ECF Nos. 116, 223, 404.)  Further, on appeal, Petitioner raised the issue of the Garguilo Tape, arguing it was improperly admitted as evidence at both trials.  See Tarantino Appellate Brief, 2014 WL 6602157, at *76-84.  The Second Circuit rejected this argument, holding there was "no error, much less clear error, in the District Court's finding that Garguilo did not intercept the communication 'for the purpose of committing any criminal or tortious act,' so as to render it inadmissible under Title III of the Omnibus Crime Control and Safe Streets Act of 1968."  Tarantino, 617 F. App'x at 65 ("Although Garguilo later used the recording for blackmail, it is

31

far from clear that blackmail was his 'primary motivation' or 'a
determinative factor' at the time he made the recording.").
Accordingly, Petitioner's claim is barred by the mandate rule.
Yick Man Mui, 614 F.3d at 53.  Despite now proffering his testimony
that Garguilo's extortion purportedly began "shortly" after the
Tape was made, all of the alleged corroborating evidence Petitioner
now proffers had previously been before this Court and the Second
Circuit.  As such, re-litigating this issue will not be had, even
through the lens of an ineffective assistance claim, as the factual
predicate was upheld on direct appeal.  Id.

Thus, Petitioner's claim fails.

B. Discovery Motion

Petitioner also moves to expand the record seeking --
what he describes as -- "limited" discovery: (1) regarding Count
One, 18 U.S.C. § 33, to establish that he is legally innocent of
said charge; (2) to establish unwaivable benefactor conflict; and
(3) to establish that Froccaro (a) wrongfully excluded him from
pre-trial juror screening, and (b) failed to request a theory-of-
defense jury instruction as to the murder of Dorval.  Because the
Court denies Petitioner's habeas Petition, finding Petitioner is
not entitled to habeas relief, there is no need for the requested

additional discovery. However, even if that were not the case, the Discovery Motion would be denied for the reasons stated herein.

"A habeas petitioner bears a heavy burden in establishing the right to discovery because, unlike the usual civil litigant in federal court, he is not entitled to discovery as a matter of ordinary course." Batista v. United States, No. 14-CV-0895, 2016 WL 4575784, at *1 (E.D.N.Y. Aug. 31, 2016) (citing Bracy v. Gramley, 520 U.S. 899, 904 (1997)). Thus, a petitioner must show "good cause" to demonstrate he is entitled to discovery. See Bracy, 520 U.S. at 908-09. "However, a court may choose to deny a request for discovery should a petitioner simply be engaging in a 'fishing expedition' without showing specific facts that would support a habeas corpus petition." Batista, 2016 WL 4575784, at *1 (citing Charles v. Artuz, 21 F. Supp. 2d 168, 169 (E.D.N.Y. 1998)).

### 1. Count One Discovery

Petitioner now seeks records of business transactions of Fede's businesses on or about June 23, 1994, to support his theory that Fede could have been referring to other businesses he owned when he testified that "we" provided service to Newark, New Jersey. He has submitted documents he contends supports this theory. However, as previously discussed, Petitioner's theory is based upon pure speculation. (See supra note 5.) Moreover, the proffered documents do not undermine Fede's

trial testimony.   In sum, Petitioner has failed to show "good cause" for additional discovery since he has not presented specific allegations that would give this Court reason to believe Petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.   See Bracy, 520 U.S. at 908-09. Petitioner's request is no more than an impermissible fishing expedition; as discussed supra, there was sufficient evidence demonstrating jurisdiction to support the conviction pursuant to 18 U.S.C. § 33.   Hence, Petitioner is not entitled to expand the record further with respect to Count One.   Accordingly, this discovery request is denied.

### 2. Undisclosed Benefactor Discovery

> As the government pointed out in its opposition to the petitioner's habeas motion, the petitioner was afforded Curcio counsel prior to the start of the first trial and would have been fully aware of his right to conflict-free counsel.   Furthermore, the petitioner further admits that, at his request, Eliza Stahl, Esq.[,] was a member of the defense team prior to the first trial and was fully aware of the purportedly undisclosed benefactor conflict.

(Discovery Opp'n at 3.)   The Court agrees and finds that Petitioner is not entitled to expand the record further as to his undisclosed benefactor claim.   Petitioner's discovery request seeks only to corroborate the arguments already before the Court; as such, Petitioner fails to demonstrate "good cause" warranting granting

his habeas-related discovery request.  Accordingly, this discovery request is also denied.

### 3. Juror Screening Discovery

Petitioner is unable to demonstrate "good cause" to expand the record with respect to his claim that he was wrongfully excluded from the pre-trial juror screening.  The Second Circuit already determined that Petitioner implicitly waived his right to be present at the pre-trial juror screenings.  In any event, Petitioner is unable to demonstrate prejudice.  "[G]iven the overwhelming evidence of the [P]etitioner's guilt, there is no reasonable probability that but for Froccaro's alleged ineffective assistance of counsel on this issue, that the [P]etitioner would not have been convicted at trial." (Discovery Opp'n at 3.)  Thus, the Court agrees with the Government that "any discovery on this issue is without 'good cause'."  (Id.)  Therefore, Petitioner's request for discovery as to this issue is denied, as well.

### 4. Defense Theory Instruction Discovery

Petitioner seeks to expand the record to support a claim that Froccaro was ineffective for failing to "seek a defense theory instruction that jurors had a legal duty to acquit petitioner if they found the evidence only sufficiently proved he was an 'accessory-after-the-fact' of the murder."  (Discovery Motion at 10.)  He argues that the Garguilo Tape supported his actual innocence, i.e., that an inaudible portion of the Tape played at

trial was recently discovered to be exculpatory upon amplification. (Id.) Specifically, Petitioner contends that upon amplification, he can be heard stating the person who killed Dorval, to wit, Pistone. (Id. at 11.) He maintains that Froccaro was ineffective for failing to seek amplification of the purportedly exculpatory portion of the tape and allowed a "mistranscribed" portion to misguide the jury. (Id.) Petitioner now requests discovery to aid in demonstrating that his involvement was limited to corpse-concealment after the murder.

Given the Court's intimate knowledge of this case, it concurs with the Government that "the admissible evidence from the [T]ape was properly disclosed, heavily litigated pre-trial, addressed at two separate trials and litigated on appeal." (Discovery Opp'n at 3.) Moreover, the Court is hard-pressed to find Petitioner's self-serving declaration that his "own words on tape would have proven [his] actual innocence of the murder of Louis Dorval" meets his "good cause" burden warranting habeas-related discovery. To the contrary, upon the record presented, there is no reason to believe that Petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to habeas relief. See Bracy, 520 U.S. at 908-09. Therefore, Petitioner's request for discovery on this basis is denied.

### 5. Court Recusal Discovery

Similarly, Petitioner is unable to demonstrate "good cause" for his discovery request regarding recusal. Petitioner proposes interrogatories to the court and the Government seeking to demonstrate the Court's bias regarding cooperator Mulligan.

The Court has already ruled on Petitioner's pro se Recusal Motion made upon the same basis, having found it to be without without merit. (See Recusal M&O, ECF No. 410.) Specifically, this Court held that "[t]here is nothing erroneous about the Government's indictment of Mulligan, and that this Court presided over [the Petitioner's] criminal trial in which Mulligan testified against [the Petitioner] does not objectively raise any doubt that justice would be done absent recusal." (ECF No. 413, at 5.) In view of this ruling and the absence of any specific allegations that would give the Court reasons to believe further facts would entitle Petitioner to habeas relief, this discovery request is denied.

**\*\*\***

In sum, Petitioner's requests to expand the record are DENIED.

CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Petitioner's Petition (ECF No. 510) is **DENIED** in its entirety;[11]

**IT IS FURTHER ORDERED** that Petitioner's Discovery Motion (ECF No. 518) is **DENIED** in its entirety;

**IT IS FURTHER ORDERED** that, because there can be no debate among reasonable jurists that Petitioner was not entitled to habeas relief, the Court does not issue a Certificate of Appealability. 28 U.S.C. § 2253(c); see also Middleton v. Att'ys Gen., 396 F.3d 207, 209 (2d Cir. 2005); and

**IT IS FURTHER ORDERED** that the Clerk of the Court mark CLOSED the corresponding civil case, Case No. 16-CV-3770.

                              **SO ORDERED**.

                              /s/ JOANNA SEYBERT
                              Joanna Seybert, U.S.D.J.


Dated:     May 5, 2022
           Central Islip, New York

---

[11]  The Clerk of Court is also directed to terminate Petitioner's original Section 2255 Petition (ECF No. 500), First Supplemental Petition (ECF No. 503), and Second Supplemental Petition (ECF No. ECF No. 505).

**Addendum B**

**Issues Proposed to be Raised on Appeal[1]**

1.      Reasonable Jurists Could Disagree on Whether the "Mandate Rule" Bars the Ineffective Assistance of Counsel Claim Based on a Factual Predicate that First Trial Counsel Disobeyed a Direct Order in Contempt of Court Constituting an Obstruction of Justice as a Matter of Law that Deprived Petitioner of his Constitutional Right to be Present to Pre-Screen Jurors and Whether a Hearing Should Have Been Held.

2.      Reasonable Jurists Could Disagree on Whether First Trial Counsel Operated Under an Actual Undisclosed Benefactor Conflict of Interest that Adversely Affected Trial Performance and Whether a Hearing Should Have Been Held.

3.      Reasonable Jurists Could Disagree on Whether Both First Trial Counsel and Re-Trial Counsel were Ineffective for their Failure to Object to Inadmissible Evidence: (1) Post-Mortem Statements Not Made in Furtherance of Alleged Completed Murder Conspiracy and (2) Attorney's Identification Testimony Providing the Last Direct Link to Convict Petitioner, His Client, and Whether a Hearing Should Have Been Held.

4.      Reasonable Jurists Could Disagree on Whether Judge Seybert Failed to Address Specific Ineffective Assistance of Counsel Claims Presented and Whether a Hearing Should Have Been Held. *See Rhode v. United States*, 583 F.3d 1289 (11th Cir. 2009); *see also Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc).

5.      Reasonable Jurists Could Disagree on Whether the "Mandate Rule" Bars the Ineffective Assistance of Counsel Claim Based on a Factual Predicate that Both First Trial Counsel and Re-Trial Counsel Misadvised Petitioner that his Testimony at a Suppression Hearing Could be Used Against Him at Trial and Whether a Hearing Should Have Been Held.

6.      Reasonable Jurists Could Disagree on Whether Re-Trial Counsel was Ineffective for Failing to Move for the Recusal of Judge Seybert For Bias

_____

[1] This action is at the Certificate of Appealability (COA) stage, and the standard of review for granting a COA is the same for each issue.  A prisoner seeking a COA need only demonstrate a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(C)(2). A prisoner is capable of satisfying this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *See Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

1

Demonstrated by Impermissibly Allowing Waiver of Grand Jury Indictment by Government Re-Trial Witness and Whether a Hearing Should Have Been Held.